UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

D-1 OMAR RASHAD POUNCY,

                Defendant.

_____/

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

**OPINION AND ORDER DENYING DEFENDANT'S MOTIONS TO
DISMISS INDICTMENT FOR SPEEDY TRIAL VIOLATIONS
(ECF No. 162)**

Before the court is Defendant Omar Pouncy's ("Pouncy") Renewed

Motion to Dismiss Indictment for Speedy Trial Violations (ECF No.

162). This case was before Judge Shalina D. Kumar, and was

reassigned to the undersigned on February 27, 2025.

Defendant Omar Pouncy ("Pouncy") is charged with various

offenses for orchestrating a scheme to fraudulently secure federal

habeas relief. ECF No. 14. Pouncy moves to dismiss this indictment

under the Speedy Trial Act, 18 U.S.C. §§ 3161-74 (ECF No. 162). The

motion is fully briefed and this court finds that oral argument will not

aid in its decision, pursuant to Local Rule 7.1(f)(2). *See* ECF Nos. 82

1

(Defendant's original Motion), 86 (Government's Response), 93 (Defendant's Reply), 162 (Renewed Motion), 169 (Government's Response).

A note on the briefings: Defendant originally brought this motion through his prior attorney at ECF No. 82, though he later withdrew that motion (ECF No. 130) after it had been fully briefed.  After new counsel was appointed, defense counsel re-filed the motion on January 30, 2025.  Although the original motion was withdrawn, the re-filed motion at ECF No. 162 is identical to the first, and the government's response to ECF No. 162 (ECF No. 169) adopts their original response (ECF No. 86 and exhibit at No. 86-1) in full.  The court accordingly references the original briefings on ECF No. 82 in this opinion and order, though the pending motion is ECF No. 162.

For the reasons below, the court denies the motion.

## I.   FACTUAL BACKGROUND

On May 3, 2023, a grand jury returned an indictment charging Pouncy and two co-defendants[1] with various offenses stemming from a

---

[1] Pouncy's codefendants, Jaakawa McGruder and Rashad Shahid, pleaded guilty on September 26 and October 23, 2024.  Shahid was sentenced on February 11, 2025 to a custodial sentence of 14 months.  *See* ECF No. 177.

scheme to obstruct justice, suborn perjury, and commit perjury.  ECF
No. 14.  The indictment charges Pouncy with seven counts: conspiracy
to obstruct justice, suborn perjury, and commit perjury in violation of 18
U.S.C. § 371 (Count 1); conspiracy to tamper with a witness in violation
of 18 U.S.C. § 1512(k) (Count 2); tampering with a witness in violation
of 18 U.S.C. § 1512(b)(1) (Count 3); paying to bribe a witness in
violation of 18 U.S.C. § 201(b)(3) (Count 4); and subornation of perjury
in violation of 18 U.S.C. § 1622 (Counts 9-11).  *Id.*  In essence, the
government alleges that the three defendants conspired to obstruct
justice and suborn perjury in connection with Pouncy's pending habeas
petition in *Pouncy v. Palmer*, Case No. 13-cv-14695.  In that petition,
Pouncy claimed that he was actually innocent of the carjackings for
which he had been convicted, and McGruder had committed the
carjackings instead.  The government alleges that Pouncy, with Shahid,
paid McGruder $10,000 to obtain McGruder's false testimony that he
(McGruder) committed the carjackings.  *See* ECF No. 14, PageID.120.

This case was assigned to the Honorable Shalina D. Kumar.  A
federal community defender was appointed for Pouncy on May 5, 2023,
and Attorney Craig A. Daly filed an appearance on May 9, 2023.  ECF

Nos. 15, 16.  Pouncy was arraigned before the magistrate judge on June 12, 2023, and entered a not guilty plea.  *See* Minute Entry for June 12, 2023.  Pouncy consented to detention pending trial.  ECF No. 27.

A Criminal Trial Notice and Scheduling Order was issued by the court on June 22, 2023 setting a trial date of August 15, 2023, as well as other key dates.  ECF No. 30.  Less than a week later, defense counsel filed a notice asking the court to compel compliance with the standard order of discovery under Federal Rule of Criminal Procedure 16 "and to produce *Giglio* and *Brady* material" to which Pouncy is entitled.  ECF No. 31.  The brief in support of this request states, "Counsel expects that there is a considerable amount of material that must be disclosed that the government is aware of."  *Id.* at PageID.178.

On July 20, 2023, the government filed a motion to adjourn all trial and pretrial dates by six months and for an order determining that the time between the current trial date of August 15, 2023 and the new trial date qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).  ECF No. 35.  The government asserted that the ends of justice served by granting the adjournment outweighed the best interests of the public and the defendant in a speedy trial.  *Id.*  Shahid

and McGruder concurred with the government's request; Pouncy did not. *Id.* at PageID.194.

In his response to the government's motion, Pouncy opposed the requested adjournment.  ECF No. 36, PageID.199.  Although defense counsel informed Pouncy that consenting to the government's motion would be in Pouncy's best interest, counsel did not concur with the government's request out of respect for Pouncy's opposition.  *Id.* at PageID.199, 212.

On August 7, 2023, the court granted the government's motion and found the time from the current trial date to the new trial date of February 13, 2024 is excludable under the Speedy Trial Act.  ECF No. 37.  The court found that a failure to grant the adjournment would deny counsel for all parties a "reasonable time necessary for effective preparation," and the ends of justice served by granting the adjournment outweigh the public's and Pouncy's interests in a speedy trial.  *Id.*; 18 U.S.C. § 3161(h)(7)(B)(iv).

On January 5, 2024, Pouncy's attorney filed a motion to withdraw as court-appointed counsel, citing a breakdown of the attorney-client relationship.  ECF No. 45.  A hearing on the motion to withdraw was

held on January 24, 2024 and defense counsel and Pouncy agreed that the motion would be withdrawn and a stipulation and order to adjourn all dates by sixty days would be submitted. *See* Minute Entry for January 24, 2024. The parties submitted the stipulated order on February 5, 2024, and the February 13, 2024 trial date was adjourned to April 23, 2024. ECF No. 48. The stipulation states that "[t]he parties further stipulate and jointly move for the court to find that the time period between February 13, 2024, and the new trial date qualifies as excludable delay . . . ." *Id.* at PageID.155.

A status conference was held on April 4, 2024. During the status conference, the government made an oral motion to adjourn dates by at least 120 days and to exclude time under the Speedy Trial Act – to which Pouncy objected – and counsel for Pouncy made an oral motion to withdraw as counsel. *See* Minute Entry for April 4, 2024. The court granted both motions and set a new trial date of October 1, 2024. *See* ECF Nos. 70, 73. At the status conference, Pouncy also made an oral motion to sever, which the court denied. *See* Minute Entry for April 4, 2024; ECF No. 73. The court also ordered the probation department to prepare a pre-plea criminal history calculation. ECF No. 72. Newly

appointed defense counsel, Haralambos Mihas, filed an appearance on April 11, 2024.  ECF No. 74.

With new counsel, Pouncy filed a number of motions.  On May 13, 2024, he filed an emergency motion for entry for order pursuant to 18 U.S.C. § 3142(i)(3), alleging he had been denied meaningful access to his attorney.  ECF No. 78.  On June 1, 2024, Pouncy filed a motion to dismiss the indictment with prejudice for violations of the Speedy Trial Act.  ECF No. 82.  This was the first version of the present motion, now re-filed in identical form at ECF No. 162.  On July 1, 2024, Pouncy filed an emergency motion for transfer from the special housing unit to general population and petition for habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 88.  The court issued orders denying his emergency motion regarding attorney access, *see* ECF No. 95, and dismissing his habeas petition (ECF No. 88) without prejudice.  ECF No. 99.

Less than a week after the court issued its ruling on Pouncy's emergency motion for entry for order pursuant to 18 U.S.C. § 3142(i)(3) (ECF No. 78), Pouncy filed multiple notices, letters, and requests to represent himself and a motion for an evidentiary hearing regarding government interference.  *See* ECF Nos. 96, 98, 100, 105.  On

September 3, 2024, counsel for Pouncy filed a motion to withdraw (ECF No. 104), citing a breakdown in the attorney-client relationship.

The parties appeared for a hearing on the motion to withdraw as counsel on September 19, 2024. *See* Minute Entry for September 19, 2024. The court denied the motion without prejudice and set an in-person status conference for September 24, 2024. ECF Nos. 108, 109. Shortly before the in-person status conference was set to occur, the court received notice from Attorney Mihas that he had tested positive for the COVID-19 virus. The court cancelled the in-person conference and set a telephonic status conference for September 26, 2024, at 3:00 p.m. to discuss the October 1, 2024 trial date and Pouncy's pending motions. ECF No. 110. During the September 26 status conference, defense counsel confirmed that due to his current COVID-19 positive status he would not be able to conduct a trial on October 1. After discussion with the attorneys, and consideration of the § 3161(h) factors, the court ordered the trial be adjourned and the parties were to appear for an in-person status conference on October 8, 2024. ECF No. 116. The court further ordered "that all time between the previous trial date of October 1, 2024, and the date of the status conference, October

8, 2024, is fully excludable under the [Speedy Trial Act]." *Id.* at PageID.649.

The parties appeared before the court on October 8, 2024, and the court set a motion cut-off deadline for November 29, 2024, along with an in-person status conference for December 12, 2024. *See* Minute Entry for October 8, 2024; ECF No. 129. On October 16, 2024, Pouncy filed a notice withdrawing his motion to dismiss the indictment (ECF No. 82) and notice for request for evidentiary hearing and oral argument (ECF No. 102). ECF No. 130. The next day, Attorney Mihas filed a renewed motion to withdraw. ECF No. 131. Pouncy then filed a notice to proceed pro se and a notice for an immediate *Farreta* Hearing. ECF No. 137, 142.

After a December 4, 2024 hearing, the court granted defense counsel's motion to withdraw (ECF No. 131). *See* ECF No. 146. New counsel was appointed for Pouncy, an in-person status conference was scheduled for January 28, 2025, and trial was set for April 1, 2025. *Id.*; *see also* ECF No. 147. On December 13, 2024, Attorney Christopher W. Quinn, II appeared on behalf of Pouncy.

The parties appeared before the court on January 28, 2025 and the court directed defense counsel to refile the previously withdrawn motion to dismiss the indictment with prejudice for violations of the Speedy Trial Act.  Pouncy refiled the motion on January 30, 2025.  ECF No. 162.  Pouncy then added a number of other pretrial motions.  He also filed a motion for a *Lafler* hearing (ECF No. 164).  On February 11, 2025, he filed a motion for an immediate trial date (ECF No. 179), a motion to disqualify the Eastern District of Michigan (ECF No. 180), and a motion to dismiss certain counts for having been brought in the wrong district (ECF No. 182).  On February 13, 2025, the court granted his motion for a *Lafler* hearing and set that hearing for March 25, 2025, and set pretrial dates with a trial date of April 1, 2025.  ECF No. 184. On February 18, the court denied his motion to disqualify the Eastern District of Michigan (ECF No. 188), which Pouncy followed with a second set of motions on February 21, first asking the court to reconsider his motion to disqualify the court (ECF No. 194), and second moving for Judge Kumar to recuse (ECF No. 196).  He also moved for the court to vacate its order setting pretrial dates (ECF No. 195).

Judge Kumar granted Pouncy's motion (ECF No. 196) in part and recused from this case (ECF No. 200), and this case was reassigned to the undersigned on February 27, 2025.

On March 8, 2025, Pouncy brought a motion to dismiss based on prejudicial pre-indictment delay, which remains pending before this court. This court has denied Pouncy's motion for reconsideration as moot (ECF No. 205) and has denied his motion to dismiss based on improper venue (ECF No. 207). This court also denied his motion to vacate the prior order setting pretrial dates (ECF No. 195) as moot (ECF No. 203), because those dates had already passed; the court and counsel will confer on new dates at a status conference now set for April 15, 2025.

## II. ANALYSIS

### A. The six-month continuance granted in ECF No. 37 did not violate Pouncy's right to a speedy trial under the Act

The Speedy Trial Act requires that a defendant be brought to trial within seventy (70) days of the filing of the indictment or the defendant's initial appearance, whichever is later. 18 U.S.C.

§ 3161(c)(1).  This 70-day period is often referred to as the "speedy trial clock."  If a defendant is not brought to trial within 70 days, the indictment "shall be dismissed on motion of the defendant."  18 U.S.C. § 3162(a)(2).

However, the Act "recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner v. United States*, 547 U.S. 489, 497 (2006).  As a result, the Speedy Trial Act excludes certain time-periods from the speedy trial clock.  *See* 18 U.S.C. § 3161(h).  "Much of the Act's flexibility is furnished by § 3161(h)(8), which governs ends-of-justice continuances . . . ."  *Zedner*, 547 U.S. at 498.  "This provision gives the district court discretion—within limits and subject to specific procedures—to accommodate limited delays for case-specific needs."  *Id.*

More than 70 days have passed since Pouncy's arraignment and Pouncy contends that the court has improperly excluded time under the Act.  *See* Minute Entry for June 12, 2023.  Although this case has been pending since June 2023, the grounds asserted in this motion at ECF No. 162 are relatively narrow.  Specifically, although Pouncy argues as a general matter that more than 70 days have passed on his speedy

trial clock, ECF No. 82, PageID.393, his argument in this motion
(again, originally brought in June 2024) is limited only to the court's
August 7, 2023 order granting the government's motion for a six-month
adjournment (ECF No. 37).[2]  Pouncy argues that the court improperly
excluded that time as an ends-of-justice continuance under 18 U.S.C.
§ 3161(h)(8).

When granting an ends-of-justice continuance under the Speedy
Trial Act, a district court must state on the record, either orally or in
writing, its reasons for determining that granting the continuance
outweighs the public's and the defendant's interest in a speedy trial,
based on the factors set forth in 18 U.S.C. § 3161(h)(7)(B).  *See United
States v. Stone*, 461 F. App'x 461, 464 (6th Cir. 2012) (citing 18 U.S.C.
§ 3161(h)(7)(A)).

Those factors are as follows:

> (i) Whether the failure to grant such a
> continuance in the proceeding would be likely to

---

[2] For example, although Pouncy cites cases which themselves raise Sixth
Amendment speedy trial arguments, he appears to cite those cases only to say that
this case should be dismissed "with prejudice" because the delay "has caused [him]
severe prejudice."  *See* ECF No. 82, PageID.396.  He himself does not specifically
raise a Sixth Amendment argument nor state which other specific exclusions were
allegedly not compliant with the Speedy Trial Act; the court therefore limits its
decision to the arguments presented in his motion.

make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b) [18 USCS § 3161(b)] or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

The court's August 7, 2023 order properly granted an ends-of-justice continuance under the Speedy Trial Act. In its order, the court

14

considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B) and focused

its analysis on the most relevant factor: "[w]hether the failure to grant

such a continuance . . . would deny counsel for the defendant or the

attorney for the Government the reasonable time necessary for effective

preparation, taking into account the exercise of due diligence" (the

"effective preparation factor").  *See* ECF No. 37, PageID.230-31 (citing

18 U.S.C. § 3161(h)(7)(B)(iv), (ii)).  The court noted that the requested

"six-month" delay was not "inordinate"; that the case was "complex,

involving multiple defendants, several offenses, and a large amount of

ongoing discovery of cellphone data, recorded prison calls, court filings,

and other evidence," and that both the government and Pouncy's

attorney agreed that the adjournment was necessary to "ensure

adequate discovery, plea discussions, and pretrial and trial

preparation."  *Id.*  The court found that "[e]ven if the parties' attorneys

took good care in completing their remaining steps ahead of trial," there

was "not enough time for them to have adequate discovery, plea

discussions, and pretrial and trial preparation," necessitating the

adjournment.  *Id.*  Based on the relevant § 3161(h)(7)(B) factors, the

court concluded that granting the six-month adjournment outweighed

the public's and Pouncy's speedy trial interests, excluding that time period from the speedy trial clock.  *Id.* at PageID.232.

Pouncy argues that the court abused its discretion in granting this ends-of-justice continuance because the court did not consider the first § 3161(h)(7)(B) factor—whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice (the "miscarriage of justice factor").  However, the court considered all § 3161(h)(7)(B) factors—otherwise, it would not have made its determination that the effective preparation factor was the "relevant" factor here.  ECF No. 37, PageID.230 (citing the 18 U.S.C. § 3161(h)(7)(A) factors).

Although the court did not specifically analyze the miscarriage of justice factor in its order, Pouncy provides no legal authority establishing that a court abuses its discretion by not providing analysis addressing all § 3161(h)(7)(B) factors.  A district court is not required to specifically evaluate every factor listed in § 3161(h)(7)(B), as long as the court's reasoning is sufficient to justify excluding the continuance from the speedy trial clock.  *See, e.g.*, *United States v. Stone*, 461 F. App'x

461, 464 (6th Cir. 2012) (upholding an ends-of-justice continuance where district court "discussed the § 3161(h)(7)(B)(ii) and (iv) factors, which were adequate reasons for its decision to grant the continuance");[3] *United States v. Williams*, 753 F.3d 626, 635 (6th Cir. 2014) ("[Section] 3161 (h)(7)(B)(iv) allows a court to grant a continuance when 'the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.' . . . Because the district court granted the ends-of-justice continuance on this basis, as it indicated in the order, the decision was well within the discretion afforded district courts by statute."); *United States v. Keith*, 61 F.4th 839, 851 (10th Cir. 2023) ("Courts need not address [§ 3161(h)(7)(B)] factors that don't apply."); *United States v. Orozco-Barron*, 72 F.4th 945, 948 (9th Cir. 2023) ("[A] court is not required to address every factor listed in [§ 3161(h)(7)(B)] . . . ."); *United States v. Adams*, 625 F.3d 371, 380 (7th Cir. 2010) ("[T]he statute requires that

---

[3] The case also illustrates how factors may be entirely irrelevant in a given case such that no mention is necessary; § 3161(h)(7)(B)(iii), for example, only applies in certain cases when "arrest precedes indictment." In listing the statutory factors that courts should consider in that case, the *Stone* court does not even list factor (iii). *See Stone*, 461 F. App'x at 464.

the court consider those factors in weighing the competing interests and to put on the record its reasons for finding the continuance warranted, but it does not require that the court recite the statutory factors or make findings as to each of them on the record.").

Pouncy's cited authority does not suggest otherwise. Several of his cited cases involve ends-of-justice continuance orders held to be improper because they did not address any of the § 3161(h)(7)(B) factors. *See United States v. Murta*, 2023 WL 8227535, at *11 (5th Cir. Nov. 28, 2023) ("[The] continuance order reveals that, on its face, it failed to provide reasons that 'can be fairly understood as being those that actually motivated the court at the time it granted the continuance.'"), *opinion withdrawn and superseded on denial of reh'g*, 2024 WL 64764 (5th Cir. Jan. 5, 2024); *United States v. Brown*, 100 F.4th 703, 713 (6th Cir. 2024) ("The factors the district court considered here do not correlate with those the Speedy Trial Act demands that it consider."). Unlike these cases, the court expressly addressed the effective preparation factor.

Pouncy's other cited cases involve proper ends-of-justice continuance orders that address only the most relevant factors, not all

18

of the § 3161(h)(7)(B) factors. *See United States v. Walker*, 68 F.4th 1227, 1238 (9th Cir. 2023); *Orozco-Barron*, 72 F.4th at 955. For example, in *Orozco-Barron*, the Ninth Circuit upheld an ends-of-justice continuance order because the district court addressed the miscarriage of justice factor and non-statutory factors related to the Covid-19 pandemic, which were the "relevant statutory and non-statutory factors." *Id.* at 955. Like that case, the court here addressed only the most relevant § 3161(h)(7)(B) factor sufficient to justify an ends-of-justice continuance. *See id.*; ECF No. 37, PageID.230.

Finally – although not necessary to reject Pouncy's argument here – the court notes that the continuance was not granted only because counsel needed time to prepare (though the court properly considered that, among the required factors). The court explicitly considered another factor beyond § 3161(h)(7)(B)'s non-exhaustive list; Pouncy's co-defendants agreed to a continuance, and at the time the continuance was granted, the case was proceeding with all three defendants on the same schedule (Pouncy's counsel informed Pouncy that he too thought more time was needed, but out of respect for Pouncy's position did not concur in the continuance). *See* ECF No. 37, PageID.232 (citing *Zafiro*

19

*v. United States*, 506 U.S. 534, 537 (1993) ("There is a preference in the federal system for joint trials of defendants who are indicted together. . . . [Joint trials] promote efficiency and serve the interests of justice . . . ." (cleaned up))); ECF No. 36, PageID.199. "[W]hen multiple defendants are charged together, and no severance has been granted, one speedy trial clock governs." *United States v. Sobh*, 571 F.3d 600, 602 (6th Cir. 2009) (citing *United States v. Blackmon*, 874 F.2d 378, 380 (6th Cir. 1989)). "Moreover, the excludable delay of one defendant is also excluded for his codefendants." *Id.* (citations omitted).

Because the court's August 7, 2023 order properly granted an ends-of-justice continuance based on the effective preparation factor and because the court could properly keep Pouncy on the same schedule as his codefendants, Pouncy is not entitled to dismissal of the indictment under the Speedy Trial Act.

**B.    The timing of the government's motion does not entitle Pouncy to dismissal under the Speedy Trial Act**

Pouncy contends that the government's motion to adjourn and exclude time under the Speedy Trial Act (ECF No. 35) was untimely

because it was filed after the motion cut-off in the scheduling order (ECF No. 30) and "and should have been denied on this basis alone." ECF No. 82, PageID.387.  However, Pouncy forfeited this argument because he did not object to the untimeliness of the government's motion in his response to the government's motion.  *See United States v. Sylvester*, 330 F. App'x 545, 549 (6th Cir. 2009) (finding speedy trial argument not raised during previous proceedings was later forfeited); *see generally Am. Income Life Ins. Co. v. MR Fin. Grp., LLC*, 2024 WL 2724161, at *9 (E.D. Mich. May 28, 2024) (discussing waiver of arguments that could have been timely raised in initial briefing but were not); *United States v. Montgomery*, 998 F.3d 693, 698 (6th Cir. 2021) ("Forfeiture . . . is the passive failure to make a timely assertion" of an argument.).  Even if Pouncy had not forfeited this argument, Pouncy's argument that the government's motion to adjourn should have been denied as untimely does not explain how granting an untimely motion would now entitle him to have the indictment dismissed under the Speedy Trial Act.  The court thus denies Pouncy's motion to dismiss based on the timing of the government's motion to adjourn.

### C.    The court was not required to hold a hearing to grant the ends-of-justice continuance

Lastly, Pouncy argues that the court failed to hold a required adversarial hearing on the government's motion to adjourn.  "[T]here is nothing in § 3161(h)(8)(A) specifically requiring a district court to hold a hearing before granting a continuance . . . ."[4] *United States v. Jordan*, 544 F.3d 656, 664-65 (6th Cir. 2008) (citing *United States v. Mitchell*, 723 F.2d 1040, 1044 (1st Cir. 1983), *abrogated on other grounds by Henderson v. United States*, 476 U.S. 321, 325-27 (1986)).  "There may be times, as here, when the reasons for granting the continuance are so clear that no hearing is necessary.  Under such circumstances, the court would be furthering the purposes of the Speedy Trial Act by eliminating the delay."  *Mitchell*, 723 F.2d at 1044 (affirming ends-of-justice continuance because continuance order tracked statute's language and analyzed most relevant factor and because "facts meeting [statutory] requirements were set forth clearly" in the government's motion).  Here, Pouncy's response to the motion did not dispute any of the facts set

---

[4] The Speedy Trial Act was amended in October 2008.  The "ends of justice" exclusion, now set forth in 18 U.S.C. §3161(h)(7)(A), was previously located at 18 U.S.C. §3161(h)(8)(A).  *Troy v. United States*, 946 F. Supp. 2d 172, 174 n.2 (D. Mass. 2012).

22

forth in the government's motion, nor did it raise any issues that would have required development through a hearing. *See* ECF No. 36. As indicated above, given the facts showing the case's complexity and the time the parties needed to effectively prepare for all steps leading to trial, the reasons for granting the ends-of-justice continuance were so clear that no hearing was necessary.

Pouncy relies on *United States v. Jordan*, 544 F.3d 656 (6th Cir. 2008), to say that the Speedy Trial Act mandates an adversarial hearing. But if anything, *Jordan* shows that the indictment need not be dismissed under the Act just because the court did not hold an adversarial hearing. In *Jordan*, the Sixth Circuit found that a district court's ends-of-justice continuance did not violate the Speedy Trial Act, despite "concerns that the continuance was granted *ex parte*." *Id.* at 666. The *Jordan* court stated in dicta that "in order to assure that the district court adequately considers whether the ends-of-justice outweigh the public's and defendant's interests in a speedy trial, the district court should [] generally hold an adversarial hearing in which both sides participate. . . . Of course, when the nonmoving party has notice of the motion and the motion is uncontested, the district court need not hold a

hearing." *Id.* at 665-67 & n.7.  Although the district court in that case granted an ends-of-justice continuance without notice or a hearing, the Sixth Circuit affirmed the continuance because the district court complied with the Act by making on-the-record findings explaining its reasons for granting an ends-of-justice continuance based on the relevant statutory factors.  *Id.* at 666.

As discussed above, the court in this case complied with the Act's procedural requirements by making on-the-record findings explaining its reasons for granting an ends-of-justice continuance based on the effective preparation factor.  Nor did the court grant the continuance in this case ex parte (though as noted above, the Sixth Circuit still found an ex parte continuance effective in *Jordan* when, as here, the district court made on-the-record findings).  *See Jordan*, 544 F.3d at 666.  Here, Pouncy's counsel filed a response which reflected that Pouncy opposed the continuance but that his counsel did not, and only asked that the "court address the relevant factors, making findings and issue an order regarding the government's motion," not that the court outright deny the motion.  ECF No. 36, PageID.212.  Pouncy also did not dispute any facts to justify a different conclusion as to the court's ends-of-justice

continuance based on the effective preparation factor.  Accordingly, Pouncy is not entitled to dismissal of the indictment merely because the court did not hold a hearing on the motion to adjourn.

## III.  Conclusion

For these reasons, the motion to dismiss for speedy trial violations at ECF No. 82, re-filed as ECF No. 162, is **DENIED**.

**SO ORDERED**.

Date: April 1, 2025                     <u>s/F. Kay Behm</u>
                                        F. Kay Behm
                                        United States District Judge