UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

v.

D-1 OMAR RASHAD POUNCY,

        Defendant.
_____/

## ORDER DENYING EMERGENCY MOTION (ECF No. 238)

Before the court is Defendant Omar Pouncy's ("Pouncy") Motion to reverse the court's scheduling order at ECF No. 237. The motion is denied for the reasons explained below.

The court's scheduling order at ECF No. 237 was entered in response to Pouncy's own motion. *See* ECF No. 236. ECF No. 236 was an "emergency" motion filed by Pouncy on May 30, 2025; Pouncy's standby counsel asked for a fourteen-day extension to his deadlines to file reply briefs (which would push the deadline for those briefs past June 12, 2025, the then-date of the hearing scheduled on the relevant motions). Although the court was hesitant to grant that extension, in consideration of standby counsel's representations about being denied

1

contact with Poucy by jail personnel, the court granted the extension. And because the two-week extension requested by Defendant now exceeded the previous date scheduled for hearing on the motions at issue, the court also moved the hearing date on those motions, originally scheduled in ECF No. 224, selecting the first available time that the court, Government counsel, and Poucy's standby counsel were able to find – primarily on the basis of Poucy's standby counsel's availability.

The court has now repeatedly granted Poucy unusual leniency in time to file replies to the government's briefs responding to his motions at ECF Nos. 201 and 208. *See* ECF No. 224 (granting oral motion at hearing for extension of time to file replies); ECF No. 234 (Poucy's motion for a second extension); ECF No. 235 (granting that extension); ECF No. 236 (Poucy's emergency motion for another two weeks); ECF No. 237 (granting that extension and changing the hearing date as a result). Now, he suddenly reverses course: claiming his latest request for a fourteen-day extension was unintentional and violates his speedy trial rights, because he apparently didn't mean for the court to

2

reschedule the hearing (while he continuously asked for the court to grant him extensions to his reply briefing deadlines).

It is disingenuous, to put it lightly, for Pouncy to repeatedly ask for extensions to the deadlines at issue, including asking this court for emergency relief with only one business day for the court to act before the previous deadline expired, and upon the court granting that emergency relief, immediately turn around and ask the court to undo that order – which, it really cannot be emphasized enough – *was entered at Defendant's request.*  If Pouncy's standby counsel really did request a longer period than intended by Defendant, any discrepancy is harmless to his speedy trial interests; the delay will continue to be excluded under the Speedy Trial Act while his motions remain pending.  *See* ECF No. 239, PageID.1595-96.[1]  Pouncy's motion to undo his own extension is thus denied.

---

[1] And as far as the court looks to standby counsel's availability in scheduling dates in this matter, it can do so even over Pouncy's objection.  *See, e.g., State v. Watkins*, 71 Wash. App. 164, 174-75 (1993) ("If the trial court can constitutionally compel the presence of standby counsel over a defendant's objection, then it can legitimately exercise its discretion to grant a continuance until standby counsel is prepared to discharge his or her tasks.  Regardless of whether the pro se defendant is present, this does not constitute an infringement of the right of self-representation.").

Pouncy also moves to "designate" a person (a non-attorney) to "meet with Defendant in-person to obtain the documents from Defendant" and file them with the court. ECF No. 238, PageID.1582.[2] As Defendant is well-aware, the court has explained several times now why it will not grant such requests to appoint, or specifically grant access to, unvetted support staff who are not part of his court-appointed defense team, *e.g.* ECF No. 243, PageID.1621-22 (motion by Pouncy quoting one such order), and sees no reason change course now.[3]

Pouncy's motion is **DENIED** in full. The schedule in ECF No. 237 remains in effect.

**SO ORDERED**.

Date: June 9, 2025

s/F. Kay Behm
F. Kay Behm
United States District Judge

---

[2] The court notes that Pouncy, an allegedly indigent defendant represented by court-appointed counsel throughout this case, alleged that he "will be paying Ms. Cross out of pocket."

[3] His replies are now filed on the docket; his request is also moot. The court further notes that the reply briefs at issue were filed on June 5, 2025 (*see* ECF Nos. 241, 242); his present "emergency" motion to retroactively make the deadline for those briefs June 3, 2025, would render his own briefs untimely.