UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

v.

D-1 OMAR RASHAD POUNCY,

        Defendant.
_____/

**ORDER DENYING MOTION TO REVERSE FACTUAL FINDINGS AND VACATE RELATED ORDERS (ECF No. 243)**

Before the court is Defendant Omar Pouncy's Motion to "Reverse All Adverse Factual Findings Made Without An Evidentiary Hearing and to Vacate Related Opinions and Orders" (ECF No. 243) (filed June 5, 2025), which the court construes as a motion for reconsideration of the court's orders at ECF No. 95 (entered July 19, 2024, when this case was before Judge Kumar) and ECF No. 232 (a sealed order that Pouncy nonetheless quotes in his motion) (entered May 19, 2025).

Under Eastern District of Michigan Local Rule 7.1(h)(2) and LCrR 12.1, a party may file a motion for reconsideration of a non-final order only if: (A) the court made a mistake, correcting the mistake

1

changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision, (2) an intervening change in controlling law warrants a different outcome, or (3) new facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision. E.D. Mich. L.R. 7.1(h)(2). "Motions for reconsideration of non-final orders are disfavored." *Id*.

The motion is denied because it is untimely, *see* E.D. Mich. L.R. 7.1(h)(2) (motions for reconsideration of nonfinal orders "must be filed within 14 days after entry of the order") (this is true as to both orders, but particularly as to ECF No. 95, which was entered in July, 2024), and because it lacks merit. Pouncy does not allege a mistake that would have changed the outcome of those decisions, a change in controlling law, or new facts that could not have been brought to the court's attention prior to entry of those orders (nor, for that matter, does he reference or allege any facts at all that would rebut the Government's arguments and factual allegations in, for example, ECF No. 83). Nor does he cite any relevant authority that the court was required to hold an evidentiary hearing to resolve his motions. Finally,

2

as to Pouncy's argument that the court has somehow "unconstitutionally prejudged" him of the charges brought in the present case by denying his motions to grant access to persons other than his appointed defense team (*see, e.g.*, ECF No. 78, PageID.346 (motion to allow unnamed "paralegals and investigators" to "confidentially reach Defendant via mail, telephone, video conferencing, and in-person visits"), ECF No. 243, PageID.1621-22), the orders speak for themselves; none of the findings Pouncy references purport to opine on or prejudge his ultimate guilt or innocence of any criminal charge. *See* ECF No. 243, PageID.1621-22 (quoting from the court's order).

    **SO ORDERED**.

Date: June 24, 2025                         s/F. Kay Behm
                                             F. Kay Behm
                                             United States District Judge