UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

v.

D-1 OMAR RASHAD POUNCY,

        Defendant.
_____/

**ORDER DENYING MOTION TO APPOINT
COUNSEL TO REPRESENT DEFENDANT IN MANDAMUS
ACTION (ECF No. 256)**

    Before the court is Defendant Omar Pouncy's "Ex Parte" Motion to Appoint Counsel in connection with his petition for a writ of mandamus.

    Although Pouncy has filed numerous motions in this case, necessitating some delay while the court resolves them, Pouncy filed a petition for writ of mandamus with the Sixth Circuit claiming violations of the Speedy Trial Act. *See In re Pouncy*, No. 24-1990, ECF No. 1 (6th Cir. 2024). A panel of the Sixth Circuit recently rejected that petition. ECF No. 251; *In re Pouncy*, No. 24-1990, 2025 U.S. App. LEXIS 15133 (6th Cir. June 18, 2025). They also denied his motion for appointment of counsel in that case. *Id*. at *3. Now Pouncy asks this court, instead,

1

to appoint him counsel in that case for purposes of seeking rehearing en banc and/or certiorari at the Supreme Court.

Briefly: first, although Pouncy says he is statutorily entitled to counsel on his mandamus petition as an "ancillary matter" to this case, the Sixth Circuit has very recently indicated that is not the case. *See In re Hutchison*, No. 24-3458, 2025 U.S. App. LEXIS 14261, at *2 (6th Cir. June 9, 2025) ("To the extent Hutchison is requesting the appointment of counsel in this mandamus proceeding, there is no constitutional right to counsel in a civil case; . . ."). Second, to the extent Pouncy claims that he has found licensed counsel willing to represent him in his litigation at the Sixth Circuit, that is not this court's call. Pouncy moved for appointed counsel with the Sixth Circuit (*In re Pouncy*, ECF No. 4); they denied that motion, and it is not clear why this court would somehow have jurisdiction over that case or be able to override that decision. *See Ward v. Wolfenbarger*, No. 03-CV-72701-DT, 2020 U.S. Dist. LEXIS 174170, 2020 WL 8617551, at *2 (E.D. Mich. Sept. 23, 2020) ("[b]ecause jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice of appeal, petitioner's motion for the appointment of appellate

2

counsel would be more appropriately addressed to the Sixth Circuit");
*see also United States v. ex rel. Guest v. Page*, No. 95C5034, 2004 U.S. Dist. LEXIS 23631, 2004 WL 2260620, at *1 (N.D. Ill. Oct. 4, 2004) (denying petitioner's motion for appointment of appellate counsel "for lack of jurisdiction"); *Grizzell v. State of Tennessee*, 601 F. Supp. 230, 232 (M.D. Tenn. 1984) ("[S]ince jurisdiction of this action was transferred from this Court to the Court of Appeals . . . , the petitioner's application for the appointment of counsel is more appropriately addressed to the latter Court.").

Pouncy's motion for appointment of counsel in his separate mandamus action is therefore **DENIED**.

**SO ORDERED**.

Date: June 27, 2025

s/F. Kay Behm
F. Kay Behm
United States District Judge