UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

v.

D-1 OMAR RASHAD POUNCY,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (ECF No. 264)

Before the court is Defendant Omar Pouncy's ("Pouncy") Motion for Reconsideration (ECF No. 264) of the court's order at ECF No. 259, which itself was an Order Denying his Motion to "Reverse Factual Findings and Vacate Related Orders" (ECF No. 243), which the court construed as a Motion for Reconsideration of its prior orders. Pouncy argues that the court misconstrued his motion in a way that made it harder for him to obtain relief and abused its discretion in denying his "unopposed" motion for reconsideration. *See generally* ECF No. 264.

A motion to reconsider an order denying a motion for reconsideration is not permitted. LR 7.1(h)(4). Pouncy's motion to

1

reconsider (ECF No. 264) the prior order denying his motion for reconsideration (ECF No. 259) is therefore **DENIED**.

But to be very clear, and because Pouncy's voluminous motion practice indicates that the issue may come up again, federal courts can and will sometimes "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category" and "create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381 (2003); *e.g. United States v. Harvey*, No. 23-5068, 2023 U.S. App. LEXIS 17396, at *4 (6th Cir. July 10, 2023). The court acted within its discretion to construe Pouncy's *pro se* motion to "reverse factual findings" and vacate previous orders as a motion for reconsideration of those nonfinal orders.

Second, the fact a motion is "unopposed" does not mean this court must grant it. *See, e.g., United States v. Penuelas-Gutierrez*, 774 F. App'x 493, 498 (10th Cir. 2019) (finding it was not an abuse of discretion to deny an unopposed motion to continue); *United States v. Wiley*, 2024 U.S. App. LEXIS 2439, at *6 (5th Cir. Feb. 2, 2024) ("[A] court is not required to grant every unopposed motion.") (citing

*Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993)); *United States v. Campbell*, No. 1:19-cr-25, 2021 U.S. Dist. LEXIS 93985, at *1 (S.D. Ohio May 18, 2021) (denying government's unopposed motion to seal); *United States v. Bauer*, No. 23-464-WJ, 2024 U.S. Dist. LEXIS 234369, at *7 n.4 (D.N.M. Dec. 30, 2024) (denying defendant's unopposed motion for continuance). And under the local rules, no response is permitted at all to a motion for reconsideration unless the court orders a response, so the lack of response was not surprising on this particular motion (nor did the lack of response show a conscious decision not to oppose it). LR 7.1(h)(3) ("No response to the motion and no oral argument are permitted [on a motion for reconsideration] unless the court orders otherwise.").

    **SO ORDERED**.

Date: July 7, 2025          s/F. Kay Behm
                                           F. Kay Behm
                                           United States District Judge