UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

v.

D-1 OMAR RASHAD POUNCY,

        Defendant.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

Before the court is Defendant Omar Pouncy's Motion for Reconsideration (ECF No. 272) of the order at ECF No. 260, which denied his Motion to Appoint Counsel in connection with his petition for a writ of mandamus regarding alleged speedy trial issues (ECF No. 256).

Under Eastern District of Michigan Local Rule 7.1(h)(2) and LCrR 12.1, a party may file a motion for reconsideration of a non-final order only if: (A) the court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision, (2) an intervening change in controlling law warrants a different outcome, or

1

(3) new facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.  E.D. Mich. L.R. 7.1(h)(2).  "Motions for reconsideration of non-final orders are disfavored."  *Id.*  They "are a matter of practice that rest[] on good sense and the desire to protect both court and parties against the burdens of repeated reargument by indefatigable [litigants]."  18B Wright, Miller, & Cooper, Federal Practice & Procedure: Jurisdiction and Related Matters § 4478 (3d ed.).

Pouncy gives no reason to think the court was mistaken about the law.  He once again cites no cases that establish 1) that courts agree that seeking a writ of mandamus in the Circuit Court of Appeals on speedy trial issues is considered an ancillary matter appropriate to his trial court criminal proceedings, rather than being considered a separate civil matter to which he does not have a right to counsel, or 2) that this court has jurisdiction to appoint him counsel in that proceeding before the Court of Appeals or Supreme Court.  *See In re Pouncy*, Case No. 24-1990, ECF No. 12 (6th Cir. 2025) (Pouncy's motion for appointment of counsel for rehearing en banc).  But set all that to the side – assume that his petition for a writ mandamus is "ancillary" to

this proceeding, that this court has the ability to appoint counsel on his behalf in the Court of Appeals, and (for purposes of the point) that he is agreeing to be represented by counsel when he is currently proceeding pro se.  He would still only be entitled to counsel under 18 U.S.C. § 3006A(c) in those ancillary matters that are "appropriate to the proceedings."  A matter is "appropriate to the proceedings" if representation is "reasonably necessary" to protect a constitutional right, to contribute in some significant way to the defense of the principal criminal charge, to aid in preparation for the trial or disposition of the principal criminal charge, or to enforce the terms of a plea agreement in the principal criminal charge.  7 Guide to Judiciary Policy, Chapter 2 § 210.20.30.

Pouncy has already lost on the merits of his petition.  *See In re Pouncy*, No. 24-1990, 2025 U.S. App. LEXIS 15133, at *2 (6th Cir. June 18, 2025).  So representation in his attempt to seek rehearing or writ of certiorari for this extraordinary remedy is not "reasonably necessary" to protect a constitutional right, significantly contribute to his defense, or aid in disposition of his criminal charges.  His attempt to further appeal his petition for mandamus relief, even if "ancillary," is not "appropriate"

3

to these proceedings, so this court would not grant his motion in any event.

The motion for reconsideration is **DENIED**.

**SO ORDERED.**

Date: July 24, 2025            <u>s/F. Kay Behm</u>
                                            F. Kay Behm
                                            United States District Judge