UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

v.

D-1 OMAR RASHAD POUNCY,

Defendant.
__________________________________/

**ORDER DENYING MOTION TO DISQUALIFY THE COURT (ECF No. 208)**

Before the court is Defendant's Motion to Disqualify the Court (ECF No. 208). This case was before Judge Shalina D. Kumar, and was reassigned to the undersigned on February 27, 2025.

Defendant Omar Pouncy ("Pouncy") is charged with various offenses for orchestrating a scheme to fraudulently secure federal habeas relief in *Pouncy v. Palmer*, Case No. 13-cv-14695. *See* ECF No. 14. His present motion addresses an issue that has been brought up several times so far in this case: whether the undersigned should recuse from this case because another Judge in the Eastern District of Michigan originally referred this case to the FBI for investigation.

After an initial response by the government, the court granted Defendant several unusual extensions to file his reply, and ordered a supplemental response from the government addressing Defendant's alleged intent to call Judge Leitman as a witness in this case, which he raised for the first time at the hearing held on May 7, 2025.[1]

In his reply, Pouncy now adds not only his intent to call Judge Leitman as a witness, but every judge in the U.S. District Court for the Eastern District of Michigan.

Finding Pouncy's arguments meritless, and seeing no independent reason requiring disqualification, the court **DENIES** Defendant's motion.

## I. FACTUAL BACKGROUND

Pouncy is currently serving a state sentence for several convictions stemming from carjackings he committed in 2005. ECF No. 1, PageID.3. While in state prison, Pouncy filed a petition in federal court for a writ of habeas corpus, which was assigned to District Judge Matthew Leitman. *Id.* In one of the petition's claims, Pouncy asserted

[1] After his many motions for extensions of his initial reply (ECF No. 241), and without filing a motion for leave to file a reply, Pouncy filed a brief in reply to the government's supplemental response (ECF No. 261), which was not allowed under the court's order at ECF No. 237, and the court ignores it.

that he was actually innocent of the carjackings for which he was convicted, and that another man—Jaakawa McGruder—had actually committed the carjackings. *Id.*, PageID.4. In May 2018, the federal court held a hearing on Pouncy's claims. *Id.*, PageID.5. Judge Leitman presided at the hearing. Jaakawa McGruder testified that he—not Pouncy—had committed the carjackings. McGruder also claimed that he had not spoken with Pouncy prior to the hearing and claimed he had not received money for his testimony. *Id.*

The Government alleges that an investigation by law enforcement revealed evidence that demonstrates that all three of these statements during McGruder's testimony were false. *Id.*, PageID.5-24. Some of the evidence came from two contraband cellular phones that Pouncy allegedly used while in prison and that law enforcement discovered in June 2018. *Id.*, PageID.8–9. Text messages from the cellular phones allegedly showed that Pouncy arranged to pay McGruder a total of $10,000 for testifying. *Id.* PageID.14–18. Before the hearing, Pouncy also allegedly texted McGruder detailed facts about the crimes which McGruder later testified about. *Id.* PageID.19-20.

Based on this information, the State of Michigan filed a motion to dismiss Pouncy's habeas petition before Judge Leitman. *Pouncy v. Macauley*, 546 F. Supp. 3d 565, 577–78 (E.D. Mich. 2021). Judge Leitman, in turn, referred an investigation to the U.S. Attorney and the FBI. *Id.*; ECF No. 212-3, PageID.1391-92 (Government Exhibits to their response to the present motion). Judge Leitman notified the parties to the habeas case that he made the referral. *Pouncy*, 546 F. Supp. 3d at 578.

In 2023, after additional investigation, the government charged Pouncy and two co-defendants with the perjury scheme. ECF No. 14: Indictment, PageID.108-116. The case was assigned to District Judge Shalina D. Kumar, and Pouncy was arraigned on the indictment on June 12, 2023. ECF No. 26: Acknowledgement of Indictment, PageId.157).

## II. PROCEDURAL HISTORY

Based primarily on Judge Leitman's referral of the investigation to the U.S. Attorney and FBI, in February 2025, Pouncy moved for Judge Kumar to disqualify the Eastern District of Michigan from his case (ECF No. 180). Judge Kumar denied that motion on the basis that

a single district judge does not have the authority to disqualify all judges of the district from presiding over his case. ECF No. 188. Pouncy then filed a motion with the Chief Judge of this district to disqualify all judges in the Eastern District of Michigan. *See United States of America v. Pouncy*, No. 25-mc-50208, ECF No. 1.

Pouncy then filed a motion for reconsideration of the court's order at ECF No. 188 (ECF No. 194), arguing that the proper procedure was for the presiding judge, once having decided to disqualify themselves, to refer the case to the Chief Judge of the governing United States Court of Appeals for disqualification of all the District Court Judges of that district. ECF No. 194, PageID.1246-47.

Pouncy also then brought a separate motion (still in this case) on the same issue, to disqualify the court (the Honorable Shalina D. Kumar) and again for the court to make a referral to the Chief Judge of the Sixth Circuit for assignment outside of this district. ECF No. 196. Before the government responded, Judge Kumar granted that motion in part and recused herself. ECF No. 200. However, Judge Kumar declined to refer the case as Defendant requested because, by that time, the issue of whether the entire Eastern District of Michigan should be

recused was pending before Chief Judge Cox in Case No. 25-mc-50208, as described above. *Id.*

However, on March 27, 2025, Chief Judge Cox denied Pouncy's motion in his miscellaneous case to disqualify the entire bench of this district without prejudice on the grounds that a) he lacked the authority to order the recusal of all the judges of a district court, b) that Judge Kumar had already recused herself and as it pertained to her, the request was moot, and c) Pouncy could re-file the motion if he could produce legal authority for the relief he requested. *United States of America v. Pouncy*, Case No. 25-mc-50208, ECF No. 6. That case was closed on May 12, 2025.

This court then denied Pouncy's motion for reconsideration (ECF No. 194) of Judge Kumar's orders, reasoning that the relief Pouncy sought was mooted by Judge Kumar's recusal. ECF No. 205. However, the court granted Pouncy leave to refile his motion in regard to the undersigned if he chose. This is that motion.

Although the above procedural history is somewhat confused, the essential purpose of Pouncy's motions is the same: in each, he says Judge Leitman's involvement in referring the underlying facts of this

case to the FBI for investigation means that any and all judges of the Eastern District of Michigan should recuse from this case, and that it should be reassigned to a judge in a different district.

## III. ANALYSIS

28 U.S.C. § 455(a) provides in pertinent part that judges should recuse themselves ". . . in any proceeding in which [their] impartiality might reasonably be questioned." *Id.* § 455(b)(1) also provides that a judge should recuse "[w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* The Sixth Circuit has noted that judges must recuse themselves "if a reasonable, objective person, knowing all of the circumstances, would . . . question[] the judge's impartiality." *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 354 (6th Cir. 2007) (citing *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999)).

When there is a close question regarding the objective appearance of bias, judges must recuse themselves. *Id.* (citing *United States v. Dandy,* 998 F.2d 1344, 1349 (6th Cir. 1993)). But "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty

to not sit where disqualified." *Id.* (quoting *Laird v. Tatum*, 409 U.S. 824, 837 (1972)). "[T]he disqualification decision must reflect *not only* the need to secure public confidence through proceedings that appear impartial, but also the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." *United States v. White*, No. 13-20423, 2015 U.S. Dist. LEXIS 1717, at *6 (E.D. Mich. Jan. 8, 2015) (emphasis in original) (quoting *In re Allied-Signal Inc.*, 891 F.2d 967, 970 (1st Cir. 1989)).

Courts have noted that recusal motions are "extremely fact driven." *United States v. Gordon*, 354 F. Supp. 2d 524, 527 (D. Del. 2005) (citing *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir.1995)). Questions of recusal "must be judged on [their] unique facts and circumstances more than by comparison to situations considered in prior jurisprudence." *Id.* (*citing United States v. Jordan,* 49 F.3d 152, 157 (5th Cir. 1995)).

First, "prejudice or bias must be personal or extrajudicial in order to justify recusal[.]" *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). The test "is whether the alleged bias stems from an

extrajudicial source and results in an opinion on the merits of some basis other than what the judge learned from his participation in the case." *Id*. (citing *Wheeler v. Southland Corp*., 875 F.2d 1246, 1251-52 (6th Cir.1989); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) (applying the extrajudicial source doctrine to sections 455(a) and (b) and holding that "opinions formed by [a] judge on the basis of facts introduced or events occurring in the course of . . . prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."). As far as Pouncy argues that this court is biased against him because many of his motions have been denied, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Pouncy's argument reflects only his disagreement with the court's rulings, not grounds for recusal. None of the undersigned's knowledge of this case comes from extrajudicial sources. Pouncy has failed to present any evidence that the undersigned has any extrajudicial knowledge that would constitute bias or partiality within the meaning of the recusal statute. Nor, for that matter, does Pouncy show why Judge Leitman would have any

extrajudicial knowledge of this case (versus simply learning of allegations against him through briefs submitted by the parties and counsel in Pouncy's habeas case). *See also* Case No. 13-cv-14695, ECF No. 541, PageID.15593 (Pouncy's position regarding disqualification of Judge Leitman in his habeas proceeding: "There is no reasonable way a person can say this Court is biased against Petitioner or his habeas case. . . . Any such claim would have been (and is) patently frivolous" as to his habeas matter).

Second, Pouncy's theories of why he needs to call Judge Leitman as a witness (and subpoena the undersigned) are all completely unrelated to proving or disproving the elements of the crimes he is charged with. Defendant "intends to subpoena [the undersigned] (and every other District Court Judge of this Court) to testify that Your Honor has suspected witnesses and/or litigants to have committed (and/or suborned) perjury before during judicial proceedings, but no referral for investigation and prosecution was ever made to the Government." ECF No. 241, PageID.1607. But those facts he seeks to elicit do not make any fact in his criminal case any more or less probable, and are not "of consequence" in determining his guilt or

innocence. Fed. R. Evid. 401. Therefore, there is no indication that the testimony he seeks to elicit would clear even the low bar of relevance to this proceeding.

Third, neither the undersigned nor Judge Leitman is a "party" to the proceeding, whatever Pouncy says. *See* ECF No. 208, PageID.1339. Pouncy's theory of an "all-in-one" district court justifying disqualification does not accord with federal practice or the recusal statute. *See* 28 U.S.C. § 455 (referring to judge, singular).

Fourth, Judge Kumar's decision to recuse does not bind the undersigned. The decision is an individual one. *See* 28 U.S.C. § 455(a). Law of the case only applies to "previously decided" issues. *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006). Judge Kumar explicitly declined to consider the recusal of other judges in this district. ECF No. 200. It is true that "circumstances and relationships must be considered." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 869, 880 (2009). But Pouncy has now clarified the reasons for which he would seek Judge Leitman's testimony (as well as, supposedly, all judges in this district, including the undersigned), and it is clear that testimony has no facial relevance to his criminal case, and the undersigned does

not find that their personal relationships will impact this case. Judges are not required to step aside when a defendant raises a truly meritless claim that he will try to call that judge, or her colleagues, as a witness in the case. *See Jones v. City of Buffalo*, 867 F. Supp. 1155, 1163 (W.D.N.Y. 1994) ("Judges should not be held hostage to this kind of tactic and automatically recuse themselves simply because they or their fellow judges on the court are named defendants in a truly meritless lawsuit").

Finally, having had the opportunity to see Pouncy's changing theories of why disqualification is necessary, the court views Pouncy's seeking disqualification of every judge in this district as "nothing more than a tactic to delay and frustrate the orderly administration of justice." *See Jones*, 867 F. Supp. at 1163; *McCurry v. Thomas*, No. 2:23-CV-00130, 2024 U.S. Dist. LEXIS 139341, at *7 (E.D. Tenn. Aug. 6, 2024). Pouncy's shifting rationales – first clearly asserting that he would not call Judge Leitman in this case (Case No. 13-cv-14695, ECF No. 548, PageID.15662), then flipping to say that he would (ECF No. 241, PageID.1601), and now adding the undersigned and every other judge in this district (ECF No. 241, PageID.1606) – indicate that he will

offer up whatever rationale is most likely to catch the court's attention in an effort to game the system, rather than his argument representing a legitimate objection to the undersigned's impartiality. Even if this case were transferred to some other judge in another district, there is every expectation, based on Pouncy's theory of disqualification and shifting litigating posture, that Pouncy's list of judges who must be disqualified will be increased accordingly to include that judge. If the Eastern District of Michigan is "one court," why would any other district "court" be acceptable to him? If he will, as he says, try to call every judge in this district as a witness to establish how many times each judge has referred a perjury case to the FBI, why would that same argument not apply to the judges in whatever district his case is reassigned to? *See Jones*, 867 F. Supp. at 1163. His arguments are not credible, nor (again) do they show why the testimony he seeks to elicit would have any relevance whatsoever to his criminal trial. Judges must not "abdicate in difficult cases at the mere sound of controversy." *In re United States*, 666 F.2d 690, 695 (1st Cir. 1981). As far as his motion seeks the undersigned's recusal, the motion is denied.

As to the remainder of his motion, the court simply notes that the undersigned lacks the authority to recuse another judge on their behalf. As the Supreme Court has explained, the normal process in federal court is as follows: "when an individual judge is disqualified from a particular case by reason of § 455, the disqualified judge simply steps aside and allows the normal administrative processes of the court to assign the case to another judge not disqualified." *United States v. Will*, 449 U.S. 200, 212 (1980); *McCurry v. Thomas*, No. 2:23-CV-00130-DCLC-JEM, 2024 U.S. Dist. LEXIS 139341, at *7 (E.D. Tenn. Aug. 6, 2024) (explaining why plaintiff's attempt to disqualify the entire bench of the Eastern District of Tennessee had no basis). Because the undersigned declines to recuse, there is no need to determine whether each and every other judge in this district would recuse from this case.

## IV. CONCLUSION

For the reasons stated above, the court **DENIES** Pouncy's motion in full and declines to recuse from this case or refer this case for reassignment.

**SO ORDERED**.

Date: July 24, 2025

s/F. Kay Behm
F. Kay Behm
United States District Judge