UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

v.

D-1 OMAR RASHAD POUNCY,

        Defendant.
_____/

### ORDER DENYING MOTION TO DISMISS (ECF No. 201)

Before the court is Defendant's Motion to Dismiss the Indictment based on Pre-Indictment Delay (ECF No. 201). This case was before Judge Shalina D. Kumar, and was reassigned to the undersigned on February 27, 2025.

Defendant Omar Pouncy ("Pouncy") is charged with various offenses for orchestrating a scheme to fraudulently secure federal habeas relief in *Pouncy v. Palmer*, Case No. 13-cv-14695. *See* ECF No. 14. His present motion argues, essentially, that the Government waited to indict Defendant until after it secured the cooperation of alleged coconspirators, that this decision to delay bringing charges was tactical

1

and not necessary, and that the delay severely prejudiced Pouncy's defense.  *See* ECF No. 201, PageID.1292-96.

The Government's response does not respond to the merits of Pouncy's motion, because they point out that a different hurdle exists before the court should ever reach the merits of Pouncy's motion; Judge Kumar set the dispositive motion deadline for this case as February 11, 2025, but this motion was filed on March 8, 2025, with no explanation for its lateness.

The Federal Rules of Criminal Procedure grant district courts broad discretion to set deadlines for filing pretrial motions.  *United States v. Burrell*, 114 F.4th 537, 547 (6th Cir. 2024) (citing Fed. R. Crim. P. 12(c)).  A pretrial motion "is untimely if filed after a deadline set by the district court pursuant to Rule 12(c)(1)."  *Burrell*, 114 F.4th at 547 (quoting *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017)).  "But a district court may entertain an untimely motion 'if the party shows good cause.'"  *Id.* (quoting *United States v. Gulley*, 780 F. App'x 275, 282 (6th Cir. 2019), *Trujillo-Molina*, 678 F. App'x at 337)).  Good cause is a "flexible standard," but requires at least "some

2

legitimate explanation for the failure to timely file." *Id.* (quoting *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010) (citations omitted)).

Here, Judge Kumar set a dispositive motion deadline of February 11, 2025. On January 28, 2025, Judge Kumar held a status conference in this case at which Defendant and his then-counsel (now standby counsel) Christopher Quinn was present. *See* ECF No. 186 (transcript of status conference). During the conference, Pouncy's attorney stated that he wanted to refile a motion to dismiss that he had previously filed and withdrawn. ECF No. 186, PageID.1174 (referring to the motion at ECF No. 81, withdrawn at ECF No. 130, refiled at ECF No. 162, and denied at ECF No. 209). Judge Kumar explained that she would entertain the motion, but she wanted "finality as to this issue" so she set a "dispositive motion cutoff date of February 11th." ECF No. 186, PageID.1174-75. Later in the hearing, after some discussion about possible trial dates, Judge Kumar again reiterated, "So the dispositive motion cutoff date will be February 11th." *Id.*, PageID.1176. After some additional discussion, Pouncy's counsel indicated that Pouncy wanted to file a motion to disqualify Judge Kumar and the entire Eastern District. *Id.*, PageID.1181. Judge Kumar then told Pouncy's

counsel that he should file that motion by February 11, 2025: "February 11th will be a cutoff for any motion, not just dispositive, but any motion, whether it's a motion to recuse or any other kind of motion, February 11th." *Id.*, PageID.1183.[1] Judge Kumar also explained that motions in limine were not subject to the motion cutoff date. *Id.* Judge Kumar entered a written order memorializing that date on February 13, 2025. ECF No. 184.[2]

---

[1] The written memorialization of that order, with the February 11, 2025 motion deadline, was not entered until February 13. But Defendant cannot credibly argue that the clear and repeated bench order was not binding. *See, e.g., Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 n.7 (11th Cir. 1993) ("Oral orders are just as binding on litigants as written orders"); *United States v. Elcock*, 851 F. App'x 299, 302 (3d Cir. 2021) (citing *id.* for same). Whatever Pouncy wants to say at this late hour, Judge Kumar's order setting the February 11 date was clear and enforceable, he was on notice of the deadline, he was not prejudiced by any delay in entry of the written order, and any argument to the contrary was forfeited when he failed to bring it up in any timely briefing on this issue. *See* ECF Nos. 195, 242.

[2] Pouncy moved to vacate that written order (ECF No. 184), on other grounds – specifically that it set a number of other pretrial dates on the Government's motion without waiting for Pouncy's response. ECF No. 195. But in that motion (195), he did not bring up the issue of the dispositive motion date. Subsequently, Judge Kumar recused and the case was reassigned to the undersigned. This court denied Pouncy's motion to vacate the pretrial dates (ECF No. 195) as moot on March 27, 2025, because the dates in ECF No. 184 had "all passed" when reassignment occurred and this court reviewed the record. ECF No. 203. The court reset many of the pretrial dates at the hearing on July 22, 2025, and will issue a scheduling order accordingly. However, the court sees no reason to reset the dispositive motion date contained in that earlier order; the date passed, was not rendered infeasible by reassignment of the case, and Pouncy had an opportunity to object to that date when it was set by the court at the January 28, 2025 status conference, or in any of his subsequent motions.

A hearing was held on May 7, 2025, on the briefings on the present motion, and was continued on July 22, 2025.  No good cause was given, either by Pouncy or his standby counsel, for the delay in filing this motion three weeks after the February 11 deadline. "[N]othing in this case prevented" Pouncy from either "(1) seeking an extension of the deadline for filing pretrial motions . . ., or (2) explaining the reasons for the delay[.]"  *See Burrell*, 114 F.4th at 548.[3]  Notably, Defendant filed several motions prior to the February 11, 2025, cutoff. *See* ECF No. 162 (renewed motion to dismiss on speedy trial grounds), ECF No. 164 (motion for *Lafler* hearing); ECF No. 174 (motion to resolve all motions ripe for review).  And several more were filed on February 11th itself.  *See* ECF No. 179 (motion demanding immediate trial date), ECF No. 180 (motion to disqualify the court), ECF No. 181 (motion to dismiss certain counts in the indictment based on the Vicinage Clause).  The inclusion of multiple dispositive motions in this batch, as well as the flurry of motions on February 11 in particular, only reinforce that Defendant and defense counsel understood Judge

---

[3] Pouncy filed a second reply brief, ECF No. 262, which the court did not grant him leave to file.  The court ignores that filing as untimely – Pouncy had a clear opportunity to bring all of his arguments in his first reply (ECF No. 242) and was on notice of the deadline to do so.

Kumar's deadline.  It was not unfair to Pouncy to have set a firm date for dispositive motions, particularly where counsel could have moved for an extension for a particular motion if needed.

Pouncy also brings up a new argument in his reply, that his support staff (a paralegal and investigator) were not appointed until the day before the dispositive motion deadline, and that staff was needed to help get his motions out on time.  ECF No. 242, PageID.1610.  To be clear, he only filed motions for appointment of a paralegal and investigator four days before the status conference.  Even granting that Pouncy requested support staff (at the last second) and now claims they were necessary to work on this specific motion, he "could have raised the underlying legal issue" or requested that staff well before January 2025.  *See Trujillo-Molina*, 678 F. App'x at 338.  He also still made sure the majority of his motions were filed on time, and does not explain why this one in particular was late.  He provides no credible reason to think those individuals were actually required for him to bring this particular motion; he was, after all, represented by counsel at the time.  This "is not a situation where counsel was substituted on the eve of the deadline without time to adequately prepare the case" – even setting aside that

6

counsel could have submitted the motion on time, counsel could have asked for an extension, as Pouncy has done at other times. *United States v. Walden*, 625 F.3d 961, 966 (6th Cir. 2010); *see, e.g.*, ECF Nos. 235, 237 (granting extensions). His motion is also, again, brought only on *pre*-indictment grounds – it is not credible to say that a paralegal and investigator were suddenly necessary to investigate that delay nearly two years after the indictment was brought.[4]

Finally, because this motion is brought only on pre-indictment grounds, it could have been brought any time in the prior almost-two years, and Pouncy's late push to get this motion out (a month after the deadline) or request last-minute support staff for that motion does not somehow manufacture "good cause" to explain that long delay. *See* ECF No. 14 (indictment was filed in May 2023).

While in general, the court prefers to hear motions on their merits, the deadline here was clear, Pouncy never objected to the

---

[4] Defendant simply says his counsel "needed certain factual matters investigated and legal matters researched." ECF No. 242, PageID.1610. What matters? What research? At the hearing, Pouncy claimed he needed to figure out when the grand jury convened. But why would that become necessary for the first time in January 2025 for a motion regarding pre-indictment delay? Pouncy does not explain, even given a clear opportunity to bring all relevant information to the table. These conclusory statements, which are not credible, do not make a case for good cause.

7

deadline or asked for it to be excused (until months after the deadline had passed and the issue was raised by the government), and Pouncy and counsel had plenty of time to prepare the motion. Pouncy's reasons do not demonstrate good cause for the delay, and the motion is untimely.

One last note: Pouncy also moved for the court, on the basis of his arguments that the pre-indictment delay was prejudicial and his case should be dismissed, to allow him to 1) examine the grand jury minutes in camera to determine whether information relevant to his motion exists, and 2) conduct an evidentiary hearing related to the prejudicial pre-indictment delay. ECF No. 201, PageID.1287. Because the court will not consider his untimely arguments that the indictment should be dismissed for pre-indictment delay, his reasons to examine the grand jury minutes or conduct an evidentiary hearing on that issue are obviated.

In sum: the court finds that the dispositive motion date in this case passed on February 11, 2025, Pouncy's motion is untimely, that there is no "legitimate explanation for the failure to timely file," *see*

8

*Burrell*, 114 F.4th at 547, and the court therefore **DENIES** the motion in full.

**SO ORDERED**.


Date: July 24, 2025                    s/F. Kay Behm
                                       F. Kay Behm
                                       United States District Judge