UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Case No: 23-20262
   Plaintiff,          Hon. F. Kay Behm
               U.S. District Judge

v.

D-1 OMAR RASHAD POUNCY,

   Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR SUBPOENAS (ECF No. 221)**

Before the court is Defendant Omar Pouncy's ("Pouncy") motion for subpoenas (ECF No. 221). Defendant filed his "ex parte" motion on the public docket, but submitted his subpoenas to the court in hard copy.

Discovery in criminal cases is more limited that the general discovery that is available to litigants in civil cases. *See Degen v. United States*, 517 U.S. 820, 825-826 (1996) (noting that a criminal defendant is entitled to rather limited discovery in comparison to a party in a civil case). Indeed, "there is no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey*, 429 U.S. 545, 559

1

(1977). Rule 16 of the Federal Rules of Criminal Procedure "requires the government to disclose to the defense before trial only specific categories of evidence." *United States v. Presser*, 844 F.2d 1275, 1284 (6th Cir. 1988).

Rule 17(c)(1), on the other hand, authorizes issuance of a subpoena duces tecum, which may command a person both to appear to testify and to bring books, papers, documents, data, or other objects. However, "Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). "It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms." *Id.*

Thus, in order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and

2

that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition." *United States v. Nixon*, 418 U.S. 683, 699-700 (1974). The moving party must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity. *Id.*

Defendant submitted this motion "ex parte," and out of an abundance of caution, the court heard argument on it in an ex parte proceeding on July 22, 2025. Even without the government, however, "[t]he [c]ourt must ensure that Rule 17(c) does not become a means of conducting general discovery, which is not permitted in criminal cases. Regardless of the government's position, the Court is required to examine the subpoena for compliance with the test set forth in *Nixon*. The government's standing to object has no effect on the Court's independent obligations under Rule 17(c)." *U.S. v. Wittig*, 250 F.R.D. 548, 551 (D. Kan. 2008); *United States v. Tomison*, 969 F. Supp. 587, 594 (E.D. Cal. 1997) ("it is the responsibility of the court, not the opposing party, to ensure that a subpoena secured under Rule 17(c) is for a proper purpose.").

3

Pouncy's motion does not clear any of *Nixon*'s hurdles; it is not clear what the relevance of these documents are, who many of the relevant individuals are, why the requested documents are needed at trial, which specific documents are sought, why any would be admissible at all, or any indication that these documents are not available via the use of Rule 16. *See Rogers*, 769 F.3d at 379 (6th Cir. 2014) (affirming denial of motion for subpoenas under 17(b) where defendant only made "broad, nonspecific statements about the witnesses and their usefulness and 'fail[ed] to in any way describe: who the Witnesses are; what their relation is to this case; what 'position' they will support; and what they will testify to.'"); *United States v. Warren*, 782 F. App'x 466, 472 (6th Cir. 2019) (affirming district court's decision to quash subpoenas for failure to satisfy relevancy or specificity); *e.g. United States v. Menendez*, No. (S4) 23-Cr-490 (SHS), 2024 U.S. Dist. LEXIS 97377, at *6 (S.D.N.Y. May 31, 2024) (noting that materials that are likely "in possession of the government [are] available through Rule 16. Accordingly, the request for such materials does not comply with *Nixon's* requirement that the materials must not

4

be otherwise procurable reasonably in advance of trial by the exercise of due diligence.") (collecting cases).

The motion is therefore **DENIED** without prejudice. If Defendant makes another motion for subpoenas under Rule 17(c), he must either make the motion, with his proposed subpoenas attached as an exhibit, on the public docket (i.e. not ex parte), or, if he believes the application should be made ex parte, to explain his reasoning he must file a motion to seal complying with LR 5.3(b). A sample motion is available in this court's practice guidelines. While some courts have noted that "[t]he text of Rule 17(c) does not expressly prohibit ex parte requests for subpoenas, and courts have found them to be permissible[,]" *U.S. v. Kravetz*, 706 F.3d 47, 53 n.4 (1st Cir. 2013), the majority approach is to say that ex parte applications for subpoenas are warranted only in "extraordinary circumstances." *United States v. Fox*, 275 F. Supp. 2d 1006, 1011 (D. Neb. 2003) (citing *United States v. Tomison,* 969 F.Supp. 587, 589–95 (E.D. Ca. 1997) (recognizing that the weight of authority disfavors ex parte applications under Rule 17(c), but interpreting rule to provide for ex parte applications in situations where the defendant seeks to serve a subpoena duces tecum for the pre-trial production of

5

documents on a third party, and cannot make the required showing without revealing trial strategy); 2 Wright & Miller, Fed. Prac. & Proc. Crim. § 275 (4th ed.) ("in limited circumstances, both the government and a defendant may make an ex parte application for a pre-trial subpoena duces tecum").  The court thinks the latter approach the better one; the goal of such a subpoena is not to engage in discovery of potentially relevant evidence – it is to produce admissible evidence for use at trial, which the government is generally entitled to know about. *See* Fed. R. Crim. P. 16(b)(1)(A)(ii).  A motion to seal that fails to comply with LR 5.3 will result in the motion to seal being denied.  If no motion to seal is filed, a document purporting to be an ex parte motion to file subpoenas will simply be unsealed by order of the court; Defendant should therefore take care to file a motion to seal pursuant to this order to preserve the privacy of any information he believes he is entitled to keep under seal.  *See* LR 5.3(b)(3)(C)(iii).

    If he files such a motion, in addition to showing relevance, specificity, and admissibility, Defendant should include a showing that he has in fact sought to procure the evidence he seeks by less invasive

6

means, or explain why no other means of procuring the evidence he seeks are possible (such as the use of Rule 16).

All motions for subpoenas under Rule 17(c) that seek production prior to trial in order to give the moving party ample opportunity to review the material before trial, (in other words, if Defendant chooses to refile this motion, if at all), are **due by September 1, 2025**; a motion for subpoenas requesting pretrial production of documents that is filed after September 1, 2025, shall be considered untimely absent a showing of good cause. Fed. R. Crim. P. 12(c). This deadline shall apply to both Defendant and the government. Either party may apply to the court for an extension of that deadline, but should not assume such a motion will be granted.

**SO ORDERED**.

Date: July 24, 2025          s/F. Kay Behm
                                                     F. Kay Behm
                                                     United States District Judge