UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

v.

D-1 OMAR RASHAD POUNCY,

          Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR ACCESS TO DEFENSE TEAM VIA ZOOM (ECF No. 257)**

Before the court is Defendant Omar Pouncy's ("Pouncy") motion seeking an order requiring Isabella County Jail to use the Zoom platform rather than their current video-chat service (Inmate Sales, or "IS") for him to communicate with his defense team, and to extend their visiting hours to do so (ECF No. 257). For the reasons below, the motion is **DENIED**.

18 U.S.C. § 3142(i)(3) requires that a person held pursuant to a detention order "be afforded reasonable opportunity for private consultation with counsel." While generally challenges under the statute are made in separate civil suits, courts interpret § 3142(i)(3) as

1

providing them with a narrow authority "to protect a defendant's Sixth Amendment right to counsel" in criminal cases. *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995); *see, e.g.*, *United States v. Martinez-Hernandez*, 2015 WL 6133050, at *8-9 (D.P.R. Oct. 15, 2015). Several times so far in this case, the parties have litigated similar motions under this standard. *See, e.g.*, Orders at ECF Nos. 95, 226.

First, Pouncy is currently unrepresented. He has waived the right to counsel, and has no specific right to communicate with standby counsel, who were appointed at the court's discretion. But for the sake of foreclosing further argument on the subject, the court assumes that even if he were represented, the Sixth Amendment right to communicate with counsel has not been unreasonably restricted.

While Pouncy's standby counsel undoubtedly have busy schedules, the jail's "Monday-Friday 8:00 am to 4:00 pm, no weekend attorney visits" is not an unreasonable limitation on the right to counsel in this case, particularly when a telephone, text message, and video chat service are also available and are apparently frequently being used by Pouncy and standby counsel. So the portion of the motion seeking video

2

access "Monday - Sunday between the hours of 8:00 am and 6:00 pm" is denied.  *See* ECF No. 257, PageID.1879.[1]

As to the use of the Zoom platform specifically, Pouncy alleges that he requires use of that specific platform because 1) he needed to be able to communicate with his entire team at once before the July 22, 2025, hearing in this case, 2) Pouncy does not believe the Inmate Sales platform is private and secure in his attorney-client communications, 3) he (apparently) will seek a mental health evaluation by an out-of-state expert, 4) appointed staff cannot collectively join a call with Defendant unless they are all in one location and share a screen, 5) the platform does not allow screen-sharing and therefore review of discovery materials, and 6) the government does not object to his requested relief.

None of these show entitlement to relief.  Take them one at a time. The first reason given was that Pouncy allegedly needed to communicate with his team before the hearing on July 22, 2025.  The hearing on July 22 was scheduled for argument primarily on Pouncy's

---

[1] Standby counsel indicated that the restriction on weekend visits is an unusual limitation on their ability to visit a defendant in a county jail.  Again, the court's job in this criminal case is very limited: to protect reasonable access to Pouncy's access to communication with counsel, which he does not have a right to because he is unrepresented.  Finding he has reasonable access even if he had such a right, the court does address any broader question.

3

motion for this court to recuse (ECF No. 208), and arguments regarding the timeliness of Pouncy's dispositive motion to dismiss on pre-indictment delay (ECF No. 201), both of which were fully briefed long before the hearing, including reply briefs apparently drafted and filed by Pouncy himself.  The court eventually added other motions that Pouncy filed in the meantime for hearing on that date.  Given the substance of the motions and arguments at issue, it is not at all clear why Pouncy needed to consult with anyone other than his standby counsel for that hearing, and existing methods of communicating with counsel were available to him (such as the IS platform, telephone, text message, in-person visits, or speaking with counsel before the hearing). Representations to the court indicate Pouncy is in frequent communication with standby counsel, whatever the limitations of the IS platform.  The second reason is unsupported; Pouncy provides no evidence other than his own belief that the platform may not be confidential, and the court does not credit his bare speculation that his attorney-client communications are not private.  *See* ECF No. 226, PageID.1441 (Pouncy has similarly alleged before that his attorney-client communications were being monitored, but with no supporting

4

evidence).[2] The third reason is also insufficient; why Pouncy could not use a mental health professional in the state of Michigan who could visit him in-person is not addressed in his motion (which would obviate the need for a Zoom consultation).  And Pouncy does not explain why the Inmate Sales platform would prevent Pouncy from having a video call with a mental health professional that standby counsel could set up for him, if that were necessary.

The fourth reason also does not work.  It is not necessarily the case that Pouncy needs to be able to communicate with each and every member of his team at one time; to the extent he and his standby counsel might agree that such a meeting is necessary, standby counsel can always gather in a room (and/or put other members of the team on speakerphone).

Pouncy misunderstands his role in relation to court-appointed support staff.  *See* ECF No. 273, PageID.1948 (likening himself to the quarterback or the coach of standby counsel and support staff).  As the

---

[2] Pouncy's suspicions regarding the government's statement in response that "Pouncy's stand-by attorneys have had video visits with him using the Inmate Sales platform" goes nowhere fast; Pouncy on one hand argues that the jail requires him to use the platform to communicate with counsel and complains about the quality of calls, and on the other complains that the government says he is in fact communicating with counsel using that platform.

5

court has reminded him, although familiar phrasing indicates that he is acting as his own counsel, he is not actually entitled to all the privileges of being an attorney, and the court has appointed standby counsel to lead a court-appointed defense team, for whom Pouncy remains the client (though only in an advisory capacity while Pouncy continues to exercise his right to represent himself). *See United States v. Jones*, 489 F.3d 243, 248-49 (6th Cir. 2007) ("the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury" and, therefore, in pretrial proceedings before a judge, the "right to self-representation is satisfied if the *pro se* defendant is allowed to address the court freely on his own behalf and if disagreements between counsel and the *pro se* defendant are resolved in the defendant's favor whenever the matter is one that would normally be left to the discretion of counsel"). The court has taken steps to ensure Pouncy is able to directly communicate with standby counsel in their advisory role – he does not necessarily need to speak directly to every investigator or paralegal who works under their supervision, so long as he can communicate through standby counsel. *See, e.g.*, *United States v. Youker*, No. 2:14-CR-0152-SMJ-1, 2015 U.S. Dist. LEXIS 151888, at *7 (E.D. Wash. Nov. 6, 2015)

6

(requiring standby counsel to serve as intermediary between Defendant and the investigator). And again, the limitation on simultaneous group communication does not actually prevent Pouncy from communicating with those other staff should standby counsel set up a call with them; nor do the limitations of the IS platform actually prevent Pouncy from communicating through other channels with standby staff. The limitations of the IS platform (call it one-on-one communication) are not unreasonable under the meaning of the Sixth Amendment.

The fifth point is also lacking in support. The need to review discovery material is, granted, important to Defendant's ability to represent himself. However, at the hearing the court asked the parties about the status of discovery in this case. The government represented that all discovery has been turned over, including a pdf of all relevant, discoverable cell phone material, and both Pouncy and standby counsel indicated he has a laptop in his possession that he can use to review all of that discovery. Screen sharing is not necessary to achieve that goal. In any case, even if he was represented and wanted to review discovery with counsel, defendants have had to work through these kinds of communications issues long before specific video-chat services were

7

available; there is no constitutional right to use Zoom under the Sixth Amendment, whatever his reasons. Finally, although Pouncy claimed the government did not object to the relief sought, that was false, and calls into question the credibility of his other representations made in the same motion. *See* ECF No. 266. As was explained to the court at the hearing on July 22, 2025, the government did not generally object to the use of Zoom, but wanted to first check with the jail to see what video platform they use, which is Inmate Sales.

In sum: none of Pouncy's proffered reasons suffice to show an unreasonable limitation on his ability to privately consult with counsel under § 3142(i)(3), and his motion is therefore **DENIED**. While Zoom may be his preferred method of communication, it is not the only reasonable method of communication.[3] If the jail is in fact utilizing Zoom for other inmates, but not offering that option to Pouncy, as Pouncy represented to the court, that is a matter better addressed

---

[3] Although IS apparently experiences technical difficulties at times, Pouncy cannot credibly argue that he is entitled to electronic communication free of all signal interruptions; that is a hazard inherent in virtual communication. To the extent it is bothersome, because Pouncy has plenty of access to standby counsel otherwise, it too seems a complaint better handled by the administrative process or a civil suit.

through administrative proceedings at the jail or in a separate civil case.

**SO ORDERED**.


Date: August 4, 2025 　　　　　　　　s/F. Kay Behm
　　　　　　　　　　　　　　　　　　F. Kay Behm
　　　　　　　　　　　　　　　　　　United States District Judge