UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

v.

D-1 OMAR RASHAD POUNCY,

          Defendant.

_____/

# ORDER CONSTRUING DEFENDANT'S SUPPLEMENTAL BRIEF FILED UNDER SEAL (ECF No. 298) AS A MOTION TO FILE BRIEF UNDER SEAL AND DENYING DEFENDANT'S <u>MOTION TO SEAL WITHOUT PREJUDICE</u>

Before the court is Defendant Omar Pouncy's ("Pouncy") "Ex Parte Explanation" of his motion at ECF No. 297 (ECF No. 298). The court construes this filing as a supplemental brief and construes an implied motion to file and seal that supplemental brief. Local Rule 5.3 outlines the applicable procedures for requesting permission to file materials under seal in civil and criminal cases. *See also* E.D. Mich. LCrR 1.1; E.D. Mich. LR 1.1(c). For further guidance on the legal standards governing filing under seal, see, for example, *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016),

1

*Beauchamp v. Fed. Home Loan Mortgage Corp.*, 658 Fed. App'x 202 (6th Cir. 2016), and *Rudd Equipment Co. v. John Deere Const. & Forestry Co.*, 834 F.3d 589 (6th Cir. 2016).  The supplemental brief does not comply with Rule 5.3 and the effort to seal it is therefore **DENIED WITHOUT PREJUDICE**.  This court has a sample order for filing materials under seal linked in its practice guidelines that parties should feel free to use.

Given this order, Defendant can either refile his brief as an exhibit to a motion to seal that complies with Rule 5.3 and explains why a supplemental brief is necessary (and the court may or may not agree the filing merits sealing, or permit such a supplemental filing at all, *see* LR 7.1(d) (not allowing supplemental briefing absent order of the court)), or he can refile his brief on the public docket with a short motion explaining why permitting his supplemental brief would be necessary (again, *see* LR 7.1(d)).

If, on the other hand, Defendant has a motion on a separate issue that he is attempting to bring with his filing at ECF No. 298 (*see id.* at PageID.2088 (labeling it a "motion")), then he should clarify the independent purpose of that motion, while on notice that the court may

nonetheless recharacterize his filing to "create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *See Castro v. United States*, 540 U.S. 375, 381 (2003).

If no filing is timely made, the court may rule on the motion at ECF No. 297 without waiting for either a motion to file a supplemental brief or a motion to seal such a brief.

**SO ORDERED**.

Date: August 4, 2025

s/F. Kay Behm
F. Kay Behm
United States District Judge

3