UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

v.

D-1 OMAR RASHAD POUNCY,

        Defendant.
_____/

**ORDER RESOLVING DEFENDANT'S MOTIONS TO REINSTATE COUNSEL AND SUBSTITUTE COUNSEL AS WITHDRAWN (ECF Nos. 247, 279)**

Before the court are Defendant Omar Pouncy's ("Pouncy") motion to reinstate counsel (ECF No. 247) and to substitute counsel (ECF No. 279).

At a hearing on July 22, 2025, the court attempted to hear argument on the motion to reinstate counsel. Pouncy, however, clearly stated that he did not want to reinstate his standby counsel as counsel of record after all. After administering the *Faretta* warnings, Pouncy repeatedly emphasized that he wished to represent himself, and intelligently, unequivocally, knowingly, and voluntarily waived his right to counsel, thus essentially rendering that motion moot.

1

At the follow-up hearing held on August 6, 2025, Pouncy again indicated to the court that he wants to proceed pro se with standby counsel or advisory counsel, not to reinstate counsel or proceed while represented by counsel in this matter. Following a complete *Faretta* inquiry and finding that he knowingly, intelligently, and voluntarily waived his right to counsel, Pouncy moved to withdraw both ECF No. 247 and No. 279, and so the court finds those motions withdrawn.

The court notes that Mr. Harrell Milhouse filed an appearance as "standby counsel, pro bono" on behalf of Pouncy the day before this hearing and appeared at the hearing on August 6, 2025. ECF No. 304. Pouncy clarified at the hearing that he does not want Mr. Milhouse to represent him, but only serve in an advisory or standby capacity at this time. The court notes that it has not yet made any rulings as to Mr. Milhouse, nor, upon withdrawing his motions, has Pouncy made any motion in writing to remove or substitute Mr. Quinn or Mr. Bajoka from this case and replace them with Mr. Milhouse. Because there is no constitutional right to standby counsel, "the role of standby counsel falls within the discretion of the district court." *United States v. Lemicy*, 122 F.4th 298, 306 (8th Cir. 2024). Thus, "[i]t necessarily follows that a

defendant does not have a right to standby counsel of his own choosing." *United States v. Webster*, 84 F.3d 1056, 1063 (8th Cir. 1996)); *United States v. Cohen*, 888 F.3d 667, 680 (4th Cir. 2018) ("no right to the appointment of a standby counsel after he chose to proceed pro se, let alone the right to a standby counsel of his choosing"). Standby counsel Mr. Quinn and Mr. Bajoka shall remain appointed in this case until dismissed by order of the court. Pouncy may consult with Mr. Milhouse, but none of the court's existing orders regarding standby counsel shall apply to Mr. Milhouse at this time, including those which defined standby counsel's role in relation to appointed support staff or granted any budget using CJA funds to standby counsel.

    **SO ORDERED**.

Date: August 6, 2025          s/F. Kay Behm
                                            F. Kay Behm
                                            United States District Judge