UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

D-1 OMAR RASHAD POUNCY,

                Defendant.

_____/

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

**ORDER DENYING DEFENDANT'S MOTIONS FOR
APPOINTMENT OF RUNNER AND FOR EXTENSIONS OF TIME
TO FILE BRIEFS (ECF Nos. 311, 313, 319)**

Before the court are Defendant Omar Pouncy's ("Pouncy") motion for an extension of time to file a supplemental brief (ECF No. 313), an extension of time to file replies to a motion (ECF No. 319) and appointment of a runner to file his pleadings (ECF No. 311). For the reasons explained, all are **DENIED**.

Start with the supplemental brief. Pouncy has a pending motion to "turn over cell phones" (ECF No. 268). At the hearing held on August 6, 2025, the court warned him that motion was deficient as-filed, but permitted him an opportunity to file supplemental briefing. On August 13, 2025, Pouncy filed a motion for extension of time for that

1

supplemental brief.  ECF No. 313.  In that motion, he claims that, although he is able to text his filings to standby counsel, he wants to give his briefings to standby counsel in-person, but standby counsel has not visited him in-person.  He also claims he cannot afford pen and paper or postage fees to mail pleadings to the court.  ECF No. 313, PageID.2166.  He claims he needs standby counsel to visit him in person to correctly file materials under seal.  He finally asks for appointment of a runner.  *Id.* at PageID.2167.

His motion for extension of time to file replies (ECF No. 319) largely repeats the argument that no one has visited him in person to obtain documents off his laptop, and then adds a claim that he cannot text his pleadings as he had been doing: he says he has his replies "prepared" on his laptop, but no one has visited him in-person to receive them in person, and "[d]ue to the restrictive budget of only $50 put in place and the length of the reply pleadings--the pleadings cannot be texted to standby counsel as Defendant was able to do before the $50 limit was put in place."  ECF No. 319, PageID.2187.  He then again moves for appointment of a runner.  ECF No. 319, PageID.2188.

Finally, in his separate motion for appointment of a runner, Pouncy again argues that "a mere $50 per week. . . . isn't enough to allow for the transmission of all of the correspondences, pleadings, and other communications sent to standby counsel via text on a weekly basis." ECF No. 311, PageID.2149. He also argues that "the ICJ messaging system is monitored by the Sheriff's Department (and thereby accessible to the Government), [so] Defendant tries to avoid transmitting pleadings that are to be filed ex parte (or under seal) via the ICJ messaging system as this will expose the Government to defense strategy." *Id.* at PageID.2150. Again he alleges that standby counsel has not visited him in person and that such visits are necessary to file his pleadings. And so, according to him, a runner is necessary to meet the filing deadlines in this case.

The court begins from the premise that Pouncy has previously indicated that to file his voluminous pleadings with the court, he has used the texting system available at Isabella County Jail to transmit his typed pleadings to standby counsel, which standby counsel then formats and files on his behalf. This system requires no in-person visits and poses no particular time constraint on Pouncy's ability to timely file

3

documents.  The court thus notes the perplexing issue that Pouncy was apparently able to transmit his motions for extension of time and for a runner to standby counsel for filing, but is somehow unable to communicate his various other filings to standby counsel.  The court, for the sake of foreclosing further argument on the subject, sets that point aside and addresses his points directly.

*Paying for postage and the availability of the United States Postal Service.*  Fundamental to all three of Pouncy's motions, although he almost entirely ignores the problem (and omits the argument entirely in two of them), is that he can, of course, simply print out his various motions or filings and mail them to the court directly if he is, for any reason, unable to send them to standby counsel through their established methods of communication.  Or, if for some reason a printer is unavailable, he could handwrite them and do the same.  On this point, Pouncy argues in conclusory fashion that he "does not have funds to purchase pen or paper . . ., envelopes, or to coverage [sic] copies and postage fees."  ECF No. 313, PageID.2166.  But Pouncy has not shown (and does not even allege) that Isabella County Jail has actually denied him access to pen and paper, or printing services, or envelopes, or

4

postage of legal documents, or whether he has asked for such resources. *See, e.g.*, *United States v. Omran*, No. 1:14-CR-00035-01, 2016 U.S. Dist. LEXIS 184158, at *3 (W.D. La. Dec. 6, 2016) (to obtain relief, defendant must make a showing jail refused to provide him postage and pen and paper for legal documents); *see also* ECF Nos. 98, 100 (handwritten letters from Pouncy to the court). For this reason, Pouncy's arguments regarding the alleged lack of confidentiality in the messaging system and in-person visits are beside the point; he could avoid the alleged problem by mailing his pleadings, and he has not credibly alleged that this method of delivering his filings is in fact unavailable to him.

*Necessity of in-person visits for purposes of filing documents under seal.* Pouncy provides no reason to think an in-person visit by standby counsel is necessary to properly file documents under seal, and the court disregards that argument because it lacks facial plausibility. *See, e.g.*, ECF No. 280 (sealed, typed motion by Mr. Pouncy, filed on his behalf by standby counsel).

*Restrictiveness of text message rates.* Pouncy's assertions regarding the "restrictiveness" of the $50 texting budget are not credible. Pouncy previously informed the court that a 1500-character

text to standby counsel costs 50 cents.  ECF No. 269, PageID.1930.

Standby counsel expressed concern whether they were able to seek

reimbursement for the cost of texting Pouncy at Isabella County Jail.

To leave plenty of room for reasonable communication between

Defendant and standby counsel, and at standby counsel's request, the

court allowed standby counsel to seek reimbursement of up to $50 per

week, per counsel, for the cost of text messaging with Pouncy.  ECF No.

292, PageID.2042.  So assume that 1500 characters (spaces and

punctuation included) comes to about 250 words.  At 50 cents per 1500

characters, $50 per week amounts to about 25,000 words.  $100 (for two

standby counsel) is 50,000 words.  This page holds 1308 characters,

with spaces, meaning that Pouncy would have to file roughly 230 pages

with this amount of text *per week* to use up that allotment, according to

the information he has provided.  That is, of course, in addition to his

existing ability to call standby counsel and speak by phone, and his

ability to mail documents to the court.  Looking to the evidence

available, his filings with this court over the past few weeks do not

come anywhere close to reaching that number, suggesting that he has

not in fact exhausted his existing available remedies on a weekly basis.

Since August 14, he has in fact only filed one briefing: one of the motions for extension of time at issue here.  *See* ECF No. 319 (filed August 22, 2025).  Before that point, he filed three motions between August 7 (after the hearing on August 6) and August 13, two of which were the other motions at issue here – a motion for an extension of time and motion for appointment of a runner.  *See* ECF Nos. 311, 313.  In short: Pouncy's supplemental briefs and replies should have easily fit within standby counsel's budget, and if his communications are so voluminous that they do not fit within that, then he should make ordinary, reasonable decisions about what communication with standby counsel is actually necessary.  Regardless, Pouncy's actual filings suggest he did not exhaust that method of communication prior to filing his motions for extensions of time or for a runner.

*Failure to act diligently and file his documents in the meantime.* The court also points out that, although extensions were sought in these motions and his briefs were allegedly ready to go at the time (*see* ECF No. 319, PageID.2187), no filings that he asked extensions for have since been received, although several weeks have passed since he filed these motions.  Given the dearth of other filings in that time, had he

7

acted diligently, Pouncy should have been able to pass his briefs to standby counsel during that time and get them filed (even if late); he apparently did not.  Were any extensions granted at this hour, the court has little confidence that any timely filings would in fact be received.

*Necessity of a runner*.  Under 18 U.S.C. § 3006A(e), a defendant financially unable to obtain expert or other services may request them in an ex parte application, and the court must authorize those services if the court finds the services are necessary.  However, the defendant bears the burden of proving necessity.  *United States v. Djibo*, 730 F. App'x 52, 57 (2d Cir. 2018) ("A defendant seeking CJA resources has the burden of satisfying the district court that the services are reasonably necessary, and he must articulate a reasonable basis" for the requested services.); *United States v. Gilmore*, 282 F.3d 398, 406 (6th Cir. 2002). Because the court finds that Defendant has not properly attempted to use available methods of transmitting his filings to the court, a runner is not necessary.  Pouncy has also previously moved for appointment of a runner, and the court has now denied his request on multiple occasions.  *See* ECF No. 246, PageID.1633; ECF No. 238.

Pouncy provides no good cause to extend the deadlines for his filings, and the court denies those motions.  Because he failed to explain why existing or alternative methods of transmitting his filings to the court are insufficient, he has not explained the necessity of a legal runner.  His motions are **DENIED**.

**SO ORDERED**.


Date: September 4, 2025                    s/F. Kay Behm
                                           F. Kay Behm
                                           United States District Judge