UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

v.

D-1 OMAR RASHAD POUNCY,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTIONS TO ENFORCE WAIVER AND FOR SANCTIONS (ECF Nos. 294, 295)

Before the court are Defendant Omar Pouncy's ("Pouncy") motions to "enforce waiver" (ECF No. 294) and to impose sanctions against one of the Government's Assistant US Attorneys in this case (ECF No. 295). The motions are **DENIED**.

This case arises from allegations that during the course of a habeas action in which he asserted actual innocence of prior carjacking convictions, Pouncy "devised a scheme to elicit, in conspiracy with others, false statements and false testimony . . . , and to obstruct justice, in order to secure his release from state prison, including by

1

prevailing on his actual innocence claims . . . ." *See* ECF No. 14, PageID.107.

### I. Motion to Enforce Waiver (ECF No. 294)

Pouncy's motion at ECF No. 294 is styled as a "motion to enforce waiver against government for repeatedly failing to comply with scheduling order." Specifically, Pouncy complains that the government has not yet filed a trial witness list in this case. ECF No. 294, PageID.2054. He alleges that the government was required to do so by the date set in the first scheduling order issued in this case, or at various other dates during the case when the scheduling order was changed. *Id.* However, the trial date (and various pretrial dates) have been adjourned a number of times in this case, most often due to Pouncy's own motion practice. Most recently, the court reset the date to exchange witness lists at ECF No. 286. Because the date to exchange witness lists has – quite plainly – not passed, Pouncy's motion is **DENIED**.

### II. Motion to Impose Sanctions (ECF No. 295)

In his motion for sanctions (ECF No. 295), Pouncy accuses one of the government's attorneys of having "lied" to the Court when he stated

that Pouncy neither concurred nor opposed the government's motion to adjourn the trial, and seeks sanctions under Fed. R. Civ. P. 11.  Setting aside that this is a criminal case to which the Rules of Civil Procedure, including Rule 11, are inapplicable (*see United States v. Aleo*, 681 F.3d 290, 308 (6th Cir. 2012) (Sutton, J., concurring)), Pouncy's motion is frivolous.  The statement in question referred to ECF No. 36, a filing made by Pouncy's then-attorney Craig Daly.  In that brief, Daly stated: "Pouncy has asserted his right to a speedy trial under the Speedy Trial Act and declined to consent to the government's motion.  Therefore, he has not concurred in the government's motion for a finding of excludable delay."  ECF No. 36, PageID.207.  However, Daly also used the brief to note that critical timelines had not yet been set in the case, and that discovery was expected to be extensive.  *Id.*  Pouncy had also "requested [that Daly] engage in extensive investigation."  *Id.*  Therefore, "[g]iven Pouncy's position," but plainly contemplating his own need for additional time to prepare an adequate defense, Daly "neither concurred in the government's motion or sought a waiver of the Speedy Trial Act from Pouncy."  *Id.*  While Daly acknowledged that Pouncy himself opposed a continuance, *see id.* at PageID.212, Daly

3

noted that he felt he could not effectively prepare for trial absent a delay. *Id.*

In sum, Pouncy, as represented by counsel, did not concur in the government's motion, but also did not file an opposition to the government's motion for an adjournment. Regardless of whether Pouncy personally opposed that decision, he was represented at the time, counsel viewed the decision as one within his discretion, and counsel did not adopt his position as the defense's position in response to the government's motion. The Government asserted in a later brief that "Pouncy neither concurred nor opposed the motion." ECF No. 86, PageID.449. Since that is an accurate statement of Pouncy's position as represented by counsel, Pouncy's motion for sanctions is **DENIED**.

**SO ORDERED**.

Date: September 4, 2025        s/F. Kay Behm
                               F. Kay Behm
                               United States District Judge