UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1 OMAR RASHAD POUNCY,

        Defendant.
_____/

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

**ORDER DENYING DEFENDANT'S MOTION TO DECLARE STATE SENTENCE UNCONSTITUTIONAL (ECF No. 297)**

Before the court is Defendant Omar Pouncy's ("Pouncy") motion for "Determination That His State Court Sentence is Cruel, Unusual, and Disproportionate as a Matter of State Law" (ECF No. 297).

In 2006, a jury convicted Pouncy of violating several Michigan laws: four counts of carjacking, four counts of armed robbery, two counts of carrying a firearm while committing a felony, and one count of being a felon in possession of a firearm. He was sentenced to a lengthy prison term: 562 months for the carjackings and armed robberies, and 24 months for the felony firearm convictions. In 2013, Pouncy filed a

1

federal habeas action seeking his release. *Pouncy v. Palmer*, No. 21-1811, 2025 U.S. App. LEXIS 11315, at *1 (6th Cir. May 8, 2025).

This case arises from allegations that during the course of that habeas action, in which he asserted actual innocence of the carjacking convictions, Pouncy "devised a scheme to elicit, in conspiracy with others, false statements and false testimony . . . , and to obstruct justice, in order to secure his release from state prison, including by prevailing on his actual innocence claims . . . ." *See* ECF No. 14, PageID.107.

As far as the court can tell, Pouncy's motion seeks a ruling that, in his words, "the *de facto* life sentence that he received as a late adolescent was—as a matter of state law—unconstitutional, *i.e.,* cruel, unusual, and disproportionate." ECF No. 297, PageID.2079. For that proposition, he relies on several recent decisions of the Michigan Supreme Court and Michigan Court of Appeals. He provides no explanation as to how the requested relief is relevant to this case.

As the government points out in response, his motion is most fairly construed as a challenge and collateral attack on the length or validity of his state sentence. ECF No. 314, PageID.2178. The motion

2

is, therefore, not one properly brought in this criminal proceeding, and it is not for this court to opine on the validity of his state court sentence. *See, e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475, 486-492 (1973) (holding that challenges to the legality of a person's confinement are habeas claims, and that prior exhaustion of state remedies is required).

    The motion is **DENIED**.

    **SO ORDERED**.

Date: September 4, 2025        s/F. Kay Behm
                                          F. Kay Behm
                                          United States District Judge