UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

v.

D-1 OMAR RASHAD POUNCY,

        Defendant.

_____/

# ORDER DENYING DEFENDANT'S MOTION TO TURN OVER CELL PHONES (ECF No. 268)

Before the court is Defendant Omar Pouncy's ("Pouncy") motion "to turn over cell phones" (ECF No. 268). For the reasons explained, the motion is **DENIED**.

This case arises from allegations that during the course of a habeas action in which he asserted actual innocence of prior carjacking convictions, Pouncy "devised a scheme to elicit, in conspiracy with others, false statements and false testimony . . . , and to obstruct justice, in order to secure his release from state prison, including by prevailing on his actual innocence claims . . . ." *See* ECF No. 14, PageID.107. Relevant to this motion, in June 2018, the Michigan

1

Department of Corrections allegedly seized two contraband cell phones at the Carson City Correctional Facility where Pouncy was incarcerated. In April 2019, an MDOC certified analyst conducted a forensic extraction of the data on the cell phones. On the phones, investigators allegedly found chats and other evidence showing that Pouncy had used both phones in 2018 as part of the present charged offense conduct. ECF No. 288, PageID.2010.

Pouncy's motion states that "Defendant asks that the Government be required to turn over to Defendant's cellphone expert any and all cellphones in which the Government possess that were allegedly used in connection with the charges Defendant stand indicted for. Defendant's expert needs access to the cellphones to independently download and examine the data contained therein to help establish Defendant's defense." ECF No. 268, PageID.1923.

Rule 16 of the Federal Rules of Criminal Procedure governs discovery and inspection in federal criminal matters. Section (a)(1)(E) of the Rule provides that:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or

places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

    (i)    the item is material to preparing the defense;

    (ii)    the government intends to use the item in its case-in chief at trial; or

    (ii)    the item was obtained from or belongs to the defendant.

To satisfy the "materiality" requirement embodied in part (i), a defendant "must establish 'that the pre-trial disclosure of the disputed evidence would enable [him] significantly to alter the quantum of proof in . . . [his] favor.'" *United States v. Sanders*, 106 F.4th 455, 475 (6th Cir. 2024).

In full, Pouncy's explanation in his motion of the materiality of this evidence reads as follows:

> Defendant's expert needs access to the cellphones to independently download and examine the data contained therein to help establish Defendant's defense. Defendant's expert needs access to the cellphone to take to wireless service providers to prove that the cellphone is a 3G technology based cellphone that is no longer operatable since the 3G technology has been completely disbanned.

ECF No. 268, PageID.1923-24.

In a late-filed reply, Pouncy states, in entirely conclusory allegations, that the Government is withholding *Brady* material, and therefore (as far as the court can tell) his expert must be able to physically examine the cell phone at issue in this case. In his words:

> An evidentiary hearing is necessary to allow Defendant to prove that the Government is lying to this Court, actively engaged in a conspiracy to deprive Defendant of favorable Brady evidence, and attempting to prevent Defendant from mounting a defense to the indictment. Once Defendant proves that the Government is indeed lying to this Court and withhold cellphone data that is favorable, Defendant asks that this case be dismissed or at the very minimum that the entire category of cellphone data evidence be excluded.

ECF No. 299, PageID.2093.

Pouncy has not satisfied his preliminary showing of materiality. Materiality requires "more than conclusory arguments" that the information sought will help the defendant to combat the government's case against him. *United States v. Harney*, 934 F.3d 502, 507-508 (6th Cir. 2019). The government has represented to the court that Pouncy has been provided with the extraction of the cell phone. Why does his expert need physical possession of the cell phone rather than review that extraction to prove his point about 3-G capability? What evidence,

4

specifically, does Pouncy expect to present regarding alleged Brady violations that requires his expert be able to access the cell phone? (What, specifically, does he believe the government withholding?)  At the hearing held on August 6, 2025, the court warned Pouncy that his motion was deficient as-is for failure to show materiality, but in the interest of fairness, gave him an opportunity to file supplemental briefing to explain himself.

He has not done so.  Pouncy did, to be clear, file a motion for an extension of time to file that supplemental brief.  *See* ECF No. 313.  But for the reasons explained in the order at ECF No. 321, the court denied that extension.  He also filed a motion to seal an exhibit in support of his motion (ECF No. 302) (but did not include the underlying exhibit), and when the court denied his motion to seal (ECF No. 306), he never filed the underlying exhibit at all.  The court warned him that it "may act on his motion if it determines that it can rule on the motion without waiting for his exhibit."  ECF No. 306, PageID.2116.  Given the court's on-the-record warning that his original motion was deficient, that no timely supplemental brief was filed curing those deficiencies, and that

5

the court finds it can rule on the motion without waiting for his exhibit, the motion is **DENIED**.

    **SO ORDERED**.


Date: September 5, 2025          <u>s/F. Kay Behm</u>
                                             F. Kay Behm
                                             United States District Judge