UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

v.

D-1 OMAR RASHAD POUNCY,

        Defendant.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO DISMISS (ECF No. 309)**

Before the court is Defendant Omar Pouncy's Motion for Reconsideration (ECF No. 309) (seeking reconsideration of ECF No. 284 (denying Defendant's motion to dismiss at ECF No. 201)).

Under Eastern District of Michigan Local Rule 7.1(h)(2) and LCrR 12.1, a party may file a motion for reconsideration of a non-final order only if: (A) the court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision, (2) an intervening change in controlling law warrants a different outcome, or (3) new facts warrant a different outcome and the new facts could not

1

have been discovered with reasonable diligence before the prior decision. E.D. Mich. L.R. 7.1(h)(2). "Motions for reconsideration of non-final orders are disfavored." *Id.*

Pouncy filed a motion to dismiss based on pre-indictment delay on March 8, 2025. ECF No. 201. The court denied his motion to dismiss on timeliness grounds; per order of the court and notice to the parties, dispositive motions were due on February 11, 2025, but his motion was filed almost a month later. The court found no good cause to entertain his untimely motion. ECF No. 284.

Pouncy seems to be grounding his motion for reconsideration on the argument that the court made a mistake, on the basis that (in his view) 1) the Government affirmatively waived any timeliness defense by agreeing to vacate the scheduling order and such a defense cannot be "resurrected," 2) the court erroneously relied on nonbinding out-of-circuit authority to conclude that an oral statement served as a controlling order, and 3) the court ignored facts or relied on inaccurate facts. All are meritless.

Take them one at a time.

2

*No timeliness defense was waived.* Pouncy's first argument – which the court considered and rejected in the first instance – is that the Government waived any timeliness defense by concurring in a motion to vacate pretrial dates, and that the court erred in considering their arguments on timeliness. As a point of background, this case was originally assigned to Judge Shalina D. Kumar. In addition to setting the dispositive motion deadline at a status conference with the parties on January 28, 2025, Judge Kumar entered a written order setting other pretrial dates on February 13, 2025. ECF No. 184. Pouncy moved to vacate that order. ECF No. 195. When Judge Kumar recused from this case, the Government filed a response disagreeing with Pouncy's reasons but concurring in the relief requested, because the reassignment of this case resulted in necessary delay to several of the pretrial dates. ECF No. 198.

As explained, however, the court never granted Pouncy's motion to vacate pretrial dates; it *denied* his motion as moot, and reset certain dates as needed, but did not, for example, reset the dispositive motion date. ECF No. 203; ECF No. 284, PageID.1992 n.2. When the court denied his motion to vacate those dates as moot, the dispositive motion

3

deadline remained in effect absent further order of the court. Pouncy provides no reason to think the court erred in finding that the dispositive motion date had passed, that Judge Kumar's order regarding that deadline remained in effect, and that the Government could therefore raise that defense; the Government's partial concurrence in Pouncy's motion to vacate pretrial dates did not amount to waiver in light of the court's later ruling on the motion.

*The court did not err in finding that Pouncy forfeited his present argument on the validity of Judge Kumar's order.* Pouncy's next argument is that Judge Kumar's order at a status conference setting the dispositive motion date was invalid, and that the court erred by finding it valid. ECF No. 309, PageID.2126. Critically, however, Pouncy ignores a separate and related finding the court made in its order; Pouncy did not bring this argument in a timely filing, and therefore forfeited it. ECF No. 284, PageID.1992 n.1.

In its order denying the motion to dismiss based on its lateness, the court found that Judge Kumar's oral order at a status conference setting the dispositive motion deadline was valid and enforceable, and that even if that oral order was unenforceable, Pouncy was not

4

prejudiced by the later entry of a written order on February 13 memorializing that date, because he did not file his motion until March in any event. ECF No. 284, PageID.1992 n.1; *see* ECF No. 184. But in any event, in his reply brief filed on June 5, 2025, Pouncy made no mention of either that oral or written order's alleged unenforceability. ECF No. 242. Nor, for that matter, did he bring up that issue in his original motion to vacate the pretrial dates. ECF No. 195. Instead, in an untimely (and not permitted) brief, Pouncy filed a second "reply" at ECF No. 262, where for the first time he raised the argument that the court's order setting a dispositive motion date was invalid. Given the lateness of that brief and the fact that that brief was not permitted by the briefing schedule, the court ignored that filing and found that Pouncy forfeited any such argument by not bringing it in either of his first two opportunities to do so. ECF No. 284, PageID.1992 n.1. Because that finding of forfeiture was not erroneous (and Pouncy does provide any reasons to reconsider that finding or address the point at all), he cannot now use a motion for reconsideration to raise new or forfeited arguments. *Roger Miller Music, Inc. v. Sony/ATV Publ'g.*, 477 F.3d 383, 395 (6th Cir. 2007) (well-settled that parties cannot use a

5

motion for reconsideration to raise new legal arguments that could have been raised in the first instance).

Finally, whatever his new stance, none of Pouncy's cited authorities stand for the proposition that a court cannot set a simple scheduling order at a status conference and then later memorialize that order in written form. Some of his cited authority, for inexplicable reasons, has nothing to do with this issue at all. *See* ECF No. 309, PageID.2127 n.6 (citing *Wilson v. United States*, 588 F.2d 1168, 1172 (6th Cir. 1978) (deciding whether taxpayer-lessors are entitled to a loss deduction under Internal Revenue Code § 165)). At core, Pouncy cannot dispute that his filing on March 8, 2025 did not somehow invalidate Judge Kumar's written order memorializing the February 11 due date (ECF No. 184); given that he was on notice of the due date by her statements at the status conference, at the absolute latest his motion would have been due on February 13, when that order was entered. He still provides no reason to think that the finding that his motion was untimely without good cause was erroneous.

*The court already considered and rejected his arguments regarding the necessity of support staff.* Pouncy finally argues that in ruling on his

6

motion, the court ignored "the fact that Defendant's then-counsel Mr. Quinn, unequivocally (*repeatedly*) informed Judge Kumar that the Defense needed assistance from support staff, *i.e.,* an investigator and paralegal, before certain motions could be filed." ECF No. 309, PageID.2129 (emphasis his).  In his view, that establishes good cause for his motion's lateness.  *Id.*  The court considered and rejected this argument already, *see* ECF No. 284, PageID.1994-95, and Pouncy provides no new facts that were unknown to him at the time for the court's consideration, or reason to think the court made a mistake.  A motion for reconsideration is not an opportunity to merely re-argue the same issues already presented.  *See Shah v. NXP Semiconductors USA, Inc.,* 507 Fed. App'x. 483, 495 (6th Cir. 2012) (reconsideration motions cannot be used as an opportunity to re-argue a case).

    The motion for reconsideration is therefore **DENIED**.

    **SO ORDERED**.

Date: September 9, 2025        s/F. Kay Behm
                                          F. Kay Behm
                                          United States District Judge