UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

v.

D-1 OMAR RASHAD POUNCY,

        Defendant.

_____/

### ORDER DENYING DEFENDANT'S SECOND MOTION FOR DISQUALIFICATION (ECF No. 310)

Before the court is Defendant Omar Pouncy's ("Pouncy") second motion to disqualify the undersigned (ECF No. 310). For the reasons explained, the motion is **DENIED**.

In 2006, a jury convicted Pouncy of committing a string of carjackings. The present case arises from allegations that during the course of a habeas action in which he asserted actual innocence of those carjacking convictions, Pouncy "devised a scheme to elicit, in conspiracy with others, false statements and false testimony . . . , and to obstruct justice, in order to secure his release from state prison, including by

1

prevailing on his actual innocence claims . . . ." *See* ECF No. 14, PageID.107.

Pouncy previously brought a motion to disqualify the undersigned, which the court rejected. *See* ECF No. 283 (order denying the motion). Now he brings a second motion seeking the same relief on slightly different grounds. He grounds his latest motion on three sometimes overlapping arguments: 1) he alleges the undersigned has prejudged him on the merits of this case, 2) he alleges the undersigned has "aligned with the government," and 3) he claims that the undersigned has engaged in improper ex parte communications with the district judge who is presiding (or presided) over his habeas case. All three contentions are without merit.

28 U.S.C. § 455(a) provides in pertinent part that judges should recuse themselves ". . . in any proceeding in which [their] impartiality might reasonably be questioned." Section 455(b)(1) also provides that a judge should recuse "[w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The Sixth Circuit has noted that judges must recuse themselves "if a reasonable, objective person, knowing all

2

of the circumstances, would . . . question[] the judge's impartiality." *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 354 (6th Cir. 2007) (citing *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999)). However, "the disqualification decision must reflect *not only* the need to secure public confidence through proceedings that appear impartial, but also the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." *United States v. White*, No. 13-20423, 2015 U.S. Dist. LEXIS 1717, at *6 (E.D. Mich. Jan. 8, 2015) (emphasis in original) (quoting *In re Allied-Signal Inc.*, 891 F.2d 967, 970 (1st Cir. 1989)). And any "prejudice or bias must be personal or extrajudicial in order to justify recusal[.]" *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("opinions formed by [a] judge on the basis of facts introduced or events occurring in the course of . . . prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.").

## I. Prejudgment

First, Pouncy claims the court unconstitutionally prejudged him of guilt in this matter when it stated, in the introduction of a prior order briefly summarizing this case's background, "In 2005, Pouncy and several others committed a string of carjackings." ECF No. 310, PageID.2138 (quoting the court's order at ECF 258, Pg. ID 1882). According to Pouncy, this "prejudgment is constitutionally offensive and clearly demonstrates bias against Defendant."

Not so. The statement prejudges Pouncy of none of the offenses with which he is charged in this case. It is, rather, a statement referencing that Pouncy was convicted by a jury of committing carjackings beyond a reasonable doubt, and as he is well aware, those convictions have never been overturned or vacated. The court does not err when it notes the simple fact of his prior convictions.[1] Further, when this court writes in reference to Pouncy's state court convictions, it does not do so on a blank slate. The court simply lifted that language

---

[1] Pouncy repeatedly cites to the indictment in this case to argue that it is a matter material to "this case" (referring to the present criminal case) whether he committed the carjackings. But for that proposition he is citing material in the indictment that refers to the habeas proceeding; in other words, the indictment only says that it was material to the *habeas* case whether he committed the carjackings. *See* ECF No. 14, PageID.127.

4

directly from a recent order of the Sixth Circuit to provide background on the present case. *See Pouncy v. Palmer*, No. 21-1811, 2025 WL 1341850, at *1 (6th Cir. May 8, 2025) ("In 2005, Omar Pouncy and several others committed a string of carjackings.").

This court has never expressed an opinion on Mr. Pouncy's ultimate guilt or innocence of the crimes charged in this case, and did not do so in summarizing the fact of Pouncy's prior convictions.

## II. "Alignment" with the government

Second, Pouncy says the court "has assumed an adversarial posture against Defendant and aligned herself with the Government by conclusively ruling that as a matter of fact that it was Defendant who committed the string of carjackings." The court has already explained that point above.

Next, Pouncy accuses the court of prejudging the charges against him when it stated, in several orders, that Pouncy "[h]as a long history of attempting to use unmonitored 'attorney' communications to subvert the judicial process[.]" ECF No. 225, Page.ID 1431 (citing ECF No. 83, Page.ID 399-409); ECF No. 232, Page.ID 1561. Those statements are taken from orders that denied two of Pouncy's motions seeking access to

persons other than his court-appointed defense team, and do not illustrate improper bias. *See* ECF No. 78, PageID.346 (motion to allow unnamed "paralegals and investigators" to "confidentially reach Defendant via mail, telephone, video conferencing, and in-person visits"); ECF Nos. 191, 228 (motions to appoint paralegals and other support staff of defendant's choosing to confidentially communicate with him as part of his court-funded defense team).

Specifically, Mr. Pouncy has, on several occasions, made motions with titles along the lines of "motion for access to counsel" or "access to defense." *See, e.g.*, ECF No. 78 (seeking "the entry of an order removing all impediments to the Defendant's access to counsel and interferences with the Defendant's ability to participate in his defense"); ECF No. 105 (seeking "evidentiary hearing regarding acts of intentional interference of Pouncy's Sixth Amendment right to access counsel and due process right to participate in his defense"). The court also dealt with some related motions on an ex parte basis. *See* ECF No. 225 (order regarding a sealed motion); ECF No. 232 (likewise).

Although so titled, in practice the relief Pouncy sought was often more specific. As part of those motions, Pouncy sought orders requiring

6

that the jail or prison provide confidential, attorney-client privileged access to persons that he identified as paralegals or orders appointing them to his publicly funded defense team.  *See* ECF No. 78, PageID.346 ("Allow[] the defense paralegals and investigators to confidentially reach Defendant via mail, telephone, video conferencing, and in-person visits"); ECF No. 105, PageID.606 ("Government employees are refusing to allow Pouncy to communicate with and/or visit with paralegal and/or legal assistance of his personal choice.").  The most significant adversarial briefing on the issue of purported "paralegals" being granted confidential access to Mr. Pouncy occurred in relation to Pouncy's motion at ECF No. 78, when this case was before Judge Kumar.  *See* ECF No. 83 (Government's response).

The Government opposed the portion of Pouncy's motion at ECF No. 78 that sought an order requiring confidential visits by non-attorney individuals not registered as legal staff on this case.  Most significantly, their briefing raised concerns, supported by documentary evidence in the form of screenshots or pictures, that Pouncy had used a jail email system to contact a purported "paralegal" at an entity named the National Appellate Clinic, and through her contacted a witness in

7

this case to dissuade the witness from testifying. ECF No. 83, PageID.404-05.[2] The Government also presented evidence that Pouncy had tried to prevent correctional officers and law enforcement from monitoring his non-privileged communications by using the PINs for other inmates to make outgoing phone calls. *Id.* at PageID.406. This included evidence that he tried to use another inmate's account to contact another employee of the National Appellate Clinic. *Id.* at PageID.407. The Government also presented evidence that Pouncy used a confidential and unmonitored "attorney-client" telephone call to contact another MDOC prisoner. *Id.* at PageID.408. And they presented evidence that Pouncy tried to arrange a purported "attorney-client" call by providing an attorney's bar number to the prison staff, along with a phone number (which apparently did not belong to the attorney). According to the Government, when prison officials attempted to verify an attorney-client relationship between Pouncy and the attorney and spoke with the attorney, he stated that he was a law clerk for a federal judge and that he did not have any private clients and did not know Omar Pouncy. *Id.* at PageID.408-09.

---

[2] The court has never had clarity on whether any of these individuals he seeks access to are, in fact, paralegals.

Pouncy's reply briefing said little about these allegations; the word "paralegal" never appears and he never even attempted to rebut them. *See generally* ECF No. 85 (only calling them at one point "allegations").

Based on these representations, and presumably finding Pouncy's reply brief insufficient to rebut the Government's evidence, Judge Kumar made the following finding:

> Pouncy has an extensive history of, and is confined for charges related to, abusing resources and scheming with outsiders while in custody to undermine the administration of justice. Of particular concern, Pouncy has repeatedly attempted to engage in unmonitored communication with non-attorneys by using other prisoners' email or phone PINs, or by claiming that calls with non-attorneys were attorney-client calls. ECF No. 83, PageID.406-09. Most notably, Pouncy has used a third person, who purports to work as a paralegal for a legal clinic, to contact an adverse witness in this case. *Id.* at PageID.404-06. Based on this conduct, the jail's policy to limit Pouncy's meetings to verified attorneys is reasonable.

ECF No. 95, PageID.527.

The phrases Pouncy presently complains of in the orders at ECF Nos. 225 and 232 are simply references to this original order entered by Judge Kumar, which cited to the Government's evidence summarized

9

above.³ At least twice more after that original motion, Pouncy again brought motions similarly seeking communication and/or visits with a paralegal of his choice (ECF No. 105) and for appointment of a paralegal of his choice (ECF Nos. 191, 228) (sealed). Having little information about these purported paralegals, the court denied the motions and quoted Judge Kumar's earlier order at ECF No. 95, citing her findings in whole or in part. *See* ECF No. 310, PageID.2140 (noting that the court's orders were citing to ECF No. 83, the government's brief in response to ECF No. 78); ECF Nos. 225 (denying ECF No. 191), 232 (denying ECF No. 228). Contrary to Mr. Pouncy's assertions of what these statements about "undermining the administration of justice" meant (*see* ECF No. 310, PageID.2140 (claiming "Your Honor was

---

³ As far as Pouncy complains that Judge Kumar noted that he is "confined for charges related to[] abusing resources and scheming with outsiders while in custody to undermine the administration of justice," (ECF No. 95, PageID.527), and also argues with the undersigned's rephrasing of that sentence when it said "[t]his case is, after all, about Pouncy's alleged unauthorized contact with individuals from jail in order to suborn perjury in his federal habeas litigation," (*see* ECF No. 225, PageID.1431), his complaint is not well-taken. Neither statement purports to prejudge him of the present charges; both merely note the content of the allegations against him when weighing whether to grant his motions for court orders mandating access to non-attorneys of his choosing. Courts may consider the nature and circumstances of a defendant's present charges in evaluating security risk in pretrial motions. *Cf.* 18 U.S.C. § 3142(g) (when determining whether defendants should be released pretrial, courts are required to consider "the nature and circumstances of the offense charged").

referring to the allegations in the very indictment presently before Your Honor")), these statements were clearly made in relation to the specific relief he sought (access to paralegals of his choice), referred to the specific evidence presented in response to his motion (that he had used purported "paralegals" to, among other things, contact a witness in this case to dissuade them from testifying), quoted the prior order in this case, and do not in any meaningful way refer the criminal charges presently brought.

In summary: the court denied several of Pouncy's pretrial motions seeking confidential access with purported paralegals because it relied, in part, on concerns raised by the government in a prior briefing. This included evidence that Pouncy previously used "attorney-client" communications with a "paralegal" to contact a witness in this case, and that he used purported attorney-client communications to contact other third parties who were not attorneys. *See* ECF No. 83, PageID.405, 408-09. In bringing his motions seeking such access, it was Pouncy's burden to show entitlement to relief. *United States v. Folse*, No. CR 15-2485, 2016 U.S. Dist. LEXIS 96785, at *58 (D.N.M. June 15, 2016) (in a motion made under 18 U.S.C. § 3142(i)(3) seeking access to counsel, the

11

burden of proof is on the moving defendant). He never met that burden in any of his motions on this subject. He never rebutted the Government's evidence other than to say that they are merely "institutional incident reports," without presenting evidence that they are untrue. *See* ECF No. 310, PageID.2140. The court thus carried forward Judge Kumar's earlier findings on an earlier, substantially similar motion. *Cf.* LR 7.1(h) (motions for reconsideration exist for litigants to challenge findings they disagree with in a timely manner, rather than continue to challenge that finding throughout a case). The court's orders do not purport to prejudge Pouncy of the crimes he is charged with – they simply reflect the court's findings in resolving his pretrial motions.[4] *See* Fed. R. Crim. P. 12(d) (the court must resolve every pretrial motion before trial unless there is good cause to defer the ruling and must put its factual findings on the record). That the court made findings on pretrial motions that Mr. Pouncy does not agree with, because he did not provide countervailing evidence, does not establish bias requiring recusal.

---

[4] The court has also previously considered, and rejected, this very same argument by Mr. Pouncy attempting to characterize those statements as improper bias, and rejects it once again. *See* ECF No. 259, PageID.1889.

### III. Alleged ex parte communications

Finally, Pouncy accuses the court of improper ex parte communication with U.S. District Judge Matthew Leitman, who is presiding/presided over Pouncy's habeas case, or else with the government.

Some context would be helpful. When Pouncy first moved to disqualify the undersigned, in his briefing he raised the possibility that he might attempt to call Judge Leitman, a judge in this district, as a witness in this case. ECF No. 208, PageID.1342. This implicated concerns raised by Judge Kumar in her order that explained the reasons for her recusal. *See* ECF No. 200, PageID.1284. In response, the Government noted that Pouncy had, contrary to that implication in his motion, explicitly told Judge Leitman in a public hearing in his habeas case that he would *not* attempt to call him as a witness in this case. *See* ECF No. 212, PageID.1381. Thus the Government's brief to the court pointed out that Pouncy was making seemingly conflicting statements to this court and to Judge Leitman regarding this possibility. A short review of the docket in Case No. 13-cv-14695

13

confirmed that question was one that Judge Leitman addressed with Pouncy. *See* Case No. 13-cv-14695, ECF No. 541 (Pouncy's "Position Regarding Disqualification of the Court Regarding the Habeas Case"); No. 13-cv-14695, ECF No. 548, PageID.15661 (transcript of discussion of Pouncy possibly calling Judge Leitman as a witness in this case, filed April 11, 2025). In informing the court of these statements, the government cited to that transcript filed on the habeas docket on April 11, 2025. *See* ECF No. 212, PageID.1381 (citing the relevant transcript with page pincite). Pouncy objects to the court's review of that transcript. ECF No. 310, PageID.2143-44. Suffice to say, the court's review of that transcript of a public hearing, upon notice by a party in a public filing, does not amount to improper or extrajudicial bias requiring recusal. Judge Behm's chamber's staff obtained the transcript without communication regarding the same between Judges Behm and Leitman and without communication with the Government.

The motion for disqualification is therefore **DENIED.**

    **SO ORDERED**.

Date: September 25, 2025        <u>s/F. Kay Behm</u>
                                            F. Kay Behm
                                            United States District Judge