UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1 OMAR RASHAD POUNCY,

        Defendant.
_____/

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS
(ECF No. 328)**

Before the court is Defendant Omar Pouncy's motion to suppress (ECF No. 328). For the reasons explained, the court finds that it can resolve the motion without oral argument (*see* LR 7.1(f)(2)) and the motion is **DENIED**.

In 2006, a jury convicted Pouncy of committing a string of carjackings. The present case arises from allegations that during the course of a habeas action in which he asserted actual innocence of those carjacking convictions, Pouncy "devised a scheme to elicit, in conspiracy with others, false statements and false testimony . . . , and to obstruct justice, in order to secure his release from state prison, including by

1

prevailing on his actual innocence claims . . . ." *See* ECF No. 14, PageID.107.  As part of their case, the government is expected to rely on the existence and forensic cell phone searches of "two cellular phones [that] were seized in the Carson City Correctional Facility, a Michigan prison where Pouncy was an inmate."  ECF No. 356, PageID.2838.

A defendant moving to suppress the products of a search carries a threshold burden of showing "a legitimate expectation of privacy in the place searched or the thing seized."  *United States v. Rogers*, 97 F.4th 1038, 1044 (6th Cir. 2024) (citation omitted).  With almost no analysis, Pouncy now moves to suppress the phones and any other fruits of the searches of those cell phones that, he says, the government illegally obtained in violation of the Fourth Amendment.  ECF No. 328 (citing *Riley v. California,* 573 U.S. 373 (2014).  The government filed a response (ECF No. 356), and no reply was timely filed.

The Supreme Court held in *Hudson v. Palmer* that "prisoners have no legitimate expectation of privacy and that the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells . . . ."  *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *see also*

2

*United States v. Carson*, 796 F. App'x 238, 249 (6th Cir. 2019) (citing *Hudson* approvingly).

Consistent with that principle, district courts across the country have found that prison inmates do not have a reasonable expectation of privacy in contraband cell phones. *See United States v. Basaldua*, No. CR 19-4-SDD-RLB, 2021 U.S. Dist. LEXIS 236014, at *6 n.36 (M.D. La. Dec. 9, 2021) (collecting cases nationwide and rejecting defendant's argument that *Riley* creates a privacy interest in a prisoner's cell phones); *e.g. United States v. Cofield*, No. 120CR00481SCJRDC1, 2022 WL 18491752, 2022 U.S. Dist. LEXIS 236738 at *8 (N.D. Ga. Sept. 30, 2022) ("Neither Supreme Court nor Eleventh Circuit precedent recognizes an inmate's expectation of privacy in contraband he possesses while detained."); *United States v. Nasir*, No. 24-298-2, 2025 LX 274817, at *9 (E.D. Pa. Apr. 15, 2025) (motion to suppress cell phones and forensic search of said phones denied because "Nasir lacks Fourth Amendment standing to challenge the seizure of data from these contraband phones"). The cell phones at issue were recovered in a Michigan correctional facility. Both phones were contraband because Michigan law prohibits inmates having cellular phones. Mich. Comp.

Laws § 800.283a ("A prisoner shall not possess or use a cellular telephone or other wireless communication device in a correctional facility . . . .").

In any event, Pouncy has not claimed any "ownership interest or personal possessory interest in either phone to demonstrate that he had an actual subjective expectation of privacy." ECF No. 356, PageID.2838-39; ECF No. 343, PageID.2608 (alleging that the cell phone(s) were found in another inmate's possession); *see Rakas v. Illinois*, 439 U.S. 128, 145 (1978) (a defendant who has neither a property nor a possessory interest in the thing to be searched, nor an interest in the property seized, lacks Fourth Amendment standing); *United States v. Rogers*, 97 F.4th 1038, 1041 (6th Cir. 2024) (to establish a legitimate expectation of privacy, a defendant "must have exhibited an actual (subjective) expectation of privacy" and "that expectation must also be one that society is prepared to recognize as reasonable").

Pouncy lacks standing to assert a Fourth Amendment interest in the phones, and the motion to suppress is therefore **DENIED.**

5

**SO ORDERED**.

Date: October 14, 2025                               s/F. Kay Behm
                                                     F. Kay Behm
                                                     United States District Judge