UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 23-20262 |
| Plaintiff, | F. Kay Behm |
| v. | U.S. District Judge |
| D-1 OMAR RASHAD POUNCY, | |
| Defendant, | |
| _____/ | |

**CORRECTED ORDER**

**GRANTING ADJOURNMENT (ECF No. 421)**

Defendant Omar Pouncy has filed numerous pretrial motions in this matter (by the court's count, well over 120 motions in total, and approximately 29 motions pending as of writing), each one requiring the court to spend its time sorting through the issues presented and determining whether he is entitled to any of the relief he seeks. He now has filed a motion to adjourn the current pretrial dates. (ECF 421).

The motion is **GRANTED** and **IT IS ORDERED** that the criminal trial schedule in ECF No. 404 is **ADJOURNED**; the parties are not required to meet the dates set out therein. The court will instead hold a hearing on outstanding motions on **January 8, 2026 at 1:00 P.M**. Each of the numerous pending pretrial motions exclude this

1

period of delay under the Speedy Trial Act.  *See* 18 U.S.C. § 3161(h)(1)(D).

Nonetheless, out of an abundance of caution, it is **FURTHER ORDERED** that, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), the time from the date of this order, November 12, 2025 to the new trial date shall be counted as excludable delay, because the ends of justice are served by excluding the time and because serving those ends outweighs the best interests of the public and the defendant in a speedy trial.  Pursuant to 18 U.S.C. § 3161(h)(7)(B), the court finds that the unusually high volume of pretrial motions justifies an ends-of-justice continuance.  *See, e.g.*, *United States v. Flemming*, 12-cr-20052, ECF No. 406, PageID.3024 (adjourning trial date where pro se defendant filed seventeen pretrial motions), *aff'd* 658 F. App'x 777, 786 (6th Cir. 2016).  Defendant will also need time to prepare for trial in light of the court's rulings on his motions.  *See* ECF No. 421.  Given the number and complexity of the issues raised in the pretrial motions, the time needed for full briefing, and the time needed for the court to take those briefings under advisement in order to rule on the issues presented (18 U.S.C. § 3161(h)(1)(H)), the court finds that Defendant cannot be prepared for trial on December 16 and thus would not have

2

the reasonable time necessary to prepare for trial.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv); *United States v. Craig*, No. 2:18-CR-105, 2019 U.S. Dist. LEXIS 203840, at *5 (E.D. Tenn. Nov. 25, 2019).

The court will issue an updated case management order at another date.

**SO ORDERED.**

Date:  November 17, 2025      <u>s/F. Kay Behm</u>
F. Kay Behm
United States District Judge

3