UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

v.

D-1 OMAR RASHAD POUNCY,

                Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**
**(ECF No. 331)**

Before the court is Defendant Omar Pouncy's Motion to Dismiss (ECF No. 331) (filed September 19, 2025, prior to the pretrial motion deadline). The government responded (ECF No. 363), and Pouncy filed a reply (ECF No. 394). Although titled as a motion to dismiss (which would be untimely), the motion is likely better construed as a motion for discovery sanctions brought under Fed. R. Crim. P. 16(d)(2).

In 2006, a jury convicted Pouncy of violating several Michigan laws: four counts of carjacking, four counts of armed robbery, two counts of carrying a firearm while committing a felony, and one count of being a felon in possession of a firearm. He was sentenced to a lengthy

1

prison term: 562 months for the carjackings and armed robberies, and 24 months for the felony firearm convictions. In 2013, Pouncy filed a federal habeas action seeking his release. *Pouncy v. Palmer*, No. 21-1811, 2025 U.S. App. LEXIS 11315, at *1 (6th Cir. May 8, 2025).

This case arises from allegations that during the course of that habeas action, in which he asserted actual innocence of the carjacking convictions, Pouncy "devised a scheme to elicit, in conspiracy with others, false statements and false testimony . . . , and to obstruct justice, in order to secure his release from state prison, including by prevailing on his actual innocence claims . . . ." *See* ECF No. 14, PageID.107.

Relevant to this motion, in June 2018, the Michigan Department of Corrections allegedly seized two contraband cell phones at the Carson City Correctional Facility where Pouncy was incarcerated. In April 2019, an MDOC certified analyst conducted a forensic extraction of the data on the cell phones. On the phones, investigators allegedly found chats and other evidence showing that Pouncy had used both phones in 2018 as part of the present charged offense conduct. ECF No. 288, PageID.2010.

On July 10, 2025, while proceeding pro se, Pouncy filed a motion to turn over the physical cell phones to a defense expert under Rule of Criminal Procedure 16(a)(1)(E). ECF No. 268. Because Pouncy, after failing to timely file supplemental briefing, was unable to show why this request for physical possession of the cell phones was "material" to preparing his defense, the court denied the motion. ECF No. 326. However, part of what Mr. Pouncy was requesting was a full extraction to reveal what the government did not turn over in their disclosures. He believed (and, perhaps, continues to believe) that the government withheld what he refers to as Brady material in the portions of the cell phone extractions they provided him. For that proposition, Mr. Pouncy now relies on a report authored by Cynthia Fitch with Speckin Forensic Laboratories. ECF No. 331, PageID.2273.

The government has consistently stated that they originally did not turn over what was identified to them as attorney-client privileged material, and so they had not reviewed it. ECF No. 363, PageID.2906. At the hearing on August 6, 2025, the government indicated that, although they opposed his defense expert taking physical possession of the phones at that point, they did not object to providing the full

extractions in their possession and would do so given Defendant's outstanding request. ECF No. 343, PageID.2626-27 (transcript of hearing on August 6, 2025).

In the briefings on this motion, the parties do not agree what happened next. The government says it "provided the defense with full data extractions from [the] two contraband cellular phones" at issue. ECF No. 363, PageID.2903. Specifically, "on August 14, 2025, the government sent the full cell phone extractions to Pouncy's stand-by counsel." ECF No. 363, PageID.2906. Defendant says the government is "falsely telling this Court that the discovery obligations have been fulfilled." ECF No. 331, PageID.2271; ECF No. 331, PageID.2272 ("Despite the representations made, to-date by the Government, the Government has not provided all relevant discovery—and is indeed withholding *Brady*/Giglio/Rule 16 material"). Pouncy now moves for "dismissal with prejudice or exclusion of all jail calls and cellphone evidence." ECF No. 331, PageID.2269. However, in subsequent filings, Pouncy backtracks his assertions made in these briefings, and states that the government has in fact provided the material he claims is missing. *See* ECF No. 434, PageID.3306 (seeking time to review

4

discovery "in light of all of the new discovery materials that the Government have recently turned over to appointed standby counsel and court funded discovery coordinator"); ECF No. 417, PageID.3226 (indicating the government has produced "massive volumes of new digital data").

I. **Standard of Review**

Pouncy appears to bring his motion pursuant to Fed. R. Crim. P. 16 as well as *Brady v. Maryland*, 373 U.S. 83 (1963). However, a *Brady* argument is, by definition, one that there is missing evidence that ought properly to have been put before the jury which, if it had presented at trial, would have been exculpatory and may have changed the outcome. *See Clark v. Louisville-Jefferson Cty. Metro Gov't*, 130 F.4th 571, 578 (6th Cir. 2025); *Weems v. Kent*, 19-CV-1492, 2020 U.S. Dist. LEXIS 30383, at *7 (W.D. La. Jan. 24, 2020) ("Brady claims involve the discovery, after trial of information which had been known to the prosecution but unknown to the defense.") (cleaned up). The Sixth Circuit has held that the only remedy to a Brady violation is a "new trial," and then only if the defendant is convicted and he can meet the materiality prong. *United States v. Presser*, 844 F.2d 1275, 1286 (6th

5

Cir. 1988) (the "remedy is available to a defendant only after a first trial has ended in a conviction"). Exclusion of evidence pretrial is not an appropriate remedy "to sanction noncompliance with the *Brady* doctrine which comes to light before or during trial." *Id.*

In regard to alleged Rule 16 violations, the government construed Pouncy's motion as one brought under Fed. R. Crim. P. 16(d)(2). *See* ECF No. 363, PageID.2910 (citing *United States v. Maples*, 60 F.3d 244, 246 (6th Cir. 1995)). For Rule 16 violations, the Sixth Circuit has directed district courts to impose "the least severe remedy available to cure prejudice." *United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995); *see also United States v. Collins*, 799 F.3d 554, 573 (6th Cir. 2015).

## II. Analysis

First, the court addresses the disagreement about the scope of what has been turned over to Mr. Pouncy. At the hearing held on October 29, 2025, the court heard argument or representations by Pouncy, the government, and standby counsel. The court has since received a number of new briefings by Pouncy. The court is satisfied that the government has provided the full extractions to the defense; an

evidentiary hearing is not necessary to inquire further.  *See* ECF No. 394, PageID.3114 (reply, filed October 28, 2025, requesting evidentiary hearing).  Pouncy himself repeatedly refers to the extractions provided in various other motions and briefings.  In those motions, the only issue is how Mr. Pouncy may access that material, not whether it has been provided to the defense in the first place.  The court will address elsewhere the issue of how Pouncy may access discovery material – as to this particular motion and relief, the court sees no basis to exclude any evidence.

Regarding any alleged deficiencies in what has been provided to him, Mr. Pouncy relies on a report authored by Cynthia Fitch with Speckin Forensic Laboratories to argue that the government is withholding relevant and exculpatory cell phone data.  ECF No. 331, PageID.2273.  However, the report does not say that "Brady evidence" or exculpatory evidence is being withheld.  It says that what was originally disclosed was incomplete, which is not the same thing as stating that exculpatory evidence exists.  ECF No. 331-1, PageID.2286 ("it is not possible to determine . . . whether additional relevant evidence (including potentially exculpatory data) exists but remains

7

unproduced"). Anyway, Fitch's report was written in July 2025 and indicates that the full extraction would obviate many of her concerns by allowing her to review it; the full extraction is now available to Pouncy and by extension, is available to his defense team. In any delay in turning over such material, the court finds that the government did not act intentionally to prejudice the defendant, and Pouncy has suffered no prejudice in the delay. *See Maples*, 60 F.3d at 247.

    As far as any other undisclosed material related to the cell phones – beyond the full extractions now available to him – it is not clear what other material Pouncy is referring to, if any. If his claim relates to the physical phones, the court agrees that "Pouncy has failed to show that the physical phones contain evidence that is favorable to him which has not already been produced or made available. And Pouncy has failed to show that such evidence would be 'material' to the issue of guilt or innocence." ECF No. 363, PageID.2909. The court previously pointed out a number of questions that Pouncy had not satisfactorily answered regarding physical possession of the phones, and he once again answers none of those questions in his briefs. *See* ECF No. 326, PageID.2218-19. The "government has kept open its offer to allow Pouncy to inspect the

phones while they are the government's custody," ECF No. 363, PageID.2909, and Pouncy has not come close to explaining why anything more than that is necessary.

One last item: Pouncy's motion is largely about the cell phones. In a footnote, however, he adds a single unexplained allegation introducing a new subject entirely: "In addition to withholding favorable (indeed exculpatory) cellphone data, the Government is also withholding favorable recordings of jail phone calls." ECF No. 331, PageID.2273. This unadorned allegation is unsupported by any evidence, is unrelated to the rest of the brief, and is insufficient to show that he is entitled to the relief he seeks at this stage.

Because the court finds no bad faith in the government's conduct and no prejudice to Defendant's case in regard to the cell phones and cell phone extractions, neither dismissal of any count nor exclusion of any evidence is appropriate.

The motion is **DENIED**.

**SO ORDERED**.

Date: December 8, 2025         s/F. Kay Behm
                               F. Kay Behm
                               United States District Judge

9