UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

v.

D-1 OMAR RASHAD POUNCY,

           Defendant.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION AND FOR RECUSAL (ECF Nos. 402, 403)

Before the court is Defendant Omar Pouncy's Motion for Reconsideration and Recusal (ECF No. 403) (seeking reconsideration of ECF No. 366 (denying Defendant's motion to suppress at ECF No. 328). Defendant filed what appears to be a substantively identical motion at ECF No. 402, and the court treats them as one and the same.[1]

---

[1] Motions for reconsideration are due within 14 days of the relevant order. LR 7.1(h)(2). Although ECF No. 402 (filed October 31, 2025) was timely filed (*see* Fed. R. Crim. P. 45(c) (adding three days to time period when served by mail)), ECF No. 403 (filed November 3, 2025) was not. Because the court reads these to be substantively the same motion, the lack of timeliness is not truly at issue here. However, Defendant is warned that he may not use "placeholder" motions to give himself more time to develop a brief and file a revised version. *See* LR 7.1(d)(1) ("Unless the Court permits otherwise, each motion and response to a motion must be accompanied by a single brief."); 7.1(g) (process to obtain additional time to file supporting documents). If in the future the court finds there to be new substantive

1

Under Eastern District of Michigan Local Rule 7.1(h)(2) and LCrR 12.1, a party may file a motion for reconsideration of a non-final order only if: (A) the court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision, (B) an intervening change in controlling law warrants a different outcome, or (C) new facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision. E.D. Mich. L.R. 7.1(h)(2). "Motions for reconsideration of non-final orders are disfavored." *Id.*

Pouncy argues that the court made a mistake because it reached its decision on his motion to suppress before he had an opportunity to reply, that he had an absolute due process right to file a reply, that the reply would have changed the outcome, and (separately) that this court must recuse for prejudging the issue. ECF No. 402, PageID.3135-37.

Pouncy is correct that the court acted before he filed a reply. The response to the motion to suppress was filed on October 3, 2025 (ECF

---

arguments advanced in an untimely brief, it may ignore them on the basis that they are untimely, even if they relate to a timely-filed brief or in any way purport to supersede the timely brief.

No. 356), which made his reply due October 17, 2025. The order was entered on October 14, and mistakenly stated that no reply had been timely filed. The court gives due weight to his arguments made in his motion for reconsideration. However, none of his remaining points are sufficient to reconsider the order or come to a different conclusion, the court concludes that it correctly ruled that the briefings as presented developed the issues sufficiently, and recusal is not warranted.

*First*, Pouncy is not correct that he had a due process right to file a reply brief, particularly where the issues were adequately presented in the original briefs. *Williams v. Massey*, No. 24-12435, 2025 LX 76877, 2025 WL 1263124, at *10 (E.D. Mich. May 1, 2025) ("To the extent Plaintiff argues that Judge Morris violated a right to file a reply brief conferred by Eastern District of Michigan Local Rule 7.1 . . . the Court disagrees.") (citing *Convertino v. U.S. Dep't of Just.*, No. 07-CV-13842, 2008 U.S. Dist. LEXIS 107800, 2008 WL 4998369, at *2 (E.D. Mich. Nov. 21, 2008) ("[T]he court is not required to wait for, or consider, a reply brief if the issues are sufficiently clear after considering a motion and response.")); *United States v. Reyes*, No. 1:93-cr-16, 2010 U.S. Dist. LEXIS 31871, at *28-29 (W.D. Mich. Apr. 1, 2010) (no due process right

3

to file a reply brief and court may rule where the motion patently lacks merit); *see also Scott v. Dona Ana Cty. Comm'rs*, No. CIV 09-0797 JB/GBW, 2012 U.S. Dist. LEXIS 47273, at *48-50 n.17 (D.N.M. Mar. 28, 2012) ("While it might be good judicial practice to wait for a reply before ruling, a court need not await a reply brief before reaching a decision."); *Pawnee Petroleum Prods., LLC v. Crawford*, No. 01-1314-WEB, 2003 U.S. Dist. LEXIS 12164, at *6 n.1 (D. Kan. Apr. 18, 2003) ("While the time for filing the reply has not yet expired, the court believes the issues raised in the motion and response have been adequately briefed and the court need not wait for a reply prior to issuing its ruling.").

*Second*, Pouncy makes no arguments that would change the court's conclusion. The law regarding a prisoner's expectation of privacy in contraband cell phones is clear; there is no expectation of privacy and the Fourth Amendment does not apply. *See* ECF No. 366, PageID.2927-29. Pouncy contends that the court erred by ignoring the portion of the Michigan statute that states a prisoner may not possess a cellular phone "except as authorized by the department of corrections." Mich. Comp. Laws § 800.283a(2). But Pouncy does not actually state

4

that he (or another prisoner) in fact had authorization to possess the cell phones, so the point is irrelevant because there is no factual basis indicating that portion applies here. Nor does Pouncy argue that he had an ownership or possessory interest in the cell phones, an independent deficiency to asserting a Fourth Amendment violation that was pointed out in the government's response and the court's order. *See* ECF No. 366, PageID.2929. The court also notes that Pouncy did not attach a copy of the reply brief that he would have timely filed, nor was one filed separately given plenty of time to do so. Given the opportunity in these motions for reconsideration, Pouncy did not show that the court made a mistake, nor that a reply brief would have affected the result.

Pouncy has identified no reason to reconsider the relevant order and no reason to recuse. The motions for reconsideration and for the court's recusal (ECF Nos. 402, 403) are therefore **DENIED**.

**SO ORDERED**.

Date: December 8, 2025          s/F. Kay Behm
                                F. Kay Behm
                                United States District Judge

5