UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

v.

D-1 OMAR RASHAD POUNCY,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO "VOID AND EXCLUDE ANY REFERENCE AND RELIANCE UPON THE STATE COURT JUDGMENT" (ECF No. 329)**

Before the court is Defendant Omar Pouncy's ("Pouncy") motion to "Void and Exclude Any Reference and Reliance Upon the State Court Judgment" (ECF No. 329). The government responded (ECF No. 346), and no timely reply was filed. Pouncy did file an untimely and improper reply brief several days after it was due (ECF No. 372).[1]

In 2006, a jury convicted Pouncy of violating several Michigan laws: four counts of carjacking, four counts of armed robbery, two

---

[1] In addition to being untimely, the brief is 15 pages long, which exceeds LR 7.1(d)(3)'s seven page limit for replies. In the future, the court will not review overly lengthy briefs that do not comply with the page limit established in LR 7.1 and will not issue a warning before declining to review said brief.

1

counts of carrying a firearm while committing a felony, and one count of being a felon in possession of a firearm. He was sentenced to a lengthy prison term: 562 months for the carjackings and armed robberies, and 24 months for the felony firearm convictions. In 2013, Pouncy filed a federal habeas action seeking his release. *Pouncy v. Palmer*, No. 21-1811, 2025 U.S. App. LEXIS 11315, at *1 (6th Cir. May 8, 2025).

This case arises from allegations that during the course of that habeas action, in which he asserted actual innocence of the carjacking convictions, Pouncy "devised a scheme to elicit, in conspiracy with others, false statements and false testimony . . . , and to obstruct justice, in order to secure his release from state prison, including by prevailing on his actual innocence claims . . . ." *See* ECF No. 14, PageID.107.

Pouncy now moves to "void and exclude any reference and reliance" on his state court convictions.[2] ECF No. 329. The precise relief sought in Pouncy's motion is not immediately apparent. At times,

---

[2] His original brief also exceeds the 25-page limit under Local Rule 7.1(d)(3) by approximately 10 pages. To repeat: in the future, briefs that do not comply with the page limit in any briefing may be denied or ignored for failure to comply with the Local Rules; because the court here cautions Defendant, no further warning or opportunity to amend a noncompliant briefing will be offered in the future.

he appears to seek "release by habeas corpus." ECF No. 329, PageID.2239. As far as he seeks that relief, or otherwise seeks to "void" his state court sentence, the motion is not properly brought in this criminal action. The court has explained at least once before, and Mr. Pouncy is well-aware, that kind of attack on the validity of his state court conviction or sentence may be brought through habeas proceedings, subject to the various procedural hurdles therein. ECF No. 324, PageID.2212; *see, e.g.*, 13-cv-14695, ECF No. 3, PageID.26-27); *Pouncy v. Palmer*, 846 F.3d 144 (6th Cir. 2017); *Pouncy v. Palmer*, No. 21-1811, 2025 WL 1341850, *9-10 (6th Cir. May 8, 2025).

As far as Pouncy seeks to admit evidence regarding the validity of his waiver of counsel in his 2006 state convictions, that is not a defense to his present criminal charges. Nor has Pouncy explained why that is or would be relevant to any other element of the offenses charged.

To the extent that Pouncy otherwise seeks to preclude the government's "reference" or "reliance" on his prior convictions for purposes of the government's case-in-chief at trial, nothing in Pouncy's brief establishes how any alleged issue with his waiver of counsel in his state case should legally preclude the government from referring to the

3

facts of his prior conviction and related proceedings in his present criminal case.

Turning to the merits of his reply,[3] while his exact theory is somewhat unclear, he seems to believe that the court in the Eastern District of Michigan that he sought habeas relief in lacked jurisdiction over him. His theory appears to be that he invalidly waived the right to counsel in his original state court proceedings, and therefore every court since then has lacked jurisdiction to consider his various appeals and habeas proceedings. ECF No. 372, PageID.2989 ("Defendant's position is that since there was no judgment from the Genesee County Circuit Court, no 'official proceeding' could occur in 'the case of *Pouncy v. Palmer,* Case No. 13-cv-14695' in the United States District Court for the Eastern District of Michigan based on a complete lacked jurisdiction over the habeas proceeding"). Therefore, he says, "any proceeding that took place in 'the case of *Pouncy v. Palmer,* Case No. 13-cv-14695' [was

---

[3] As noted, Pouncy's reply brief was untimely and exceeds the page limit by twice the permitted amount. *See* LR 7.1(d)(3)(b). Given his allegations about his inability to submit documents to the court, the court considers it this once, but warns Mr. Pouncy that future untimely filings are his responsibility, and that alleged defense will not be considered good cause for lateness. Future filings will be screened for compliance with court rules and, if they fail to comply, may be denied summarily.

4

not] an 'official proceeding.'" *Id.* at PageID.2989. And so for pretrial purposes, his motion seems to be brought under Rule 12 and boils down to the following proposition: his habeas proceeding was not an "official proceeding," and so he cannot be found guilty of witness tampering under 18 U.S.C. § 1512(b)(l), which refers to testimony in an "official proceeding." *See* ECF No. 373 (Superseding Indictment, Counts II, III).

As far as his reply raises this argument at all, it is procedurally improper for multiple reasons. First, it is untimely as a motion seeking dispositive relief; the court has already held that dispositive motions were due long ago, and he cannot disguise such a motion by putting it in a reply and slapping a new label on the lid at this very late stage. *See* ECF No. 284 (holding dispositive motion deadline had passed). Second, he forfeited these arguments by leaving them out of his original motion. It is well established that a reply brief is not the proper place to raise new arguments or facts, and they appear nowhere in his original motion briefing. *See United States v. Carson*, 560 F.3d 566, 587 (6th Cir. 2009); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); *United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002) ("[T]he appellant cannot raise new issues in a reply brief; he can only

5

respond to arguments raised for the first time in appellee's brief."). A reply brief is an opportunity to respond to arguments made in the response brief, it does not provide the moving party with a new opportunity to present a new issue for the court's consideration. *Scottsdale*, 513 F.3d at 553. A non-moving party ordinarily has no right to respond to the reply brief and so as a matter of litigation fairness and procedure, such issues are considered waived. *Id.*; *see Allen v. Hardrock HDD, Inc.*, No. 16-13869, 2018 U.S. Dist. LEXIS 87181, at *18-19 (E.D. Mich. May 24, 2018).

But even if the arguments had not been waived, Pouncy's tortured logic leads nowhere. None of his cited cases stand for the proposition that a purported jurisdictional defect in a state law conviction would somehow render his federal habeas case jurisdictionally improper – or more to the point, that an improper waiver of counsel in a state criminal trial could somehow render a subsequent habeas proceeding not an "official proceeding" under the meaning of the witness tampering statute. Pouncy's habeas proceeding was an "official proceeding" under the meaning of 18 U.S.C. § 1512(b)(l), and his arguments to the contrary are frivolous.

6

As far as the motion and reply can be read to collaterally challenge Pouncy's state court convictions in calculating his sentencing guidelines, the court agrees that it would be premature to rule on the scoring of his prior convictions through a pretrial motion such as the one Pouncy has filed here.[4]

The motion is **DENIED**.

**SO ORDERED**.

Date: December 8, 2025                    s/F. Kay Behm
                                          F. Kay Behm
                                          United States District Judge

---

[4] Finally, Pouncy included in his overlong reply brief a request that "this Court does not independently engage in research" and stick to "the factual and legal arguments presented by the parties." ECF No. 372, PageID.2996. Pouncy has previously brought up at oral argument his objection to the court doing any legal research at all on the issues presented. He has objected to, for example, the court asking him questions about the relevant legal framework. The court overrules his objections and cautions Defendant; "when a party raises a legal argument, the court has 'an independent duty to research and properly apply the law.'" *Eckley v. Goodrich*, Civil Action No. 22-cv-01783, 2024 U.S. Dist. LEXIS 147932, at *10 (D. Colo. Aug. 19, 2024) (quoting *Baylon v. Wells Fargo Bank*, N.A., 303 F. Supp. 3d 1160, 1165 (D.N.M. 2018); *see also Ensey v. Ozzie's Pipeline Padder, Inc.*, 2010 U.S. Dist. LEXIS 158557, 2010 WL 11523525, at *2 n.3 (D.N.M. Apr. 29, 2010) ("it is certainly the Court's job to research carefully the legal issues properly presented by the parties"). When called to respond at oral argument, Pouncy should be prepared to directly answer the court's questions; answers that question the court's authority to test the mettle of his arguments are unresponsive and unavailing.