UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1 OMAR RASHAD POUNCY,

    Defendant.
_____/

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCING EVALUATION (ECF No. 368) AND FOR AMICUS CURIAE PARTICIPATION (ECF No. 415)**

  Before the court is Defendant Omar Pouncy's Motion for a Sentencing Evaluation (ECF No. 368). The government responded (ECF No. 395), and Pouncy timely replied (ECF No. 414). Also before the court is Pouncy's related motion to invite the participation of amicus curiae on the question of whether such an evaluation would comport with federal criminal procedure (ECF No. 415), to which the government also responded (ECF No. 430), and no timely reply was filed (and none is necessary).[1]

---

[1] The response was mailed by first class mail to Pouncy on November 25, 2025. ECF No. 430, PageID.3296. His reply was due on Friday, December 5, 2025.

1

In this motion, Pouncy seeks a hearing and sentencing evaluation pursuant to *People v. Cobbs*, 443 Mich. 276 (1993), commonly referred to as a *Cobbs* hearing or evaluation. *Cobbs* permits a Michigan state court defendant to enter a guilty plea in reliance on the trial court's initial evaluation of an appropriate sentence, subject to the defendant's right to withdraw his plea if the sentence actually imposed exceeds the preliminary evaluation.

*Cobbs* is a Michigan state court procedure. Federal criminal procedure works differently. Federal Rule of Criminal Procedure 11(c)(1) states that "[a]n attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions." Fed. R. Crim. P. 11 (c)(1). The policy rationale behind the Rule is that "the judge should not participate in plea discussions leading to a plea agreement" because of the "unequal positions of the judge and the accused." *See id.* advisory committee's note to 1974 amendment. "[A] judge's participation in plea negotiation

---

*See* Fed. R. Crim. P 45(c). However, even if an untimely reply is received and/or Pouncy claims external obstacles not within his control prevented his timely submitting his reply brief, the court finds these briefings sufficient and that no reply is necessary to decide the issues presented.

is inherently coercive," even if it is not intended to be. *United States v. Barrett*, 982 F.2d 193, 194 (6th Cir. 1992), *abrogated on other grounds by Davila I*, 133 S. Ct. 2139 (2013). Thus "Rule 11 absolutely prohibits judicial participation in plea negotiations . . . ." *United States v. Ushery*, 785 F.3d 210, 219 (6th Cir. 2015). And a judge cannot "tell the defendant prior to accepting a guilty plea what sentence [s]he would likely give should the plea be accepted." *United States v. Harris*, 635 F.2d 526, 528 (6th Cir. 1980). *Cobbs* evaluations are permitted in Michigan state courts because state courts are not required to follow the procedures set forth in Federal Rule of Criminal Procedure 11. *Jones v. Parke,* 734 F.2d 1142, 1148 (6th Cir. 1984).

The motion for sentencing evaluation (ECF No. 368) is **DENIED**. The court finds no particular novelty or difficulty in reaching this conclusion and the participation of amicus curiae would neither be "useful" nor "otherwise necessary" to the administration of justice. *See United States v. State of Mich.*, 940 F.2d 143, 165 (6th Cir. 1991). The motion for amicus curiae participation (ECF No. 415) is also **DENIED**. The court notes that given the existing clarity on this issue, Defendant's motion for amicus participation may be an attempt to delay his trial

(and at minimum, requested 28 days of delay).  *See* ECF No. 415, PageID.3215 (asking for, at minimum, 28 days to be added to the current schedule to allow briefing, and more if the court were to schedule argument – in addition to the briefing on the motion itself). The court makes this note given Defendant's various other motions that allege improper delay in these proceedings.  *E.g.* ECF No. 427.

    **SO ORDERED**.

Date: December 10, 2025        s/F. Kay Behm
                                          F. Kay Behm
                                          United States District Judge