UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

v.

D-1 OMAR RASHAD POUNCY,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION FOR AN EVIDENTIARY HEARING REGARDING CJA FUNDING (ECF No. 420)

Before the court is Defendant Omar Pouncy's motion for an evidentiary hearing regarding CJA funding in this case (ECF No. 420). Because it addresses matters that could have been brought before the court prior to the pretrial motion deadline on October 1, 2025, it is untimely and is denied on that basis.

On the merits, his motion is also baseless. Pouncy's position, untethered to factual or evidentiary support, is that appointed counsel, standby counsel, and other court-appointed staff are not billing properly under the Criminal Justice Act. ECF No. 420, PageID.3254. He requests that the Court conduct an evidentiary hearing to determine

1

whether they billed for work not performed, whether their CJA vouchers contain inaccurate or falsified statements, and whether they submitted vouchers inconsistent with the actual work performed.

But "it is the duty of the Court[,]" not Defendant, "to determine what is a reasonable expense or a reasonable use of billable time, and to determine exactly what compensation and reimbursement will be paid" under the Criminal Justice Act. *United States v. Mosley*, 779 F. Supp. 2d 398, 400 (D.N.J. 2011); 18 U.S.C. § 3006A(d)(5). The court has done so as to every voucher submitted in this case and is satisfied with their veracity.

Defendant, on the other hand, has made no payments to any of court-appointed staff; his own funds are not at issue. Defendant has no standing to seek recovery of payments by the public on his behalf when the disposition of those funds was in his favor; nor does Pouncy explain why he, rather than the person submitting the voucher, would have standing to challenge this court's determination of the reasonableness of the amount in any voucher submitted for reimbursement. *Cf. United States v. Hernandez*, 743 F.3d 812, 815 (11th Cir. 2014) ("Hernandez does not have standing to challenge the district court's disposition of

his ex parte application for funds to retain expert services because the court resolved the application in his favor."); *United States v. Wutthidetgraingrai*, No. 95-cr-52, 1997 U.S. Dist. LEXIS 20060, 1997 WL 778749, at *10 (S.D.N.Y. Dec. 16, 1997) ("[I]t is undisputed that the defendant did not make any payments to Mr. Weiss. The payments were made by others on his behalf. In consequence, the defendant has no standing to seek recovery of any such payments."); *United States v. Becerra*, 992 F.2d 960, 965 (9th Cir. 1993) (a defendant may challenge the district court's *denial* of funds under the CJA, but must show that he was deprived of effective assistance of counsel).

The motion is **DENIED**.

**SO ORDERED**.

Date: January 8, 2026              s/F. Kay Behm
                                   F. Kay Behm
                                   United States District Judge