UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

D-1 OMAR RASHAD POUNCY,

Defendant.

_____/

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

**ORDER DENYING DEFENDANT'S MOTION TO STRIKE
(ECF No. 429)**

Before the court is Defendant Omar Pouncy's motion to strike a filing by standby counsel (ECF No. 429) (seeking the court strike ECF No. 428).  Because it responds only to a filing made after the pretrial motion deadline of October 1, 2025, the court considers this particular motion on the merits.

Pouncy's argument is that standby counsel were improperly permitted to file a response to his motion to order standby counsel to turn over a USB drive to him (ECF No. 381), an item that he says belongs to him.  Considering the lack of detail and assertions made without evidentiary support, the court asked at the hearing held on

1

October 29, 2025 for standby counsel to file a response, and indicated Pouncy could reply to that response. Standby counsel indicated they would prefer to file their response ex parte and under seal. Standby counsel accordingly later filed a motion and proposed order to allow them to file their response under seal, in order to prevent the government from learning attorney-client communications. ECF No. 425. The court signed and entered the proposed order allowing their response to be sealed in order to protect Pouncy's interests. ECF No. 426. Pouncy now objects that this procedure violated an alleged due process right to respond to their motion to seal. ECF No. 429. He also says their response was a breach of attorney-client confidentiality. *Id.* at PageID.3290.

Pouncy's motion is not properly presented. But in substance, the court reads it to do two different things. First, it asks the court to reconsider its order allowing standby counsel to file a response to Pouncy's motion at all. Construing his motion as a motion for reconsideration of allowing a response, the court declines to do so. Pouncy positioned himself as needing a court order to obtain a USB drive from standby counsel; the court, in order to make an informed

decision, sought a response from the parties the motion was directed at because they indicated they would not turn it over.  As far as Pouncy now seems to argue that their response is untimely, the court has already accepted their response via the order granting permission to file under seal, and declines to reconsider that order or find the filing untimely because the underlying motion itself remained under consideration by the court, and the court lacked other methods of receiving information about the Defendant's request.

Second, his present motion challenges the court's decision, without waiting for a response from Pouncy, to allow standby counsel to file their response under seal.  Again, properly construed as a motion for reconsideration, it provides no reason to do so.  The decision to seal the response was not adverse to Pouncy – it protected his interest in preventing disclosure of standby counsel's information to the government.  If Pouncy wishes the court to unseal the records in standby counsel's response and permit the government to view their response, he may file a motion stating so and the court will follow his lead.

As far as Pouncy claims that standby counsel improperly revealed information to the court in relation to his motion, the court views his motion as waiving any attorney-client privilege as to the issues he chose to present for the court's consideration.

The court also notes that Pouncy's motion to strike this filing is not well-taken because it expresses, in essence, the view that he ought to be able to bring unchallenged filings before the court, and the court must accept his statements as true for lack of opposition and grant the relief he seeks without inquiring into the truth of his assertions.  But standby counsel's response and the affidavit they attached to that response makes it more likely than not that Pouncy was neither being forthright with the court nor truthful in his representations, so his protestations that his due process rights have been violated by hearing from standby counsel on this matter are disingenuous.

The motion is **DENIED**, and the response and exhibits will be considered by the court in ruling on Pouncy's many motions.

**SO ORDERED**.

Date: January 8, 2026                    s/F. Kay Behm
                                         F. Kay Behm
                                         United States District Judge

4