UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

v.

D-1 OMAR RASHAD POUNCY,

Defendant.
_______________________________/

**ORDER REGARDING DEFENDANT'S MOTIONS (ECF Nos. 379, 381, 383, 427, 431, 435)**

Before the court were a number of motions brought on (mostly) an *ex parte* basis by Defendant Omar Pouncy. Several of these motions, although filed on the public docket, addressed issues that related only to Defendant and the use of CJA funds and did not prompt a response from the government. ECF Nos. 427, 431, 435. Defendant filed a couple of motions that did prompt a response, though only to the extent that the government noted that it was not privy to the underlying orders or other motions referenced, and did not take a firm position on the motions filed publicly referencing sealed material. ECF No. 379, 381, 383; *see also* ECF No. 399, 401 (responses). By filing these

publicly, Defendant waived at least some amount of privacy interest in the issues presented.

The court has today issued a comprehensive order under seal regarding all *ex parte* motions and the related motions filed publicly. It consolidated its analysis on both sets of motions for the benefit of speaking at once on all related issues while maintaining privacy as to matters that may still belong under seal. The court enters this unsealed order addressing those matters that Defendant brought on the public docket in a more limited capacity, in a manner sufficient to put the government and the public on notice that a sealed order has been entered as to those motions which were filed publicly, the disposition of those motions, and reference to some of the reasoning that does not implicate Defendant's preserved privacy interests.

For the reasons explained below and for additional reasons explained in the order entered under seal, the motions at ECF Nos. 379, 381, 383, 431, and 435 were all denied.

## I. Motions to replace support staff with Cortny Grant or to ensure confidential access to Grant [431, 435]

First up are two related motions, seeking funding for and access to "paralegal" assistance. ECF No. 431, PageID.3300 ("Defendant asks that this Court [grant] the pending motion for retroactive compensation of for paralegal services and also authorize compensation for Mr. Milhouse's paralegal to help Defendant file the needed replies"); ECF No. 435 (seeking that the court grant funding for and ensure access to "Mr. Milhouse's paralegal," a.k.a. Cortny Jones, a.k.a. Cortny Grant).[1] The portion of these motion and related motions that related to Ms. Grant's service as a paralegal were denied as moot on the basis that Ms. Grant has been put forward as working under the supervision of Mr. Harrell Milhouse, who has withdrawn his appearance from this matter. *See* ECF No. 447. Ms. Grant is not a member of Pouncy's court-appointed defense team and is not, as far as the court is aware, operating under the supervision of a different attorney on this case. Because all of these motions were predicated on the basic premise that

[1] The court notes that Mr. Pouncy appears to be trying to keep Ms. Grant's name out of public filings, but her name is known to the Government, has been included in other public court documents, and there is no particular reason why her identity must be kept secret given these facts.

Grant works for and was supervised by Mr. Milhouse, and he is no longer an attorney working on this case, her appearance as a paralegal is no longer a live issue.

With that result, the court has no duty to ensure that Defendant is able to communicate with or meet with Grant. Nonetheless the court noted that Ms. Grant and Mr. Pouncy have apparently attempted to label unrelated, personal communications as "attorney-client" privileged communications related to this case, and attached relevant materials, also under seal, to evidence that point. The court noted both that Grant failed to appear when ordered by the court and filed a motion in this court with Mr. Milhouse's signature on it (ECF No. 443), without his having ever seen, approved, or had knowledge of the filing – an act that at best illustrates astonishingly poor judgment and at worst may be itself the unauthorized practice of law. These two latter considerations suffice to convince the court that it cannot credit any representation that Grant is qualified to serve in any court-appointed capacity, or that she would serve in a reliable manner whether supervised by an attorney or not.

## II. Motion to reinstate funds for "paralegal" [431]

ECF No. 431 can also be charitably construed (along with other motions) to seek the reinstatement of funding for a paralegal generally (whatever their identity). *See* ECF No. 431 (motion for authorization of paralegal assistance). So construed, the motion is a motion for reconsideration of the court's order terminating paralegal services (*see* ECF No. 431, PageID.3298, referencing that event), and is therefore untimely. LR 7.1(h)(2) (motions for reconsideration of nonfinal orders due within 14 days).

Were the court to consider the issue on the merits, his motion would still fail. Among other reasons explained in the sealed order, as a *pro se* defendant, Mr. Pouncy is responsible for his own legal filings and the "quality of his own defense." *See Wilson v. Parker*, 515 F.3d 682, 696 (6th Cir. 2008). The court has seen no evidence that he requires specific assistance in preparing legal filings nor any legal authority that he is entitled to a paralegal's aid as a self-represented party (compared to other services like investigative or expert services). A paralegal's services are, as the court has already found, not necessary to the

remaining pretrial proceedings nor for a reasonable opportunity to prepare for trial.

## III. Motion to return USB drive [381]

Next, Pouncy sought a USB drive that is in the possession of standby counsel. He claims the USB belongs to him and contains "sensitive work-product, such as Defendant's witnesses, . . . and exhibits Defendant wishes to introduce at trial[.]" ECF No. 381, PageID.3056. Upon the court's instruction (*see* ECF No. 446), standby counsel filed a response under seal.

Upon receipt of this information, the court is satisfied that Defendant's motion is without merit and the USB drive is not his property, nor does it contain materials necessary to his defense at trial. More detailed reasoning relying on communications internal to members of the defense team was entered in the sealed order.

## IV. Motion for new laptop [383]

One of Defendant's publicly filed motions requested a new laptop. ECF No. 383 ("Defendant needs a new laptop in order to be able to prepare his response as this Court has been previously advised."). The court denied that request because, among other reasons, it is not

convinced a new laptop is necessary to ensure Defendant can prepare for trial and review discovery. For now, all available evidence indicates that Defendant is able to draft and file numerous motions, and that he is able to review discovery at the jail for up to four hours per day. The court seeks to ensure that Defendant is able to review the newly disclosed cell phone extractions from the government, but it is not necessarily the case that a new laptop is the only method by which he can review the new "e-discovery," depending on what solution standby counsel is able to work out with Isabella County Jail, or whomever his custodian may be. If Isabella County Jail, or whomever his custodian is, represents to standby counsel that Pouncy will be unable to review the newly disclosed discovery unless a new laptop is provided, or standby counsel are unable to work out another method of viewing the discovery with his custodian, or standby counsel confirm that the laptop does not function to a satisfactory capacity for ordinary use, standby counsel should promptly inform the court of the difficulties they observe and suggest a solution that will ensure Mr. Pouncy has the opportunity to review the new discovery, consistent with the court's instruction in ECF No. 447. The court will not consider a new motion by Mr. Pouncy

on this issue; the court has carefully heard his arguments and if he wishes the court to revisit the issue and standby counsel do not support that effort with their own notice or motion, he may file a motion for reconsideration within the proper time limit. LR 7.1(h)(2).

## V. Motion for funds for other legal materials [383]

Next, Pouncy requests for CJA funds to be deposited into his inmate account to "cover the past due balance of $295 for copying and postage expenses with the ICJ so Defendant can print his legal documents and mail them to-be-filed." ECF No. 383, PageID.3063. The court denied this because it is not sure how Defendant managed to run up a past-due balance at ICJ, is not convinced that balance reflects only fees associated with legal materials in this matter, and Defendant has other methods of reaching standby counsel or the court that do not require public funds to be put toward unmonitored uses.

Granted, Pouncy has some degree of due process right to communicate with the court, standby counsel, and the government. But he is not entitled to a particular method by which that happens. The court is confident that Isabella County Jail, or whomever his custodian may be, will continue to ensure Pouncy has reasonable access to

discovery materials and the ability, in one form or another, to make filings in this court. The court has seen no evidence that Defendant has been denied reasonable access to discovery or been denied the ability to contact standby counsel and the court. While Pouncy often claims he has no ability to do these things, his statements and actions at other times indicate otherwise. It appears to the court, based on representations by Mr. Bajoka at the hearing on January 8, that Mr. Pouncy still has an open line of communication (albeit unused by Defendant) to contact standby counsel and to relay information through standby counsel to the court.

## VI. Motions for access to court/standby counsel [379, 383]

The final substantive point that Pouncy makes is that, in his view, he requires a court order to guarantee access to certain due process rights because his level of communication with court-appointed standby counsel poses constitutional concerns. *See* ECF No. 379, PageID.3051 ("Defendant has been denied communication with the outside world."); ECF No. 383, PageID.3063 ("appointed standby counsel has left

Defendant without any communication funds despite this Court's several orders permitting communication funds").[2]

The most important and dispositive points on these motions are simple. First, Pouncy has continued to file numerous motions in this court and in other courts, so he quite plainly does not lack "access" to court, whatever he says. *See, e.g.*, ECF Nos. 384, 386, 391, 394, 402, 403, 412, 414, 415, 416, 417, 418, 419, 420, 421, 427, 429, 431, 434, 435 (all filed after these motions claiming an inability to file motions); *see also Pouncy v. Main*, No. 378109 (Mich. Ct. App. 2025) (numerous filings from November 2025 through January 2026 by unrepresented party Omar Pouncy); *Pouncy v. Main*, No. 2025-0000020858 (Mich. 21st Cir. Ct. 2025) (motions from 2025-2026). Second, standby counsel has represented to the court that Pouncy is in fact able to email them at any time but has simply not made use of that option; Defendant's own representations at the hearing on January 8, 2026, also satisfy the court that this option is available. He does not, therefore, lack the ability to contact standby counsel, he would just prefer other methods to

[2] ECF No. 379 is titled a "Notice," not a "motion," and Defendant is plainly capable of titling his documents appropriately, so perhaps it need not be addressed at all. But to deal with all of his filings expeditiously, the court treats it as a motion along the lines of portions of ECF No. 383.

contact them. For reasons explained in the sealed order, the court does not find any present obstacle to other modes of communication to be of constitutional concern.

Reasonable access is not unlimited access. The court is satisfied that Pouncy has the reasonable opportunity to prepare to represent himself at trial, including the ability to communicate with standby counsel and other court-appointed staff through standby counsel. His current situation does not present constitutional infirmities in light of the full context of this case.

## VII. Motions for "immediate" resolution of *ex parte* motions [427]

As of entry of this order, all other pending *ex parte* motions have been resolved, which accordingly resolves all motions that predated the filing of Defendant's motion for "immediate" resolution of his ex parte motions. *See* ECF No. 427 (seeking "resolution of his pending motions, . . . that deal with him having access to the tools in order to prepare").

## VIII. Conclusion

Therefore, for the reasons stated above, and for additional reasons stated in the sealed order entered this same day, the motions at ECF Nos. 379, 381, 383, 427, 431, and 435 are all **DENIED**.

**SO ORDERED**.

Date: January 16, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge