UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

v.

D-1 OMAR RASHAD POUNCY,

        Defendant.

_____/

**ORDER REFERRING CORTNY GRANT AND HARRELL D. MILHOUSE FOR DISCIPLINARY PROCEEDINGS**

According to representations made on the record at a hearing held on January 8, 2026, Cortny Grant (a.k.a. Cortny Jones), acting as paralegal to Mr. Harrell Milhouse, who in turn had appeared as "pro bono standby counsel" in this case, filed a motion in this court with Mr. Milhouse's signature on it (ECF No. 443), but without his having ever seen, approved, or had knowledge of the filing.  This was a serious breach of both Mr. Milhouse's duty to the court and Ms. Grant's responsibility to defer to his direction while working under his license. "Judges have an ethical duty to prevent the unauthorized practice of law . . . .  If a judge becomes aware of a person practicing law without a

license to practice law in the State of Michigan, the judge should report the person to the Unauthorized Practice of Law division of the State Bar of Michigan . . . ." *Reporting and Disclosure Obligations*, State Bar of Michigan;[1] *see also* Advisory Opinion JI-26 (June 29, 1990) ("A judge who knows of unauthorized practice of law activity must take steps to prevent the unauthorized practice and report the incident to authorities empowered to act upon the matter.");[2] Advisory Opinion C-239 (September 3, 1986) (a lawyer "aware of conduct which does not clearly fall within accepted legal definitions of unauthorized practice, but which may arguably amount to the unauthorized practice of law, discharges the ethical obligation by reporting the facts to the State Bar Committee on the Unauthorized Practice of Law.").[3]

In addition, under Michigan Rule of Professional Conduct 5.5(a), a lawyer shall not assist another person in the practice of law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction.  Cortny Grant does not appear to have a license to practice

---

[1] https://www.michbar.org/opinions/ethics/judicialgeneralFAQs.

[2] https://www.michbar.org/opinions/ethics/numbered_opinions/JI-026.

[3] https://www.michbar.org/opinions/ethics/numbered_opinions/C-239.

2

law in this jurisdiction, and it appears to the court that Mr. Harrell Milhouse may have assisted her in doing so by permitting her unsupervised access to his electronic filing account with this court. Certainly, under Rule of Professional Conduct 5.3(b), he at least had the duty to make "reasonable efforts" to ensure that his paralegal's conduct is "compatible with the professional obligations of the lawyer[.]"

The court therefore will refer Mr. Harrell Milhouse to the Michigan Attorney Grievance Commission because it appears that he either assisted Cortny Grant/Cortny Jones in the filing of this motion or failed to make reasonable efforts to supervise her.  Mich. Pro. Conduct R. 5.3(b), 5.5(a).  The court will also refer Cortny Grant/Cortny Jones to the State Bar of Michigan, Unauthorized Practice of Law division for the actual filing the above motion (ECF No. 443) with her supervising attorney's signature, but without her supervising attorney's knowledge, consent, or approval.

**SO ORDERED**.

Date: January 20, 2026		s/F. Kay Behm
					F. Kay Behm
					United States District Judge