UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

D-1 OMAR RASHAD POUNCY,

Defendant.
_____/

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS
(ECF No. 353)**

Before the court is Defendant Omar Pouncy's Motion to Dismiss (ECF No. 353). The government responded (ECF No. 389), and no timely reply was received.

In 2006, a jury convicted Pouncy of violating several Michigan laws: four counts of carjacking, four counts of armed robbery, two counts of carrying a firearm while committing a felony, and one count of being a felon in possession of a firearm. He was sentenced to a lengthy prison term: 562 months for the carjackings and armed robberies, and 24 months for the felony firearm convictions. In 2013, Pouncy filed a federal habeas action seeking his release. *Pouncy v. Palmer*, No. 21-1811, 2025 WL 1341850, 2025 U.S. App. LEXIS 11315, at *1 (6th Cir. May 8, 2025).

1

This case arises from allegations that during the course of that habeas action, in which he asserted actual innocence of the carjacking convictions, Pouncy "devised a scheme to elicit, in conspiracy with others, false statements and false testimony . . . , and to obstruct justice, in order to secure his release from state prison, including by prevailing on his actual innocence claims . . . ." *See* ECF No. 14, PageID.107.

Pouncy raises six relatively undeveloped and mostly unrelated claims in this motion (ECF No. 353).  In order of presentation, he: (1) seeks referral of the local U.S. Attorney Office to the Attorney General for an alleged pattern of district wide delay, (2) seeks entry of an order allowing a designated member of his defense team to have access to the prison cells Defendant was assigned to, in order to prove that those cells do not have cell reception, and for the jury to be allowed to visit that cell, (3) seeks dismissal on the basis of a Speedy Trial Act violation, (4) seeks the undersigned's recusal, (5) seeks an evidentiary hearing to prove that his prior counsel was ineffective related to the failure to timely file necessary pleadings in this case, and (6) asks that the indictment be dismissed on Double Jeopardy grounds.  ECF No. 353, PageID.2821-22.

2

Each of these claims are significantly underdeveloped or left entirely undeveloped; all are without merit.[1]

*(1) Referral to Attorney General.*  Pouncy's claim that this court should refer the U.S. Attorney Office for the Eastern District of Michigan to the Attorney General for investigation is premised on the idea that he has standing to assert speedy trial violations.  But the court has not found a speedy trial violation in this case, so he lacks standing to assert district-wide delay.  The court accordingly denies this claim.

*(2) Former Jail Cell.*  Pouncy asks the Court to order the Michigan Department of Corrections to allow a designated member of his defense team access to Pouncy's former prison cell to determine whether they can access cellular phone signals from the prison cell.  Relatedly, he asks the Court to allow the jury to visit his former prison cell to see whether there is a cellular network signal.  His intent is to prove "that no cellphone signal can be obtained in the cells Defendant was housed in."  ECF No. 353, PageID.2821.  But evidence regarding whether cellular phones can

---

[1] Pouncy says he filed "this placeholder motion" on the date of the pretrial motion deadline in an effort to "protect Defendant's deadlines[.]"  Presumably, he intended to follow up with a longer brief.  But he never did, and was not entitled to do so.  *See* E.D. Mich. LR 7.1(d)(1) ("Unless the Court permits otherwise, each motion and response to a motion must be accompanied by a single brief."); 7.1(g) (setting out the process – that Defendant did not follow – to seek additional time to file a supporting brief).

access cellular networks from the prison cell today has very little relation to or bearing upon whether Pouncy could have used the phones within the prison (not just within his cell) during the time of the offense conduct. Such evidence—including a jury view of Pouncy's former cell so the jury could see whether there is cell phone reception—may be minimally relevant under Federal Rule of Evidence 401, but is inadmissible in any case under Federal Rule of Evidence 403, because the limited probative value of this evidence (if any) is substantially outweighed by a danger that this exercise or evidence of current cell phone reception in the cell would tend to confuse the issues, mislead the jury, and waste time.

*(3) Speedy Trial Act Violation.*  Pouncy next, in entirely conclusory fashion, alleges a violation of the Speedy Trial Act.  But the court has previously found no STA violation in this case.  ECF No. 209.  Pouncy does not develop any specific argument, cite any cases, or point to any particular period that would constitute non-excludable delay that the court has not already spoken to, and this claim is denied.

*(4) Recusal/Disqualification.*  Pouncy's fourth claim (seeking the undersigned's recusal) is merely a restatement of arguments he has made in other motions, and which the court has rejected on multiple occasions. *See* ECF No. 208 (motion for disqualification); 310 (second motion for

4

disqualification).  This claim is denied because, even construed as a motion for reconsideration of the court's prior orders, it does not advance any reason to think the court made a mistake and fails for the same reasons explained in those orders.  *See* ECF Nos. 283, 340 (denying his motions).

*(5) Ineffective Assistance of Counsel and Merits of Untimely Motion to Dismiss.*  Defendant seeks to prove that counsel was ineffective and that "any motion that was denied on the basis of untimeliness be decided on the merits."  He seems to be referring to an earlier and untimely motion to dismiss.  *See* ECF Nos. 201 (motion to dismiss); 284 (order denying that motion for untimeliness).  As far as his claim seeks reconsideration of the court's orders finding that motion to dismiss (ECF No. 201) untimely, it is denied as procedurally barred.  *See* ECF No. 309 (motion for reconsideration of ECF No. 284, which denied ECF No. 201); 327 (order denying that motion); LR 7.1(h)(4) (motions for reconsideration of order denying reconsideration are not permitted).  As far as it seeks to assert an ineffective assistance of counsel claim, that claim is not properly brought in this pretrial posture.  *See United States v. Daniel*, 956 F.2d 540, 543 (6th Cir. 1992) ("Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255.").

*(6) Double Jeopardy.*  Lastly, Pouncy claims that because certain of his habeas claims were never heard on the merits (purportedly as a sanction for his alleged conduct in his habeas case), the Government is barred from criminally prosecuting him for that same underlying conduct. This is a dispositive motion because it seeks dismissal of the indictment, and is untimely because it was not made prior to the February 11, 2025 dispositive motion cut-off.  *See* ECF No. 284, PageID.1991.  Pouncy does not provide any legitimate explanation for his failure to raise the claim prior to that motion deadline.

Were the court to consider the merits, it would still fail.  The Double Jeopardy Clause of the Fifth Amendment only prohibits successive criminal prosecutions, not civil sanctions followed by a criminal prosecution.  *Helvering v. Mitchell*, 303 U.S. 391, 399 (1938) ("Congress may impose both a criminal and a civil sanction in respect to the same act or omission; for the double jeopardy clause prohibits merely punishing twice, or attempting a second time to punish criminally, for the same offense."); *see also Hudson v. United States*, 522 U.S. 93 (1997) (holding that civil sanctions followed by a later criminal prosecution did not violate the Double Jeopardy Clause.); *Herbert v. Billy*, 160 F.3d 1131, 1136 (6th Cir. 1998) ("Civil proceedings do not place defendants in 'jeopardy' within

the accepted constitutional meaning of that term.").  Even assuming Pouncy was sanctioned in his civil case in any way (which the Government indicates did not happen), those sanctions would have no double jeopardy implications in this prosecution.

The motion is **DENIED**.

**SO ORDERED**.

Date: February 6, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge