UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

D-1 OMAR RASHAD POUNCY,

     Defendant.

_____/

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

## ORDER REGARDING DEFENDANT'S NOTICE OF APPEAL (ECF No. 476) AND DEFENDANT'S ORAL MOTION TO STAY

On March 10, 2026, Defendant Omar Pouncy filed a notice of interlocutory appeal as to the court's denial of his motion to dismiss (ECF No. 461, denying ECF No. 353); *see United States v. Pouncy*, No. 26-1257 (6th Cir. 2026). Defendant has also previously moved on several occasions to disqualify the undersigned or seeking the undersigned's recusal, which were denied. *See* ECF Nos. 208, 283, 310, 340, 402, 403, 437. He also currently has a mandamus petition pending in the Sixth Circuit Court of Appeals, seeking what is essentially an interlocutory appeal of those decisions and disqualification of the undersigned. *See In re Pouncy*, No. 26-1120 (6th Cir. 2026).

1

At the final pretrial conference held on March 12, 2026, Defendant made an oral motion to stay these proceedings, arguing that jurisdiction was divested when he filed his appeal of the order at ECF No. 461, and that this matter should be otherwise stayed pending resolution of his mandamus petition seeking the undersigned's disqualification.

Most of the order at ECF No. 461 is not immediately appealable. With few exceptions, only "final" orders of the district courts are appealable in criminal prosecutions. *See* 28 U.S.C. § 1291 (granting the federal courts of appeals jurisdiction to review "all final decisions of the district courts"); *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949) (collateral order exception). "The Supreme Court has only held that four types of orders are immediately appealable under the collateral-order exception in the criminal context: orders denying a Double Jeopardy Clause challenge, denying a Speech or Debate Clause challenge, denying a motion to reduce bail, and allowing for the forced medication of criminal defendants." *United States v. Johnson*, No. 23-1958, 2023 U.S. App. LEXIS 32006, at *2 (6th Cir. Dec. 4, 2023); *see Abney v. United States*, 431 U.S. 651, 655-62 (1977) (Double Jeopardy challenge). So all of Pouncy's claims which did not fall under those

2

limited exceptions are not immediately appealable and his "notice of appeal" as to those claims did not divest this court of jurisdiction. Pouncy's motion to dismiss did, however, include among its six claims a Double Jeopardy challenge, which as a general matter is an issue which may be suitable for interlocutory appeal. *See* ECF No. 353.

But for the reasons stated in the order at ECF No. 461, in this order, and those stated on the record, the court finds Defendant's notice of appeal on Double Jeopardy grounds to be frivolous and lacks any "colorable foundation." *See United States v. Lanci*, 669 F.2d 391, 394 (6th Cir. 1982). The court also notes that Defendant's motion was filed on October 1, 2025, long after the dispositive motion passed in February 2025, on the last day of other pretrial motion practice, and his notice of appeal was filed mere weeks before trial and days before the final pretrial conference.[1] This pattern indicates that Defendant's appeal on this basis is merely a unilateral attempt to delay trial, which the court will not countenance. *See United States v. Dunbar*, 611 F.2d 985, 988 (5th Cir. 1980). As recognized in the Speedy Trial Act, the public has a

---

[1] The court does not comment here on two other possible defects in his notice of appeal: its timing and the defective signature on the notice, because those matters are mooted by the appeal's lack of colorable foundation.

substantial interest in the resolution of prosecutions without needless delay.  This court is not divested of jurisdiction, and Defendant's trial is expected to proceed as scheduled.

As for Pouncy's mandamus petition, it also presents no obstacle to the current trial schedule.  It is the long-standing rule of the Sixth Circuit "that orders denying motions to disqualify a trial judge are fully reviewable after entry of final judgment and cannot be appealed immediately as an interlocutory appeal."  *United States v. Wilson*, No. 90-2207, 1990 U.S. App. LEXIS 20753, at *1-2 (6th Cir. Nov. 28, 1990) (citing *In re: City of Detroit*, 828 F.2d 1160, 1165 (6th Cir. 1987) (per curiam); *Albert v. United States District Court*, 283 F.2d 61, 62 (6th Cir. 1960), *cert. denied*, 365 U.S. 828 (1961); *Collier v. Picard*, 237 F.2d 234, 235 (6th Cir. 1956) (per curiam)).  And "filing of a petition for a writ of mandamus [in the court of appeals] does not divest [the] district court of jurisdiction, nor does its pendency have the effect of staying proceedings in the district court."  *See Farrell v. US Bank Nat'l Ass'n*, No. 14-11781, 2015 U.S. Dist. LEXIS 190255, 2015 WL 13035017, at *1, n.1 (E.D. Mich. Jan. 15, 2015) (quoting citation omitted); *see also United States v. Valenzuela-Arisqueta*, 724 F.3d 1290, 1297 n.8 (9th Cir. 2013) ("A

4

petition for a writ of mandamus does not deprive the trial court of jurisdiction") (citing *Ellis v. U.S. Dist. Court for Western Dist. of Washington (Tacoma)*, 360 F.3d 1022, 1023 (9th Cir. 2004) (en banc) (noting that the "district court does not lose jurisdiction over a case merely because a litigant files an interlocutory petition for an extraordinary writ")).

The motion to stay is **DENIED**.

**SO ORDERED**.

Date: March 13, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge