UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

D-1 OMAR RASHAD POUNCY,

                Defendant.

_____/

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

## ORDER ON ORAL MOTIONS MADE AT FINAL PRETRIAL CONFERENCE

At the final pretrial conference held on March 12, 2026, a number of oral motions were made by both parties.  For clarity, the court resolves many of the issues raised here.

### I.    Government's Oral Motion Under Fed. R. Evid. 615

Under Rule of Evidence 615, the Government indicated that it intends to designate its case agent as its party representative, and moved for sequestration of all other witnesses.  Fed. R. Evid. 615(a) requires that, if a party so requests and no exception applies, the trial court must exclude witnesses from the courtroom so that they cannot hear the testimony of other witnesses.  The government's motion is

1

therefore granted, and all witnesses other than Mr. Pouncy himself and the Government's representative will be excluded from the courtroom during other witnesses' testimony. The court is not aware at this time of additional witnesses falling under exceptions to Rule 615(a), but the parties should promptly inform the court if any other individuals fall into those categories.

The court did not understand the Government's request to seek additional specific disclosure limitations under Rule 615(b). If either party seeks limitations under that provision, they should so indicate in a motion and submit a proposed order or otherwise offer proposed language covering their requested relief.

## II. Defendant's Oral Motion for Competency Exam

At the final pretrial conference, Defendant made several statements that can be construed as oral motions for a competency exam. A criminal defendant may not be tried unless he is competent, and he may not waive his right to counsel unless he does so "competently and intelligently." *Godinez v. Moran*, 509 U.S. 389, 396 (1993); *see also Indiana v. Edwards*, 554 U.S. 164, 173 (2008). The standard for competence to stand trial and conduct his own trial is

2

whether the defendant has "sufficient present ability" to conduct his defense "with a reasonable degree of rational understanding," and has "a rational as well as factual understanding of the proceedings against him." *See Godinez*, 509 U.S. at 396. A competency determination is necessary only when a court has reason to doubt the defendant's competence. *Id.* at 401 n.13; *see also* 18 U.S.C. § 4241(a) (a court shall order a competency hearing on a party's motion "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.").

Mr. Pouncy appears to allege that he is entitled to a competency hearing because of his conditions of confinement, which according to him have included time in solitary confinement and has affected his mental state. The court disagrees that a competency hearing is necessary. Although Mr. Pouncy is frequently long-winded, digressive, repetitive, and obstreperous, he has thus far given no credible reason for the court to doubt his competence to stand trial or to represent himself at trial. His numerous *pro se* motions alone are sufficient to

point to his "rational as well as factual" understanding of the proceedings against him, and his behavior in court likewise indicates he both understands these proceedings and is capable of conducting his own defense.  His responses to the *Faretta* inquiries have been, and continued to be at the latest hearing, intelligent and knowing.  There is therefore no reasonable cause to doubt his competency to proceed at this time, and his motion for a hearing on that issue is **DENIED**.

## III.  Defendant's Oral Motion for Investigator

Defendant also made an oral motion for an investigator to interview persons disclosed on the government's witness list that he views as newly disclosed prosecution witnesses.[1]  The government responded to this argument at the hearing, and noted that none of the individuals identified on their witness list (with the exception of the custodian of records) are persons unknown to Defendant because their names were disclosed through discovery, or Mr. Pouncy himself knew or understood that they were involved in the issues in this case. Defendant was given an opportunity to respond to that argument, but

---

[1] The court notes for the record that Mr. Pouncy did not comply, and to date still has not complied with, the court's order requiring mutual disclosure of witness lists by February 26, 2026.  *See* ECF No. 449.

presented no reason to think that the government's core assertion –

that he had prior opportunity to identify these individuals as persons of

interest to be interviewed – was wrong. The court already heard *pro se*

motions for investigative services on several occasions and gave Mr.

Pouncy multiple opportunities to timely explain what specifically he

needed an investigator for; he did not do so. *See, e.g.*, ECF No. 339.

The court has elsewhere explained why, setting aside the issue of an

investigator, all evidence suggests Mr. Pouncy in fact had reasonable

opportunity to interview potential witnesses during the long pendency

of this case and his lengthy period of self representation pre-trial. *See,

e.g.*, ECF No. 451, PageID.3422-24. The court has also already denied

reconsideration of orders denying him an investigator. *See* ECF Nos.

361, 451. His motion for an investigator is **DENIED** as untimely and

as a motion for reconsideration of an order denying reconsideration.[2]

## IV.   Defendant's Oral Motion to Compel

Defendant also made an oft-repeated assertion that the

government is withholding "exceptionally exculpatory" phone calls from

---

[2] The court has also elsewhere explained why it does not credit many of Mr. Pouncy's statements when he says he needs funds for an investigator. *See, e.g.*, ECF No. 232, PageID.1561-62; ECF No. 225, PageID.1420-26; ECF No. 451, PageID.3394.

him.  He seeks an evidentiary hearing to prove that they are exculpatory, and presumably, their production.  The court understood this to be a motion to compel discovery under Rule 16, which is covered by Rule 12(b)(3)(E).  The court set a general pretrial motion deadline of October 1, 2025 (ECF No. 449), and Defendant has provided no reason to think that this current motion could not have been brought before that date.  Or, for that matter, he does not explain why this motion does not address matters already decided, and why this motion is not merely an untimely motion for reconsideration of those matters.  *See, e.g.*, ECF No. 326 (denying motion to compel); ECF No. 436 (again addressing the issue); E.D. Mich. LR 7.1(h)(2).  The court construes his motion as seeking reconsideration of ECF No. 436, and denies it as untimely on that basis.

## V.  Defendant's Invocation, Followed by Waiver, of his Right to Counsel

One issue is not truly outstanding, but merits a summary, and then a warning.  At the hearing on March 12, Defendant made a request for standby counsel to represent him fully as counsel of record.  So the court immediately appointed Mr. Quinn and Mr. Bajoka to

represent Mr. Pouncy, upon which they made an oral motion to withdraw, explaining that they had a fundamental difference in trial strategy with Mr. Pouncy. A difference in trial strategy, however, does not provide good cause to substitute counsel for a fifth time. *See* ECF No. ECF No. 232, PageID.1547-48, ECF No. 338 (finding that Mr. Pouncy has unreasonably and persistently sought substitution of counsel for differences in strategy). And having carefully listened to counsel's representations at the hearing on March 12, the court is convinced that to the extent that there is any other conflict between current standby counsel and Mr. Pouncy, it is a conflict of Mr. Pouncy's creation. And that, too, does not create good cause to substitute counsel. *See United States v. Taylor*, 652 F.3d 905, 909 (8th Cir. 2011) (explaining why conflicts manufactured by a defendant to try and coerce the court into appointing counsel of choice does not constitute good cause for substitution of appointed counsel). In coming to that decision, the court was conscious of the nearness to trial, which was a mere two weeks away at the time of the final pretrial conference. The court also considered the delay that would undoubtedly be necessitated by substitution of counsel, and that this case has already been delayed too

7

long by Defendant's tactics. *See United States v. Vasquez*, 560 F.3d 461, 466 (6th Cir. 2009). The public's interest in the prompt administration of justice thus weighed strongly in favor of denial of Defendant's motion. And the court took into consideration its prior decisions that Defendant has himself persistently and unreasonably sought standby counsel's dismissal. *See* ECF Nos. 232, 338. The court thus denied counsel's motion to withdraw.

Upon denial of their motion to withdraw, both counsel began their representation in earnest and indicated they would begin to stipulate to a number of trial-related matters. And when that happened, Mr. Pouncy again clearly and unequivocally expressed his desire to proceed *pro se*, and knowingly and intelligently waived his right to counsel in favor of representing himself once more.

Mr. Pouncy's continued problems with counsel are, at this stage, clear; he disagrees with their strategy and how they would conduct this case on his behalf. He is aware of that fact and has now had a very recent opportunity to see, in practice, what their representation of him will look like. Mr. Pouncy was also well aware of this disagreement with counsel before he invoked the right to counsel at the final pretrial

conference, because he has said as much many times, is largely aware of the preparation they have engaged in, and indeed originally sought to represent himself after Mr. Quinn took a turn representing him. Defendant's turnabout at the final pretrial conference to seek re-appointment of counsel was a clear attempt to force a belated substitution of counsel based on the belief that they would be required to withdraw, and thus to delay trial yet again.

The court will once more, and for a final time, ask Mr. Pouncy whether he wants to represent himself at trial on March 24, 2026. Once jury selection begins, the court will not continue to ask Mr. Pouncy whether he wishes to continue to represent himself; his choice will stand for the entirety of trial.

However, the court thinks it prudent to issue a warning, in writing, so that the matter is clear: the invocation of the right to counsel, followed by an immediate waiver of the right to counsel when he disagrees with counsel's strategy, will not be permitted to happen again. If Defendant wishes to represent himself at trial and conduct his own defense, that is his right. But if he invokes the right to counsel again, or through any other manner or conduct waives his right to

represent himself after the date of jury selection begins, then the court will not allow him to again waive his right to counsel given his well-established and well-known disagreements with their trial strategy. *See United States v. Steele*, 919 F.3d 965, 974 (6th Cir. 2019) (holding that a defendant does not have a right to hybrid representation and "may not use trial as an audition for counsel."); *Cassano v. Shoop*, 1 F.4th 458, 475-76 (6th Cir. 2021) ("*Faretta* to allow a defendant's right to self-representation to be denied 'when . . . the defendant's request for self-representation is merely a tactic to secure a delay in the proceeding.'") (quoting *Robards v. Rees*, 789 F.2d 379, 383 (6th Cir. 1986)).  In other words, if by Defendant's words or conduct he waives his right to self-representation and Mr. Quinn and Mr. Bajoka resume the role of counsel (rather than standby counsel), the change will be permanent.

The court will repeat this warning at the beginning of the date of jury selection.

## VI.  Defendant's Oral Statements Regarding Access to Material Pretrial

10

Mr. Pouncy made an additional number of statements about alleged interference with his ability to prepare for trial.  These statements are largely consistent with some of Defendant's various motions (*see, e.g.*, ECF Nos. 78, 105, 364).  Although he did not make a formal motion regarding these issues, the court construes them as in the same vein and followed up over email with the U.S. Marshals Service to confirm, while recognizing Defendant's custodian must balance its security needs and the realities of detention, that Defendant maintains adequate access to his legal materials, and in particular the USB drive provided to him by standby counsel with all discovery produced in this case.  The U.S. Marshals Service represented by email (copying the Government and standby counsel) that although Mr. Pouncy is currently in FCI Milan's Special Housing Unit, he has access to the law library, has his USB with the discovery provided by standby counsel, has a new discovery computer at his disposal, has access to all current copies of his legal materials, and retains the ability to request a legal call or to send mail.  The court is satisfied by these representations that Mr. Pouncy has reasonable access to his legal materials, a reasonable ability to file documents with the court, and the

11

ability to contact standby counsel should he seek to request their assistance.  As far as he intended to make a motion regarding access to court or regarding "government interference," his motion is denied.

## VII.  Conclusion

For the reasons stated, the Government's oral motion under Fed. R. Evid. 615 is **GRANTED**, and Defendant's oral motions for a competency hearing, for an investigator, to compel production of unspecified phone records, and regarding government interference are **DENIED**.  Mr. Quinn and Mr. Bajoka's motions to withdraw were **DENIED** for the reasons stated herein and on the record.  Defendant's motions to re-appoint counsel, and then again represent himself, are noted for the record, are found to be intended as a tactic to delay trial, and he is warned that if counsel is re-appointed again, his waiver of the right of self-representation will be permanent.

**SO ORDERED**.

Date: March 18, 2026                    s/F. Kay Behm
                                        F. Kay Behm
                                        United States District Judge