UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

D-1 OMAR RASHAD POUNCY,

Defendant.

_____/

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

### **ORDER REGARDING SELF-REPRESENTATION**

For the reasons stated on the record, Defendant's right to represent himself was revoked for serious and obstructionist misconduct.

A trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct. The right of self-representation is not a license to abuse the dignity of the courtroom. Nor is it a license not to comply with relevant rules of procedural and substantive law. *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). Similar to *United States v. Luscombe*, 950 F.3d 1021, 1030 (8th Cir. 2020), Defendant "repeatedly and frequently defied" this court's orders not to argue with witnesses, not to interrupt witnesses,

1

and not to interject his own testimony during his examination of witnesses.  Defendant repeatedly violated court orders, often almost immediately after the court entered the order, including (but not limited to) during his opening statement and his cross-examination of Mr. McGruder.  When warned to follow the court's orders, the Federal Rules of Evidence, and Rules of Procedure, he disregarded those additional warnings.  Defendant was "repeatedly admonished" to follow the court's directives, and his right to self-representation was terminated only after fair warning that continued misconduct would result in such an action.  Defendant frequently interrupted the court, interrupted the Government, and continued to do so despite repeated warnings.  Defendant's conduct was more than just "poor lawyering"—it interrupted the trial process and was seriously obstructive.  *See McKaskle v. Wiggins*, 465 U.S. 168, 173 (1984) ("an accused has a Sixth Amendment right to conduct his own defense, provided only that . . . he is able and willing to abide by rules of procedure and courtroom protocol").  Further, Defendant attempted to speak to government witnesses during breaks in testimony, and sent Facebook messages after trial began apparently calling potential witnesses "rats" and

2

"snitches" and inviting community members to come see "everybody who['s] snitching."  Such actions further evince a disregard for the rules and support a finding that the totality of Defendant's conduct was seriously obstructive to these proceedings.  *See Luscombe*, 950 F.3d at 1030.

**SO ORDERED**.

Date: March 31, 2026                     s/F. Kay Behm
                                         F. Kay Behm
                                         United States District Judge

3