UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

v.

D-1 OMAR RASHAD POUNCY,

Defendant.

_____/

## ORDER REGARDING LETTER RECEIVED FROM ATTORNEY HARRELL D. MILHOUSE

Before the court is a letter, apparently from Attorney Harrell Milhouse, regarding representation of Defendant Omar Pouncy in this matter.  *See* Exhibit A.  Appearances by any retained counsel were due May 20, 2026 (ECF No. 545, 546), but this letter was received by the court by email on June 18, 2026.

A little bit of background is helpful to understand the present posture.  Attorney Harrell Milhouse has, on a number of occasions, purported to appear in this matter to represent Mr. Pouncy in some fashion or another.  But when questioned by the court at subsequent hearings, Mr. Milhouse could not give clear answers as to whether he

1

was retained counsel or not, or otherwise clarified that he was proceeding only in a standby role. *See, e.g.*, ECF No. 469, PageID.3764 n.4, ECF No. 361. Eventually, Mr. Milhouse clarified that he would not represent Mr. Pouncy in any capacity and withdraw his appearance entirely from this matter during a pretrial hearing. ECF No. 466, PagelD.3693. This case proceeded to trial with Defendant Pouncy representing himself, alongside court-appointed standby counsel. However, at trial the court revoked Mr. Pouncy's right of self-representation for serious and obstructive misconduct, and required him to proceed only with court-appointed counsel (the only counsel actually available to step in at that time). ECF No. 545, PageID.5815-24. After trial concluded, but while the jury was deliberating, Defendant Pouncy pleaded guilty to one of the counts he was charged with. ECF No. 532. And after the entry of his plea, court-appointed defense counsel indicated Mr. Pouncy preferred to retain Mr. Milhouse (pro bono) as his attorney for sentencing. ECF No. 538, PageID.5698. The court gave fourteen days to make a motion for substitution of counsel, and Mr. Pouncy indeed made such a request, though Mr. Milhouse did not contact the court or purport to appear within that

original fourteen days.  ECF No. 543, PageID.5800.  So the court gave Pouncy, and Mr. Milhouse, fourteen additional days for Mr. Milhouse to file his appearance as retained counsel.  ECF No. 545, PageID.5847-48. The court set this deadline primarily in recognition of three factors: (1) Mr. Milhouse has had numerous opportunities, over the course of six months prior to trial, to enter an unambiguous appearance as retained counsel, but did not do so, (2) pretrial services requires a certain lead time prior to sentencing to complete the presentence report, and allowing Mr. Milhouse unlimited time to file his appearance would likely delay sentencing without good cause for such delay, and (3) Mr. Pouncy has over the course of this case sought to delay trial and other trial-related proceedings, including through motions or requests to retain Mr. Milhouse that ended up being incredible, so the court endeavored to set a reasonable deadline in an effort to assess the credibility of Pouncy's request for "retained" counsel and to maintain control of its docket.

The court has also detailed a number of other concerns it continues to have regarding Mr. Milhouse's participation in this case, including that Mr. Milhouse's current paralegal, Cortny Grant, has a

romantic relationship with Defendant Pouncy.  ECF No. 545, PageID.5828.  Mr. Milhouse's continued attempt to represent Mr. Pouncy and specifically to employ Ms. Grant as the paralegal on Pouncy's case, while perhaps not in direct violation of the Michigan Rules of Professional Conduct, at least raises serious ethical concerns. *See* Model Rules of Pro. Conduct r. 1.8(j); 5.3(b); Mich. Rules of Pro. Conduct 1.8.

Although those concerns are still present, to deal with Mr. Milhouse's present letter ultimately requires only an analysis of its timeliness.[1]  Mr. Milhouse's appearance was due May 20, 2026.  Under Fed. R. Crim. P. 45(b)(1)(b), after the time to act has expired, the court may extend the time on a party's motion if the party failed to act because of excusable neglect.  A court can set reasonable deadlines for retained counsel to appear because the right to retained counsel is not

---

[1] The court presumes that Mr. Milhouse did not file this letter on the docket because a prior order prohibits Mr. Milhouse from filing papers in this matter.  ECF No. 469.  That order was entered because Mr. Milhouse appeared not to be properly supervising his paralegal, and as a result, she filed papers that Mr. Milhouse informed the court he had not approved.  Consideration of papers filed by a non-attorney not representing the Defendant, or even an attorney not representing the defendant, would inevitably delay this case.  And again, part of the court's decision was based on the fact that Mr. Milhouse's paralegal is in a romantic relationship with Mr. Pouncy, and her efforts to file papers on behalf of Mr. Milhouse without his having reviewed those papers raised serious ethical concerns.

unlimited, but is instead subject to balancing against undue delay, the cause for the delay, and the need to promote the prompt efficient administration of justice. *See United States v. Ramey*, 559 F. Supp. 60, 62 (E.D. Tenn. 1981) ("When faced with a request for a change of counsel, either retained or appointed, the Court must consider . . . the delay between the cause of the dissatisfaction and the request, the nearness to trial, and the general dictates of fairness and justice for both the government and the defendant."); *United States v. Thomas*, No. 98-3851, 2000 U.S. App. LEXIS 14071 (6th Cir. June 8, 2000) (holding that the right to retained counsel of choice is not absolute, and a request for substitution of chosen counsel must be decided by balancing "the accused's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice."); *Pouncy v. Palmer*, No. 21-1811, 2025 LX 87860, at *31 (6th Cir. May 8, 2025) (same); *see also United States v. Green*, 388 F.3d 918, 921 (6th Cir. 2004) ("a court must beware that a demand for counsel may be utilized as a way to delay proceedings or trifle with the court").

The determination of whether neglect is "excusable" is "an equitable one, taking account of all relevant circumstances surrounding

the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  Courts use a five-factor test to determine if a party's neglect is excusable, and consider: (1) "the danger of prejudice" to the nonmoving party, (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay," (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party "acted in good faith." *Pioneer*, 507 U.S. at 395.  In weighing these factors, the court must keep in mind that excusable neglect is "a strict standard which is met only in extraordinary cases." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006).

The court's order, giving any retained counsel for Mr. Pouncy fourteen days to file an appearance, was filed and mailed to Mr. Pouncy on May 6, 2026.  ECF No. 545; *see also* Text Only Certificate of Service dated May 6, 2026.  The fourteen-day deadline passed on May 20, 2026, and the court accordingly issued a notice to that effect.  ECF No. 546. Mr. Milhouse's letter indicates that Mr. Pouncy only received the court's

6

original order on May 22, 2026, two days after the deadline passed.[2]

But even accepting that assertion on its face, it does not explain

excusable neglect for the considerable delay between May 22, 2026, and

the court's receipt of the letter from Mr. Milhouse by email on June 18,

2026.  Thus the third and fourth *Pioneer* factors weigh heavily against

the Defendant; according to Mr. Milhouse, Mr. Pouncy was aware of the

court's deadline on May 22, 2026; Mr. Pouncy's first move should have

been to inform the court and ask for an extension of time.  Mr. Pouncy's

handwritten filings prove that he is able to contact the court and that

mailing takes approximately five days to a week for receipt.  *See* ECF

No. 543, PageID.5801 (filed April 27, 2026, mailed April 22, 2026); ECF

No. 542, PageID.5796 (filed April 21, 2026, mailed April 16, 2026).

Defendant could also have mailed a letter to Mr. Milhouse during that

---

[2] The court has no reason to credit the statements in this letter at all.  Mr. Milhouse does not represent Mr. Pouncy and cannot offer evidence on his behalf. Ms. Grant, the person who actually sent the letter to the court, has also very likely made false statements in sworn statements to the court, and as a result has no credibility in any statements she makes to the court.  ECF No. 545, PageID.5836. Nor are the present statements offered in evidentiary format – they are essentially unsworn assertions offered by nonparties to the case.  Mr. Pouncy himself has filed nothing to corroborate these statements.  The court would not credit on its face the assertion that the order did not reach Mr. Pouncy until May 22 without evidence to that effect.  Nonetheless, the court does not need to make credibility or evidentiary determinations to resolve this issue.  Even assumed to be true, the assertions made in Mr. Milhouse's letter are insufficient to establish entitlement to relief for the reasons explained.

time, if he was experiencing difficulties contacting Mr. Milhouse by other means. The lengthy delay between May 22, 2026 and June 18, 2026 was within the Defendant's control, but he did not diligently pursue his rights in that time.

As for the risk of prejudice to the nonmoving party, Mr. Pouncy has, according to communications from pretrial services and defense counsel, refused to participate in interviews for the presentence report. From those communications and this letter, it appears that he seeks to wait until Mr. Milhouse is allowed into the case to cooperate with sentencing-related matters. Sentencing is set for July 14, 2026 in this matter. To permit Mr. Pouncy's uncooperative behavior and obstructive tactics to control the date of sentencing, while Mr. Pouncy also seeks to withdraw his plea, would prejudice the government when it seeks to enforce the terms of that plea agreement and move forward with the scheduled sentencing date in a case that has dragged on for over three years. As for the length of delay, pretrial services requires a buffer period after the time they conduct interviews for the presentence report, specifically in order to give adequate time for objections, responses, and to prepare their own response to the parties' arguments. To permit Mr.

Pouncy to retain counsel at this late date, more than a month after the court's reasonable deadline passed, would undoubtedly result in Mr. Milhouse moving to re-do the presentence report interviews, reset the objections and response period, and reset the sentencing date currently scheduled for approximately three weeks away.  All of these changes would result in considerable additional delay, and the neglect in bringing this motion is not excusable.  Finally, the court has previously explained at length the many ways Mr. Pouncy has sought to delay this case or obstruct these proceedings, and so while the court has no explanation before it for the delay here, the Defendant's pattern of obstructive behavior in this case strongly suggests an absence of good faith.  The remaining *Pioneer* factors all weigh against Defendant.

Mr. Milhouse also argues that he himself was unaware of the court's order, because he was not mailed a copy nor emailed by the court, and presumably he means that this lack of notification should excuse his lateness in contacting the court.  He is incorrect.  Mr. Milhouse withdrew his appearance of his own accord from this matter. ECF No. 466, PagelD.3693.  He was, upon withdrawing his appearance, not entitled to receive filings as a matter of course.  And if Mr. Milhouse

9

was in fact, as Mr. Pouncy alleged, in communication with Mr. Pouncy about representing Pouncy again in this matter, it was Mr. Milhouse's job to remain in close contact with Mr. Pouncy and/or monitor the docket in this case.  His failure to do so does not create the kind of extraordinary circumstances constituting excusable neglect.

Finally, the court notes that although the letter implies that Mr. Milhouse intends to file an appearance as retained counsel on Defendant's behalf, the letter never actually clearly and unequivocally states as much.  This, too, is a pattern with Mr. Milhouse's appearances (*see, e.g.* ECF No. 469, PageID.3764 n.4, ECF No. 361), and causes this court to have to determine whether Mr. Milhouse is even asserting a right to appear as retained counsel at all, or whether he in fact seeks some other relief short of appearing as retained counsel without saying so forthrightly (such as to consult with Mr. Pouncy about later appearing as retained counsel, or asserting a right to the kind of "confidential" access that the court has repeatedly expressed concerns about and has denied, *see* ECF No. 545, PageID.5829).  The court assumes, for the sake of argument, that Mr. Milhouse seeks to enter an

appearance as retained counsel, and denies that request as untimely for the reasons stated above, but notes the issue.

For all of these reasons, Mr. Milhouse's letter, construed as a motion to substitute as retained counsel, is **DENIED** with prejudice as untimely, and the court finds that he advanced no explanation constituting excusable neglect for that untimeliness.

As for the remainder of the relief requested in the letter, Mr. Milhouse is not counsel for Mr. Pouncy, and Mr. Milhouse thus lacks standing to assert any other relief on Pouncy's behalf.  On that basis the remaining requests for relief are denied as far as they are asserted by Mr. Milhouse.

**SO ORDERED**.


Date: June 22, 2026                         s/F. Kay Behm
                                            F. Kay Behm
                                            United States District Judge

# EXHIBIT A

# Harrell D. Milhouse

Attorney At Law                                                    Office: 810) 423-6678

Dear Ms. Collins,

From my understanding, Mr. Pouncy is seeking representation by my office and previously filed a motion requesting such representation. The Court entered an order directing Mr. Pouncy to take certain action within fourteen (14) days. However, the Michigan Department of Corrections did not provide Mr. Pouncy with a copy of that order until after the fourteen-day period had already expired.

Specifically, Mr. Pouncy did not receive the Court's order until May 22, 2026. The MDOC can verify the date on which he received the order as well. My office was also unaware of the Court's order; I had not received notice from the Court via mail nor e-mail.

Additionally, the Court directed the Government to file a response to Mr. Pouncy's motion to withdraw his plea and granted Mr. Pouncy seven (7) days to file a reply. Mr. Pouncy did not receive the Government's response until June 9, 2026, after much of the allotted response period had already elapsed. Again, the MDOC can verify the date of receipt.

At this point, the MDOC's actions have substantially interfered with Mr. Pouncy's ability to retain counsel and communicate with my office. My efforts to schedule telephone calls, legal visits, and other communications with Mr. Pouncy have either been ignored or denied. Similar difficulties have been experienced by Mr. Bajoka also.

Accordingly, we respectfully request the Court's guidance and intervention regarding access to Mr. Pouncy so that counsel may effectively communicate with him. Specifically, we request assistance in facilitating confidential attorney-client communications through telephone calls, in-person legal visits, virtual meetings, or any other means the Court deems appropriate.

Given that sentencing is currently scheduled for July 14, 2026, we respectfully request that the Court address this matter as soon as practicable to ensure that Mr. Pouncy's right to counsel and ability to prepare for sentencing are not further prejudiced.

Sincerely,

HARRELL D. MILHOUSE (P43392)
Attorney for Omar Rashad Pouncy

Dated: June 18, 2026

P.O. BOX 680, Flint, MI 48501