UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

D-1 OMAR RASHAD POUNCY,

Defendant.

_____/

Case No: 23-20262
Hon. F. Kay Behm
U.S. District Judge

**OPINION AND ORDER DENYING MOTION FOR
"SUBSTITUTION OF COUNSEL," CONSTRUED IN PART AS
<u>MOTION TO WITHDRAW PLEA (ECF No. 543)</u>**

Defendant Omar Pouncy went to trial before a jury of his peers on

charges related to a perjury scheme he was accused of orchestrating.

After nine days of trial, but before the jury could return a verdict,

Pouncy pleaded guilty to one count of suborning perjury.  Two weeks

later, he mailed a document to the court titled "Motion for the

Substitution of Counsel."  ECF No. 543.  In it, Pouncy argued that the

court should appoint him new counsel, because Pouncy "wishes" to file a

motion to withdraw his plea and his court-appointed defense counsel

will not adopt his arguments.  *Id.* at PageID.5800.  The court denied his

motion to substitute appointed counsel and also denied his alternative

1

argument that he be allowed to represent himself.  ECF No. 545.  The

court offered a reasonable opportunity for retained counsel to appear,

but none filed an appearance in a reasonable period of time, so

Defendant remains represented by appointed counsel.  *Id.*; *see* ECF No.

552.  However, also construing the motion in part as one to withdraw

his plea, the court ordered a response from the government and gave

Pouncy an opportunity to directly brief the issue of withdrawing his

plea.  ECF No. 545, PageID.5848; ECF No. 546, PageID.5850.  The

Government filed a response (ECF No. 550, filed and mailed to Pouncy

on May 27, 2026), but Defendant Pouncy failed to file a reply brief in a

timely manner.[1]  Pouncy did file a motion to adjourn sentencing on

---

[1] Pouncy claims that he did not receive the Government's response until June 9, 2026.  ECF No. 554, PageID.5928.  Even assuming that fact to be true, Pouncy has exceeded a reasonable time to file a reply.  Pouncy has shown that he is capable of mailing briefs to the court, and that the mail takes five days to a week to be filed with the court.  *See* ECF No. 543, PageID.5801 (filed April 27, 2026, mailed April 22, 2026); ECF No. 542, PageID.5796 (filed April 21, 2026, mailed April 16, 2026).  One took longer.  ECF No. 554, PageID.5929 (filed June 22, 2026, but entered on June 25, 2026, postmarked June 15, 2026).  Assuming Pouncy received the Government's response on June 9, 2026, and even assuming Mr. Pouncy had a full seven days to draft a reply, a brief should have arrived before June 30, 2026 (in a scenario beyond the outer limit of what is reasonable in these circumstances: that includes seven days for drafting, and fourteen days to allow for mailing).  No briefing has been received, and no other evidence suggests Mr. Pouncy has diligently attempted to timely file such a brief.  Certainly, his submission of a motion to adjourn after receiving the Government's briefing also bears on his timeliness, and weighs strongly against a finding of excusable neglect.  To the extent that *pro se* motion to adjourn can or should be construed to seek an extension

2

June 25, 2026 (the document purports to be dated June 11, 2026 – after he received the Government's response – but is postmarked June 15, 2026).  ECF No. 554, PageID.5929.  That document does not advance substantive arguments regarding withdrawal of plea, but it does clarify that Pouncy does not intend his original motion to substitute to be a complete account of his arguments to withdraw his plea.  ECF No. 554, PageID.5923 ("his motion for substitution of counsel was not intended to serve as Defendant's motion to withdraw the plea.").  Nonetheless, the document also states that "Defendant's overarching goal [is] to be able to file an effective motion to withdraw plea based on various reasons[,]" based in part on the problems identified in his motion to substitute counsel.  *See id.*[2]  Because the court has already ordered a briefing schedule regarding the arguments Pouncy made in his motion to substitute counsel, Defendant was on notice that the court expected him to brief a motion to withdraw his plea, and not withhold those arguments for some future date.  Recognizing that Mr. Pouncy has not

---

of time to submit a reply, it is denied; the court has given Mr. Pouncy a reasonable opportunity to submit his brief after receiving the Government's response.

[2] The court denied that motion to adjourn (ECF No. 554) as hybrid representation after counsel refused to adopt it (ECF No. 555), but the statements made by Mr. Pouncy in that filing are still relevant here.

3

actually brought a motion to withdraw his plea, there is no reason for the court to *sua sponte* allow him to withdraw his plea, and as far as the motion to substitute counsel has been construed by the court to include arguments in support of withdrawing his plea, it is resolved on that basis.

But in his latest filings, Pouncy also clearly indicates an intention to raise his arguments regarding an "unintelligent," "unknowing," and "defective" plea at some later date, which if left to a later date may further delay this case. Because the court has already offered Pouncy an opportunity to brief these issues, the substantive arguments are ripe for review and a review of those arguments now will assist in the speedy resolution of this matter. The court thus addresses the arguments he has presented because he has already raised them, has addressed their substance, and has had a fair opportunity to respond to the Government, and then rejects Defendant's arguments on the merits.

## I.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

In 2023, Pouncy and two co-defendants were charged with witness tampering, obstruction of justice, perjury, and suborning perjury. ECF No. 14, PageID.105–36. Throughout the pretrial proceedings, Pouncy

was represented by various court-appointed attorneys who withdrew. *See, e.g.*, ECF No. 70, PageID.317–19 (Order Granting Craig Daly's Motion to Withdraw); ECF No. 146; PageID.875–879 (Order Granting Haralambos Mihas's Motion to Withdraw). At Pouncy's request, the court next appointed Attorney Christopher Quinn to represent Pouncy, but during a motion hearing Pouncy decided to represent himself instead. ECF No. 230, PageID.1508. The court then appointed Attorney Quinn and Attorney Edward Bajoka as stand-by counsel. *Id.* at PageID.1466–1476; ECF No. 229, PageID.1459. Attorney Harrell Milhouse also filed appearances claiming various roles including "pro bono stand-by counsel," but Mr. Milhouse also withdrew. ECF No. 469, PageID.3758; ECF No. 466, PagelD.3693. During the pretrial proceedings, Pouncy filed various sealed and unsealed motions requesting substitution of stand-by attorneys or paralegal support, and he asked Attorneys Quinn and Bajoka to represent him at trial. ECF No 482; PageId.3810–14. But immediately after they stepped in as lead counsel, Pouncy again decided to proceed pro se. *Id.* Pouncy attempted to delay his trial in various ways, including motions for competency exam and by filing a frivolous notice of appeal. *See* ECF No. 480. When

those were unsuccessful, he began trial by representing himself.  The court warned Pouncy in writing that he could forfeit his right to self-representation.  ECF No. 482, PageID.3813-14.  The court again warned Pouncy clearly in person on the first day of trial proceedings during voir dire.  The court again warned Pouncy at the beginning of the second full day of trial.  ECF No. 524, PageID.4232-37.  At the end of the third day of trial, and after numerous warnings, the court found that the Pouncy deliberately engaged in serious and obstructionist misconduct and revoked his right of self-representation.  ECF No. 525, PageID.4774.  Standby counsel, Attorneys Quinn and Bajoka, took over.  *Id*.  The next morning, Pouncy threatened his attorneys in an apparent attempt to get them removed from the case.  ECF No. 526, PageID.4835–4841.  The court denied the attorneys' motions to withdraw, however, and Attorneys Quinn and Bajoka represented Pouncy during the remainder of the trial and closing arguments, and continue to represent him at this stage.  *See* ECF Nos. 545, 552.

While the jury was deliberating, Pouncy agreed to plea guilty to Count Seven (suborning perjury) pursuant to a written plea agreement.  ECF No. 532, PageID.5525–40 (Plea Agreement).  In exchange, the

government agreed to dismiss the remaining counts at sentencing. *Id.* at PageID.5526.

During the plea colloquy, Pouncy was placed under oath. ECF No. 538, PageID.5672. He said he had had no trouble reading or writing and that he had gone to high school. *Id.* The court advised Pouncy of the maximum term of imprisonment and fines. *Id.* at PageID.5673–74. Pouncy testified that he had a chance to discuss the agreement with his attorneys and was satisfied with their services. *Id.* at PageID.5675–76. He said he fully understood every paragraph of the plea agreement and confirmed that nobody had made any threats, promises, or coerced him into signing the agreement. *Id.* at PageID.5681–82.

Before Pouncy pleaded, the court advised him, that if he had "seen some guideline worksheets or proposed calculations of the guideline range, any of those estimates are not part of the plea agreement." *Id.* at PageID.5683. The court further advised, "ultimately, I, as the sentencing judge, will determine the guideline calculations and resulting guideline range at the time of sentencing." *Id.* And the court explained that it would not make any decision until the sentencing hearing. *Id.* Pouncy was given additional time to make sure he

understood the uncertainty of his future sentence with his attorneys.
*Id.* at PageID.5684. And the court then reiterated that "not even I can
tell you today what your sentence will be. No one can. Do you
understand that?" *Id.* at PageID.5685. Pouncy responded, "Yes." *Id.*

The court also explained to Pouncy:

> You will not be able to successfully argue that
> you did not understand what was happening in
> today's plea proceeding. You will not be able to
> successfully argue that you pled guilty to just get
> the case over with or because your lawyers told
> you to take the plea deal, but that you didn't --
> you shouldn't really have pled guilty. You will
> not be able to successfully argue that you did not
> realize how high your sentence could be. And you
> will not be able to successfully argue that
> although you agreed to certain terms in the plea
> agreement, that at the time of sentencing, you no
> longer agree.

*Id.* at PageID.5686.

Knowing that, Pouncy affirmed that he still wished to plead guilty
to Count Seven. *Id.* at PageID.5688. He then pleaded guilty to Count
Seven. *Id.* He said nobody was threatening him to try to make him
plea guilty. *Id.* He said it was his choice to plea guilty, and that he was
doing so of his own free will because he was guilty. *Id.* And he said
that the answers he was giving during the plea hearing were his own

answers.  *Id.*  Pouncy, while still under oath, established a factual basis for Count Seven.  *Id.* at PageID.5689–94.

The Court accepted the plea and took the plea agreement under advisement.  *Id.* at PageID.5695.  At the end of the plea hearing, the Court ordered any motions, including motions for substitution of counsel, to be filed within fourteen days.  *Id.* at PageID.5698.

On April 22, 2026, fourteen days after the plea hearing, Pouncy mailed a *pro se* motion for substitution of counsel.  ECF No. 543.  In it, Pouncy argues that the Court should appoint new counsel, because Pouncy "wishes" to file a motion to withdraw his plea.  *Id.* at PageID.5800.  Specifically, Pouncy claims that his plea was a "unknowing and unintelligent waiver of [his] right to jury trial."  *Id.* at PageID.5799.  The court denied the motion to appoint new counsel, but still outstanding are the Defendant's arguments that his plea was "unknowing and unintelligent."  ECF No. 545.

## II.   ANALYSIS

### A.   Preliminary Matters

As explained, based on the arguments that are scattered throughout the motion to substitute counsel and refer to a "defective"

9

guilty plea, the court construed Pouncy's motion as a motion in part to withdraw his plea. However, even before reaching the merits of those arguments, there are several problems, which each independently merit denying the motion so construed. The court starts with these points to clarify the posture of this order.

First and most importantly, Pouncy has not, in fact, made a clear motion to withdraw his plea. He instead makes various comments in his motion for substitution of counsel and motion to adjourn that indicate that he thinks his plea was "defective," and wants to withdraw his plea. The court is required to liberally construe his pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a document filed pro se "is to be liberally construed."). At the same time, however, Mr. Pouncy is experienced in litigating on his own behalf, and is well-aware how to title and file a motion asserting specific relief. Indeed, according to Pouncy himself in his subsequent motion to adjourn, also filed *pro se* (ECF No. 554), his motion to substitute counsel was *not* intended to serve as a motion to withdraw plea, although it presented "some" of his arguments. ECF No. 554, PageID.5923 (claiming the motion to substitute included "some" but not "all" of the arguments Pouncy

10

intends to eventual present regarding withdrawing his plea).  Pouncy has therefore not clearly filed a motion to withdraw his plea.  Wishing for a future motion to withdraw his plea to be filed or intending to do so in the future is not the same thing as actually filing the motion and asserting that relief, and Defendant clearly understands that concept.  *See* ECF No. 543, PageID.5800; ECF No. 554.  Absent an unambiguous motion from Defendant seeking to withdraw his plea, the court would not in any case *sua sponte* withdraw his plea agreement based only on construing his arguments in this way.

Second, timeliness.  After Mr. Pouncy entered his plea, the court set a 14-day deadline for any pre-sentencing motions.  Mr. Pouncy's motion to substitute counsel indicated that he believed that a motion to withdraw his plea was excluded from that deadline, which the court did not agree with.  *See* ECF No. 543, PageID.5800 (indicating he would, at some undefined future moment, file a motion to withdraw his plea).  After setting the date for sentencing, the court stated: "If there is any motions that are filed, . . . I would ask if there are any such motions, that they be filed in the next 14 days.  I don't want to get to the day before sentencing and have, you know, yet again a whole pile of stuff

11

filed the day before sentencing, or the day before the next hearing.  It just makes everything very difficult and chaotic."  ECF No. 538, PageID.5698.  The court repeated: "So if there are going to be motions, I'd like them within the next 14 days."  ECF No. 538, PageID.5699.  Those statements made clear that any and all motions regarding sentencing (the "whole pile of stuff," not just motions regarding counsel) needed to be filed within that 14-day timeframe.

The only way to find that Pouncy made arguments to withdraw his plea within the court's motion deadline is by construing his *pro se* motion to substitute counsel as one in part to withdraw his plea.  So to the extent the motion is timely, it is only timely due to the court's act of construing the motion to include arguments to withdraw his plea, and not due to any diligence on Defendant's part.  Yet in fact, Defendant's motion to substitute counsel and his subsequent motion to adjourn sentencing each indicate that at the time he filed his motion to substitute counsel, Pouncy had all of the necessary facts available to him to file a motion to withdraw his plea.  His statements indicate he is instead deliberately waiting to file that motion for some undefined future moment, necessitating adjournment of sentencing.  *See* ECF No.

554.  Pouncy further claims that his motion to substitute counsel contained "some" but not "all" of his arguments for why he should be permitted to withdraw his plea – but he has withheld those arguments thus far, even while on notice that the court expected him to brief the issues.  *See* ECF No. 554, PageID.5923; ECF No. 545.  This tactical approach reflects intentional delay, not diligence in pursuing the relief he claims to seek.[3]

Third, Pouncy is represented by counsel, who have refused to adopt his motion.  *See* ECF No. 543, PageID.5800 (counsel has declined to bring his present arguments); 555.  The court can strike or otherwise refuse to consider his motion, so construed.  *See United States v. Mosely*, 810 F.2d 93, 97-98 (6th Cir. 1987) ("whether to allow a defendant to participate in his own defense along with counsel in 'hybrid representation' is a matter  committed to the sound discretion of the trial court") (quoting citation omitted).  And so the court does, indeed,

---

[3] To the extent Defendant claims he wanted to wait to file a motion to withdraw his plea until new counsel was appointed on his behalf, the court's May 6 order (ECF No. 545) foreclosed that option and put Defendant on notice that he could and needed to file such a briefing on his own.  Defendant is presumed to have received that order by, at the latest, May 22, 2026 (ECF No. 554, PageID.5923), yet no substantive briefing has been received – even though Defendant was plainly capable of transmitting such a filing to the court.  *See* ECF No. 554 (motion to adjourn, purporting to be dated June 11, 2026 and postmarked June 15, 2026).

deny the motion so construed as an impermissible form of hybrid representation.

But the court recognizes that the choice of whether to plead guilty is one given strictly to the client, not to counsel. *Jones v. Barnes*, 463 U.S. 745, 751 (1983) ("the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal").  And the court recognizes that it has also refused to allow Mr. Pouncy to represent himself again (and thus has effectively prevented him from pursuing this argument on his own behalf).  As compared to motions addressing other topics, the particular subject matter of this *pro se* motion and unusual procedural posture of this case appear to place the filing of a motion to withdraw plea in a somewhat grey area between counsel's choice and the Defendant's.

True, filing a *motion to withdraw* a guilty plea is not quite the same thing as pleading guilty in the first instance.  While pleading guilty is solely a defendant's choice, the decision of whether to file motions is typically counsel's province.  *See, e.g.*, *United States v. Plitman*, 194 F.3d 59, 63 (2d Cir. 1999) ("defense counsel may waive on

behalf of defendant . . . strategic and tactical matters such as selective introduction of evidence, stipulations, objections, and pre-trial motions."). And courts, including this one, have accordingly refused to consider motions to withdraw a guilty plea filed *pro se* by a defendant who is represented by counsel, but who does not clearly express a desire to proceed without counsel in order to pursue that argument when counsel refuses to file the motion. *E.g. United States v. Holt*, No. 4:08-CR-8, 2009 U.S. Dist. LEXIS 37561, at *1 (M.D. Ga. May 4, 2009); *United States v. Boseman*, Case No. 21-20590, ECF Nos. 128, 132 (E.D. Mich. 2025) (Behm, J.) (where defendant requested substitution of counsel but did not seek to proceed pro se, requiring counsel to either adopt or strike Defendant's pro se motion to withdraw plea); *and compare United States v. Kimble*, No. 2:25-cr-00038, 2026 LX 230086, at *5 (E.D. Ky. May 6, 2026) (permitting Defendant to proceed pro se and then considering motion to withdraw plea on the merits). That view appears to have been adopted by some circuit courts of appeal. *See United States v. Rowe*, 143 F.4th 1318, 1324 (11th Cir. 2025) (finding no error when the district court "struck Rowe's motion to withdraw his guilty plea because it was a pro se motion that Rowe filed while

15

represented by counsel"); *United States v. Risby*, Nos. 23-11226, 24-10101, 2025 LX 213479, at *2 (5th Cir. Feb. 10, 2025) ("the district court did not abuse its discretion by declining to consider Risby's pro se motion to withdraw his guilty plea."); *United States v. Ramirez*, 389 F. App'x 535, 537 (7th Cir. 2010) (noting the defendant had no right to file a *pro se* motion to withdraw guilty plea while represented by counsel).  On the other hand, one could easily view the decision to rescind a guilty plea as just the inverse of entering a plea agreement, and there may not be any sound reason to treat one as counsel's decision, and the other as the defendant's.  *See Fiorito v. United States*, 821 F.3d 999, 1004 (8th Cir. 2016) (treating a defendant's motion withdraw his guilty plea as a "fundamental" decision that the defendant, not counsel, maintained the "ultimate authority to make"); *see also, e.g.*, *United States v. Poupart*, 565 F. App'x 53, 55 (2d Cir. 2014) ("the district court allowed Poupart leave to file a motion to withdraw his guilty plea pro se."); *United States v. Baker*, No. 21-3159, 2022 U.S. App. LEXIS 9315, at *6 (6th Cir. Apr. 5, 2022) ("The district court struck the pro se motion, noting that Baker was still represented by counsel and that hybrid representation was prohibited.  Twenty-one

days later, Baker filed another pro se motion to withdraw his guilty plea on the same grounds.  This time, the court accepted the motion and held a four-day evidentiary hearing").  While not directly addressing this grey area, some district courts have addressed both the hybrid representation issue and the merits.  *E.g. United States v. Mack*, No. 22-262, 2026 LX 56813, at \*5 (E.D. Pa. Feb. 3, 2026) (denying a *pro se* motion to withdraw plea as both an impermissible form of hybrid representation and on the merits); *United States v. Hasan*, No. 1:15CR188, 2016 U.S. Dist. LEXIS 92113, at \*5 (N.D. Ohio July 15, 2016) (same).  In the ordinary course, on a motion to withdraw plea this court would follow the first approach, and allow a defendant to decide whether to proceed *pro se* and pursue their own arguments regarding plea withdrawal, or to accept the services of counsel and proceed only under the arguments that counsel agrees can be brought in good faith. But here, the court has terminated Defendant's right of self-representation, and so the Defendant does not have the option – that he has clearly attempted to invoke – of generally pursuing his arguments regarding plea withdrawal on his own.  So out of an abundance of

17

caution, the court takes the third approach, and also addresses the

merits of the Defendant's *pro se* motion to withdraw plea.[4]

### B.    Hearing

---

[4] A *Faretta* procedure was not required in this hybrid posture and in the particular circumstances of this case to address his *pro se* arguments.  "*Faretta* procedures are only required when a defendant has clearly and unequivocally asserted his right to proceed pro se," but here, the court is not permitting Defendant to proceed *pro se* except in this very limited capacity and as a form of "hybrid" representation.  *See United States v. Cromer*, 389 F.3d 662, 682 (6th Cir. 2004).  Circumstances involving "hybrid" representation, where a defendant merely supplements counsel's representation rather than supplants it entirely, do not invoke the right of self-representation and attendant constitutional protections.  *See id.*; *Childress v. Booker*, No. 14-1676, 2015 U.S. App. LEXIS 11015, at *3 (6th Cir. June 19, 2015) ("The Supreme Court has never held that a defendant must be warned of the risks of self-representation before proceeding with hybrid representation.  Nor have we."). But even if some warning were necessary or required in this situation, the court has repeatedly offered such warnings in this case, and Pouncy has on many occasions validly waived the right to counsel in this matter.  Once a defendant has validly waived the right to counsel, a district court is not obligated to inquire again about the sufficiency of the defendant's waiver unless the defendant himself revokes it or there is a "substantial change in circumstances" that suggests the court should revisit the waiver issue.  *United States v. McBride*, 362 F.3d 360, 367 (6th Cir. 2004) (citation omitted).  Even though *the court* has involuntarily revoked Defendant's right to represent himself generally, Defendant has not revoked his waiver, there has been no substantial change in Defendant's circumstances that would suggest that his attempt to re-invoke his waiver of counsel is not intelligent, knowing, and voluntary.  *See id.*; *Arnold v. United States*, 414 F.2d 1056, 1059 (9th Cir. 1969) ("A competent election by the defendant to represent himself and to decline the assistance of counsel once made before the court carries forward through all further proceedings in that case.").  Finally, again, Pouncy has not actually filed a *pro se* motion to withdraw his plea – the court is addressing the merits of the arguments he presented in a different posture, in a motion to substitute counsel, which itself did not require a *Faretta* procedure to address.  *See United States v. Riley*, 155 F.4th 787, 795 (6th Cir. 2025) ("A defendant's assertions that he is dissatisfied with his counsel or is not properly represented, *and his explanations for such assertions*, do not constitute hybrid representation.") (emphasis added).

"After a defendant files a motion to withdraw through his attorney, the district court judge decides whether to conduct an evidentiary hearing to evaluate the merits of the defendant's motion." *United States v. Clark*, 172 F.4th 940, 943 (6th Cir. 2026) (citing *United States v. Woods*, 554 F.3d 611, 613 (6th Cir. 2009) (quotation marks omitted)).  "[A] defendant may be entitled to an evidentiary hearing on a presentence motion to withdraw if there are factual matters at issue which bear directly on the controversy."  *United States v. Triplett*, 828 F.2d 1195, 1198 (6th Cir. 1987).  But "[t]he defendant is not entitled to an evidentiary hearing or the withdrawal of her plea as a matter of right; both are within the wide discretion of the district court," and both are reviewed for abuse of discretion.  *Woods*, 554 F.3d at 613 (citing *Triplett*, 828 F.2d at 1197-99).

*Triplett* and *Woods* are each instructive here.  *Triplett* held that the defendant was not entitled to a hearing on his motion to withdraw because he did not proffer factual issues warranting relief, he did not request a hearing, and the knowing and voluntariness of his plea was adequately established by the plea colloquy transcript and plea negotiation documents.  828 F.2d at 1198-99.  A hearing was also found

19

not to be warranted in *Woods* because the defendant "never made a clear and unequivocal expression of her desire to withdraw her plea." 554 F.3d at 614. Woods also never filed a motion to withdraw, and never requested a hearing. *Id.*; *see also Clark*, 172 F.4th at 943 (6th Cir. 2026) (relying on both *Triplett* and *Woods*).

Here, Defendant Pouncy has not made a clear and unequivocal expression of a desire to withdraw his plea. *See Woods*, 554 F.3d at 614. He has not requested a hearing on that issue or filed a motion clearly addressing that issue. *See id.* at 613. Pouncy instead filed a unequivocal motion only as to substitution of counsel, which the court resolved without a hearing, and then a motion to adjourn sentencing which again declined to press the plea withdrawal issue on its merits. Second, as explained below, the knowing and intelligence of Pouncy's plea was adequately established by the plea colloquy transcript. *Triplett*, 828 F.2d at 1199. Finally, the factual issues he proffers, even assumed to be true, do not warrant relief for the reasons explained in the following sections. *See id.* Therefore, an evidentiary hearing is not necessary to hold in this matter.

### C. Merits

On the merits, Pouncy's arguments for withdrawing his plea are as follows. First, he argues that he was misled by counsel regarding his guidelines calculation. ECF No. 543, PageID.5797-800. Second, he says he was never informed what the guideline is for the fine associated with his offense. Third, he says counsel misled him as to how many elements are in a reliance on counsel defense. Fourth, he says counsel told him they would not object to portions of a government witness' testimony, and that led to his plea. And finally, he says counsel did not interview any of his witnesses, and so their advice for him to plea was defective. *Id.* All are without merit, so even if Mr. Pouncy had brought a timely, properly presented motion – and more to the point, if he belatedly brings these arguments again in the future – his arguments do not entitle him to withdraw his plea.

After the Court accepts a guilty plea, a defendant does not have an absolute right to withdraw it. "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." *United States v. Ellis*, 470 F.3d 275, 280–81 (6th Cir. 2006). "The withdrawal of a guilty plea is inherently

21

in derogation of the public interest in finality and the orderly administration of justice." *Id.* (citations omitted).

Nonetheless, Federal Rule of Criminal Procedure 11 allows for withdrawal of a voluntarily entered guilty plea before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In weighing whether a defendant has articulated a "fair and just reason" for withdrawing a plea, the district court assesses the following nonexhaustive factors: (1) the amount of time that elapsed between the plea and the motion to withdraw; (2) the presence of a valid reason for failure to move earlier; (3) whether the defendant asserted or maintained innocence; (4) the circumstances underlying entry of the guilty plea; (5) the defendant's nature and background; (6) the defendant's degree of prior experience with the criminal justice system; and (7) potential prejudice to the government if the court granted the motion. *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008); *United States v. Carson*, 32 F.4th 615, 623 (6th Cir. 2022). No one factor controls; the list is general and nonexclusive. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). Rule 11(d) allows for a "hastily entered plea made with

22

unsure heart and confused mind to be undone," but it does not permit a defendant "to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007) (citation omitted).  Defendants may also attack their plea as invalid in that it was not voluntary, knowing, or intelligent.  *See Brady v. United States*, 397 U.S. 742, 748 (1970); *see also United States v. Ellis*, 115 F.4th 497, 501 (6th Cir. 2024); *United States v. Shetty*, No. 24-1726, 2026 LX 103799, at *8 (6th Cir. Mar. 11, 2026).  None of the factors, nor any other aspect of Pouncy's plea agreement, supports permitting Pouncy to withdraw his plea.

### a.    Validity of Defendant's Guilty Plea

Start with Pouncy's arguments that his plea was invalid because it was "unknowing" and "unintelligent," or otherwise "defective."  ECF No. 543, PageID.5797.  Pouncy's first two arguments relate to his alleged unawareness of his potential sentencing exposure, including a possible fine, and that he was allegedly told by counsel an inaccurate guideline range.  The plea and colloquy themselves demonstrate that Defendant's allegations are without merit.  *See United States v. Pitts*,

997 F.3d 688, 701 (6th Cir. 2021).  Pouncy testified under oath that he was satisfied with his attorneys, and that he understood the potential penalties of Count Seven.  ECF No. 538, PageID.5673–88.  Pouncy knew that the Court would ultimately determine the guideline range, and that he was not guaranteed any particular sentence.  *Id.* at PageID.5683.  The Sixth Circuit has repeatedly found that to be sufficient.  *See e.g., United States v. Hodge*, 259 F.3d 549, 554 (6th Cir. 2001); *United States v. Stephens*, 906 F.2d 251, 253 (6th Cir. 1990).  To the extent that Pouncy argues that he was told some other guideline range by counsel (ECF No. 543, PageID.5798), whether that is true is irrelevant.  Even assuming that it is true, the court clarified during the plea colloquy that no guideline range could be promised.  ECF No. 538, PageID.5683 (stating to Defendant: "[I]f you have seen some guideline worksheets or proposed calculations on the guideline range, any of those estimates are not part of the plea agreement.").  These warnings cured any incorrect prior statement Defendant may have received.  *See Stephens*, 906 F.2d at 253 ("the mere fact that an attorney incorrectly estimates the sentence a defendant is likely to receive is not a 'fair and just' reason to allow withdrawal of a plea agreement"); *Ramos v. Rogers*,

24

170 F.3d 560, 565 (6th Cir. 1999) (a "proper colloquy can be said to have cured any misunderstanding [a defendant] may have had about the consequences of his plea"); *United States v. Miller*, No. 23-5270, 2025 WL 459648, 2025 LX 153991 at \*26 (6th Cir. Feb. 11, 2025); *cf. United States v. Carson*, 32 F.4th 615, 622 (6th Cir. 2022) (holding, in an ineffective-assistance-of-counsel claim, that "[w]hen an attorney erroneously promises a certain sentencing outcome, a defendant cannot show prejudice if he was accurately advised during the plea colloquy"). It is also relevant to Pouncy's claimed dissatisfaction with counsel that at the time Pouncy entered his plea, which was after closing arguments, he testified that he was satisfied with his counsel.  *Id.*, PageID.5675–76. "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies."  *Lee v. United States*, 582 U.S. 357, 369 (2017).

The same goes for Pouncy's allegation, which for the sake of argument the court assumes to be true, that he was never informed by counsel of the possible fine associated with his guilty plea.  ECF No. 543, PageID.5798.  That does not make his plea unknowing, unintelligent, or involuntary because the plea agreement and colloquy

25

each addressed this point, and the court ensured that Pouncy was aware of the potential maximum penalties, including a fine. ECF No. 538, PageID.5664, 5669, 5674; *United States v. Stephens*, 906 F.2d 251, 253 (6th Cir. 1990). Pouncy thus was aware of his "sentencing exposure" prior to pleading guilty. *See Gilbert v. United States*, 64 F.4th 763, 771 (6th Cir. 2023). Although the plea colloquy cured any of the deficiencies Pouncy alleges, the court also notes that "nothing in the record corroborates" Pouncy's account of his lawyer's advice. *See Shetty*, 2026 LX 103799, at *17.

Next, Pouncy claims that his attorney told him there were three elements to a reliance-on-counsel defense, when there are two such elements. ECF No. 543, PageID.5798. A reliance-on-counsel defense is "an affirmative defense in which a defendant says he didn't have the intent to do the unlawful act because he followed the advice of counsel in good faith." *United States v. Householder*, 137 F.4th 454, 487 (6th Cir. 2025). The elements of a reliance-on-counsel defense merely establish entitlement to that defense as a whole. *See id.* Even if the court assumes that that Pouncy's attorneys told him there were three elements to the reliance-on-counsel defense, the point is irrelevant

26

because Pouncy admitted he had the requisite intent for subornation of perjury as part of his guilty plea, when he pleaded that he acted "willfully" when he "procured a witness to commit perjury."  ECF No. 538, PageID.5689.  That negated the factual basis for that defense, whatever the elements.

In any event, "the mere assertion of a potentially viable defense, without more, is insufficient to warrant withdrawal of a guilty plea." *United States v. Baker*, 578 F. App'x 567, 573 (6th Cir. 2014) (citing *United States v. Mader,* 251 F.3d 1099, 1106 n. 10 (6th Cir. 2001) (affirming district court's denial of defendant's motion to withdraw plea where the defendant "did not deny that he committed acts sufficient ... to serve as the factual basis for his guilty plea") (superseded on other grounds by *United States v. Mendez–Santana,* 645 F.3d 822 (6th Cir. 2011)).  Pouncy does not now assert that he did not commit the acts the pleaded guilty to or deny the factual basis for the plea.

Pouncy's last two allegations relate to his attorneys' performance at trial.  Pouncy claims they failed to correct or object to alleged perjury and failed to interview witnesses.  But Pouncy did not even attempt, in his motion or in a reply, to show that these allegations amount to

ineffective assistance or that they made his plea "unknowing or unintelligent."  Because Pouncy pleaded guilty after the conclusion of trial and while the jury was deliberating, Pouncy was aware of all of the facts he asserts when he chose to plead guilty.  He cannot now claim that these are new facts, previously unknown to him, justifying relief.  *See United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) ("[W]here a defendant is aware of the condition or reason for a plea withdrawal, at the time the guilty plea is entered, a case for withdrawal is weaker.").  Specifically as to testifying witnesses, Pouncy knew how each had testified or were likely to testify in the future.  As for his argument that counsel did not interview other of his preferred witnesses, he has made that particular complaint before, on several occasions, and the court has rejected his arguments on several different grounds – including that Pouncy failed to timely advance those arguments, failed to properly seek investigative services to interview witnesses while he represented himself, and had the opportunity to interview witnesses himself.  *See, e.g.*, ECF Nos. 339, 451.  So even taking him at his word that these other potential witnesses may possess material and favorable testimony, their existence and the reasons they

were not called to testify is simply one more circumstance Defendant was well aware of at the time he chose to plead guilty. The continued existence of these witnesses does not make his plea unintelligent or unknowing, and is not a fair and just reason to allow him to withdraw his plea. *Spencer*, 836 F.2d at 239; *United States v. Mayweather*, 634 F.3d 498, 506 (9th Cir. 2010) (holding "circumstances known to a defendant at the time of the guilty plea" do not justify withdrawal of the plea). And again, at the time of the plea colloquy—after all the evidence was presented and after closing statements— Pouncy testified that he was satisfied with his attorneys' performance. The court does not and would not credit his post-hoc statements to the contrary.

None of Pouncy's arguments establish that his plea was unintelligent, unknowing, or involuntary, and none establish a fair and just reason to allow him to withdraw his plea.

### b.    Factors Regarding Fair and Just Reasons to Withdraw Plea

With Pouncy's arguments addressed, the court turns to the factors articulated by the Sixth Circuit, and starts with the first two: timeliness and the reason for delay. As explained above, Mr. Pouncy

29

has not actually moved to withdraw his plea, although he (according to his motion to substitute counsel and motion to adjourn) has in his possession all relevant facts that would enable him to file an unambiguous motion to withdraw his plea. *See* ECF Nos. 543, 554. So each of the timeliness factors (the first and second) weigh against Defendant; all indications available to the court are that Pouncy is deliberately resting on the available facts with the tactical intention of waiting until some later date to make his arguments. That suggests intentional delay, not diligence. The first two factors will thus also weigh very heavily against Defendant should he attempt to bring up substantive arguments to withdraw his plea after entry of this order, up to, including, and after the scheduled sentencing date; the court has already offered him two clear opportunities to make his arguments, but he has not done so. *See* ECF No. 538, PageID.5698-99; ECF No. 545, PageID.5848; ECF No. 546, PageID.5850.

As to the third factor, Pouncy has not asserted innocence of the count he pleaded guilty to. In Pouncy's motion for substitute counsel and in his motion to adjourn, he never claims that he was or is innocent

of suborning perjury as charged in Count Seven. This factor weighs heavily against Defendant.

As to the fourth factor, there are no remarkable circumstances surrounding the entry of his plea. The circumstances instead weigh against him; Pouncy's plea agreement and colloquy made clear that the guideline range would be calculated at a later date and that it would be determined by the court, not his attorneys and not by any estimate he was given. It also makes clear that he could not later withdraw his plea "if he disagrees, in any way, with the guideline range determined by the Court[.]" ECF No. 532, PageID.5533.

As to the fifth and sixth factors, although the Defendant is frequently obstructive or alleges mental distress from the fact of his incarceration, Pouncy is a relatively sophisticated litigant with significant familiarity with the criminal justice system. From his own cases, he has fairly substantial experience filing briefs in federal court and arguing his case before the court, and previously represented himself in state court for his underlying carjacking convictions. These suffice to assure the court that he readily comprehends these proceedings and has extensive experience with the criminal justice

31

system. Pouncy also testified at trial that he worked as a paralegal. ECF No. 528, PageID.5467–71. The record demonstrates that Pouncy understood the plea process and the consequences that would follow from that plea. These factors also weigh heavily against allowing him to withdraw his plea.

As to the final factor, "the government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987). Pouncy has not established any fair and just reason for withdrawing his plea, but in any event, Pouncy's conduct throughout this case has evinced an intent to delay by any means necessary; further unnecessary and intentional delay caused by the Defendant's obstreperous conduct prejudices the Government in the prosecution of its case, and this factor does not support permitting him to withdraw his plea. The Sixth Circuit has also previously recognized prejudice based on "the amount of time and effort it would take to restart a trial" and "the possibility that … witnesses 'would be less willing to cooperate in a future trial.'" *Miller*, 2025 WL 459648, at *6 (6th Cir. Feb. 11,

32

2025) (quoting *United States v. Martin*, 668 F.3d 787, 796 (6th Cir. 2012) and *United States v. Mendoza-Almendarez*, 437 F. App'x 394, 399 (6th Cir. 2011)). The prejudice to the government here would be similar to the prejudice found in *Miller*.

The court concludes by noting that it is entirely possible, based on Pouncy's quick about-face and request to adjourn sentencing based on him "intending" to file a motion to withdraw plea, that Defendant intended his entry of a guilty plea, and subsequent withdrawal of that plea, to be one more delay tactic in a long line of them. The entry of a guilty plea, however, is no mere gesture, no mere formality, but a "grave and solemn act." *United States v. Evans*, 406 F. App'x 946, 951 (6th Cir. 2011) (citing *United States v. Hyde*, 520 U.S. 670, 677 (1997)). Whether Defendant may have treated the decision tactically does not impact the decision's validity. Defendant's decision to plead guilty was knowing, intelligent, and voluntary. He has presented no fair and just reason to withdraw his plea.

## III. CONCLUSION

Defendant's motion to substitute counsel is **DENIED** in full for all of the reasons stated in ECF No. 545, and because Defendant has

33

disclaimed that he intended it to be construed as a motion to withdraw his plea (ECF No. 554, PageID.5923).  Nonetheless, far as the document can be liberally construed to present arguments to withdraw his plea, it is **DENIED** for the reasons explained above.

       **SO ORDERED**.

Date: July 6, 2026                    <u>s/F. Kay Behm</u>
                                                  F. Kay Behm
                                                    United States District Judge